**RESHMA KAMATH**

700 El Camino Real, Suite 120, #1084

Menlo Park, California 94025, United States

Ph.: 650 257 0719, E.: reshmakamath2021@gmail.com

*Plaintiff, In propria persona*

## UNITED STATES DISTRICT COURT OF CALIFORNIA
## SOUTHERN DIVISION

| | |
|---|---|
| RESHMA KAMATH, D/B/A LAW OFFICE OF RESHMA KAMATH, an individual,<br>　　　　　Plaintiff, | Case No.: 8:23-cv-2193 |
| | |
| v. | RESHMA KAMATH'S COMPLAINT FOR DAMAGES: |
| | I.　　NEGLIGENCE<br>II.　　NEGLIGENT HIRING<br>III.　　42 U.S.C 1983 RACIAL AND GENDER DISCRIMINATION<br>IV.　　CALIFORNIA GOVERNMENT CODE § 8315 |
| JUDITH ASHMANN-GERST, MARIE E. STRATTON, MELISSA REAL, ELWOOD LIU, APPELLATE COURT DIVISION TWO; STATE BAR OF CALIFORNIA, YAEL TOBI, JEFFREY BROWN, COBURN AND THOMPSON LP, JEFFREY CZECH, and, DOES 1-10, *INCLUSIVE*,<br>　　　　　Defendants. | DEMAND FOR JURY TRIAL. |

　　　*TO THE HONORABLE COURT, ALL PARTIES, AND ATTORNEYS OF RECORD, HEREIN:*

*COMPLAINT*

## INTRODUCTION

1. Racism is prejudice, discrimination, or antagonism by an individual, community, or institution against a person or people on the basis of their membership in a particular racial or ethnic group, typically one that is a minority or marginalized.

2. The California and American Bar Association Model Rules of Professional Conduct, Code of Ethics, and conduct for attorneys and judiciary alike prohibit racism and gender discrimination at any and all levels.

3. Plaintiff RESHMA KAMATH d/b/a LAW OFFICE OF RESHMA KAMATH complains and alleges the factual incidents against the Defendants JUDITH ASHMANN-GERST; ELWOOD LIU; MARIE E. STRATTON; MELISSA REAL; THE APPELLATE COURT DIVISION TWO; THE STATE BAR OF CALIFORNIA; YAEL TOBI; JEFFREY BROWN; COBURN AND THOMPSON LP; JEFFREY CZECH; and, DOES 1-10, INCLUSIVE.

4. The group-think and mob-behavior of Defendants JUDITH ASHMANN-GERST; ELWOOD LIU; MARIE E. STRATTON; MELISSA REAL; THE APPELLATE COURT DIVISION TWO; THE STATE BAR OF CALIFORNIA; YAEL TOBI; JEFFREY BROWN; COBURN AND THOMPSON LP; JEFFREY CZECH; and, DOES 1-10, INCLUSIVE must be prohibited.

5. No amount of absolute immunity and/or litigation privilege can help conceal and/or hide racial/gender bias, discrimination, and prejudice from Defendants against those such as Plaintiff Reshma Kamath marginalized in the legal profession, and minorities in the United States.

6. After harassing African-American over two-hundred years; and, Latin-Americans and East-Asian-Americans for over a hundred years, now the time is ripe to take attacks on Indians, and Indian-Americans. It is even more so when Indian women who have to face misogyny in their own culture/ethnic groups have to face that elsewhere with White persons in California courts as well.

## **FACTUAL ALLEGATIONS**

7. Plaintiff RESHMA KAMATH, a natural person, doing business as LAW OFFICE OF RESHMA KAMATH is a lawyer licensed with the STATE BAR OF CALIFORNIA; and is in good standing.

8. Plaintiff RESHMA KAMATH, a natural person, a female counsel doing business as LAW OFFICE OF RESHMA KAMATH. Plaintiff is a sole practitioner with a thriving clientele, as well as in working for other attorneys licensed in California making special appearances. [hereinafter, "PLAINTIFF RESHMA KAMATH."]

9. Defendant ELWOOD LIU, in his personal capacity as well as an appellate justice, has displayed racial discrimination and misogyny towards Plaintiff

RESHMA KAMATH.

10. Defendant JUDITH ASHMANN-GERST, in her personal capacity as well as an appellate justice, has displayed racial discrimination and misogyny towards Plaintiff RESHMA KAMATH.

11. Defendant MARIE E. STRATTON, in his personal capacity as well as an appellate justice, has displayed racial discrimination and misogyny towards Plaintiff RESHMA KAMATH.

12. Defendant MELISSA REAL, in her personal capacity as well as a clerk, has displayed racial discrimination and misogyny towards Plaintiff RESHMA KAMATH.

13. Defendant JEFFREY CZECH, in his personal capacity as well as a lawyer, has displayed racial discrimination and misogyny towards Plaintiff RESHMA KAMATH.

14. Defendant JEFFREY BROWN, in his personal capacity as well as a lawyer, has displayed racial discrimination and misogyny towards Plaintiff RESHMA KAMATH.

15. Defendant YAEL TOBI, in her personal capacity as well as a lawyer, has displayed racial discrimination and misogyny towards Plaintiff RESHMA KAMATH.

16. Defendant COBURN AND THOMPSON LP has had attorneys who display racial discrimination and misogyny towards Plaintiff RESHMA KAMATH.

COMPLAINT

17. Each of the above were negligent in their professional as well as personal capacities towards Plaintiff RESHMA KAMATH.

18. Each of the above-stated Defendants, as well as the DEFENDANT APPELLATE COURT, SECOND DIVISION, and STATE BAR OF CALIFORNIA, has demonstrated racism and gender discrimination in their practices, conduct, and lack thereof that is in the absence of clear jurisdiction.

19. The DEFENDANTS have pro-WHITE practices that are invidious with clear intent to discriminate.

20. DEFENDANT APPELLATE COURT, SECOND DIVISION, was negligent in its hiring practices, such as hiring a notary with no legal experience, and/or training, specifically DEFENDANT MELISSA REAL.

21. It is undisputed that DEFENDANT MELISSA REAL, who is a non-attorney, and non-Juris Doctor, provided legal advice, cut-and-paste code, made *ex-parte* communication unilaterally with PLAINTIFF RESHMA KAMATH.

22. DEFENDANT MELISSA REAL constantly rejected filings from Plaintiff RESHMA KAMATH.

23. DEFENDANT MELISSA REAL's purpose was cheap trickery to wield her abusive authority as a law clerk who has overpowered appellate justices in their decision-making and perceptions of lawyers.

24. It is further undisputed that DEFENDANT MELISSA REAL, who is a non-attorney, and non-Juris Doctor, would purposely and invidiously "reject"

filings that were timely and proper based on an arbitrary and capricious basis.

25. For example, DEFENDANT MELISSA REAL caused a timely filing from October 16, 2023 from Plaintiff RESHMA KAMATH not to appear on the public docket.

26. DEFENDANT MELISSA REAL made up an arbitrary and capricious reason – not grounded in code, statute, rule, and/or case law – making up her own reasons why she "rejected" the filing as a filing clerk.

27. That timely filing on October 16, 2023, from Plaintiff Reshma Kamath was to request thirty minutes (30 minutes) of argument for Appellant/client of Plaintiff Reshma Kamath.

28. The next day, DEFENDANT MELISSA REAL, accepted the White Attorneys' filing on October 17, 2023.

29. For example, within four minutes of the 12:49 P.M. PT e-mail from PLAINTIFF RESHMA KAMATH, DEFENDANT MELISSA REAL rejected the timely filing on October 16, 2023. The rejections from DEFENDANT MELISSA REAL came at 12:53 p.m. PT.

30. Another example of DEFENDANT MELISSA REAL was that she did not enter default for over twenty days for a White attorney. From June 8, 2023 to June 28, 2023, DEFENDANT MELISSA REAL was fully aware that the White Attorney, Yael Tobi, did not file her Respondent's Brief.

31. There are plenty more examples discoverable that DEFENDANT MELISSA

REAL has demonstrated in her racial bias towards Indians.

32. Whether DEFENDANT MELISSA REAL identifies as White-American, and/or Latin-American, DEFENDANT MELISSA REAL is clearly biased towards Plaintiff RESHMA KAMATH, because the latter is Indian, and non-White.

33. It is further undisputed that DEFENDANT MELISSA REAL, who is a non-attorney, and non-Juris Doctor, would circumvent the Code/law and would not send default notices to White/Caucasian attorneys, such as Yael Tobi offering them over twenty days.

34. Yet, DEFENDANT MELISSA REAL, who is a non-attorney, and non-Juris Doctor, would do exactly the opposite rejecting and making up excuses that the court stated so with PLAINTIFF RESHMA KAMATH.

35. The rejections and unilateral grant of free weeks to White attorneys to the discrimination of Indian counsel, RESHMA KAMATH shows the arbitrary and capricious racism and gender discrimination toward RESHMA KAMATH.

36. DEFENDANT ELWOOD LIU has supported DEFENDANT MELISSA REAL in this behavior.

37. DEFENDANT ELWOOD LIU, as many people of color, and East-Asian ethno-demographic individuals, usually support White/Caucasian attorneys.

38. DEFENDANT ELWOOD LIU called PLAINTIFF RESHMA KAMATH "dense" to DEFENDANT MELISSA REAL who is a non-attorney, and non-

COMPLAINT

Juris Doctor; and the DEFENDANTS started laughing.

39. It is undisputed that DEFENDANT ELWOOD LIU, in writing, called Plaintiff RESHMA KAMATH **"SLOW" "DELAYED"** while Plaintiff RESHMA KAMATH sough an extension of time in a properly-filed application for extension of time.

40. The words, in writing, **"SLOW" "DELAYED"** appear nowhere in the code/rule section in the appellate court granting/denying an application extension.

41. DEFENDANT ELWOOD LIU has demonstrated arbitrary and capricious racial and gender discrimination toward Plaintiff and counsel RESHMA KAMATH in him using words towards RESHMA KAMATH as **"SLOW" "DELAYED."**

42. DEFENDANT ELWOOD LIU has **DEFAMED** Plaintiff RESHMA KAMATH in falsely stating RESHMA KAMATH as **"SLOW" "DELAYED" in writing.** This is personal and professional **LIBEL**.

43. DEFENDANT ELWOOD LIU has **DEFAMED** Plaintiff RESHMA KAMATH that she was taking a **"vacation"** during an appellate filing when no such thing occurred.

44. DEFENDANT ELWOOD LIU has **DEFAMED** Plaintiff RESHMA KAMATH in falsely stating Plaintiff RESHMA KAMATH taking a **"vacation"** during an appellate filing in speech. This is personal and

professional **SLANDER.**

45. DEFENDANT ELWOOD LIU used the words "INSULTING, INFLAMMATORY, UNFOUNDED" not grounded in code and statute to describe objective conduct of Plaintiff RESHMA KAMATH.

46. DEFENDANT ELWOOD LIU has **violated the PRIVACY** of Plaintiff RESHMA KAMATH in disclosing Plaintiff's personal information to strangers and causing opposing attorney to place that information on the appellate docket publicly.

47. DEFENDANT ELWOOD LIU has with clear absence of jurisdiction circumventing the code and law favored WHITE ATTORNEYS, in a discriminatory, arbitrary, and capricious manner against Plaintiff RESHMA KAMATH, who is INDIAN.

48. DEFENDANT ELWOOD LIU has with clear absence of jurisdiction *ultra vires* has not name-called WHITE ATTORNEYS when those WHITE ATTORNEYS circumvent the law and code.

49. DEFENDANT ELWOOD LIU has *pretextually* used the law and code to promote her PRO-WHITE BIAS, and arbitrarily and capriciously discriminated against INDIANS and tanner/darker-toned attorneys.

50. DEFENDANT ELWOOD LIU has *pretextually* used the law and code to demonstrate COLORISM.

51. DEFENDANT ASHMANN-GERST has riled up as a White woman – as they

usually do – both White men, and men of color, in DEFENDANT ASHMANN GERST's wild accusations of people of color.

52. DEFENDANT ASHMANN GERST, as a White woman, got DEFENDANT ELWOOD-LIU, and another White guy, HOFFSTADT, to rally in on her *White mob-mentality* with JUDGE MARIE E. STRATTON.

53. DEFENDANT ASHMANN-GERST has used words like "conspiracies" in describing Plaintiff RESHMA KAMATH.

54. DEFENDANT ASHMANN-GERST did not afford Plaintiff RESHMA KAMATH her due process right under the Fifth Amendment of the United States Constitution.

55. DEFENDANT ASHMANN-GERST may boast that she interviewed an African-American judge once, but that does not mean DEFENDANT ASHMANN-GERST is puritanical.

56. DEFENDANT ASHMANN-GERST can be invidiously racist to Indians. DEFENDANT ASHMANN-GERST was racist to PLAINTIFF RESHMA KAMATH.

57. DEFENDANT ASHMANN-GERST took the same three-person trio of DEFENDANT ELWOOD LIU and associate justice BRIAN M. HOFFSTADT

58. DEFENDANT MARIE E. STRATTON is racist, because she took language from DEFENDANT ELWOOD LIU not grounded in code, such as "INSULTING, INFLAMMATORY, UNFOUNDED" from a completely

different case, and injected her racial bias and prejudice to Plaintiff RESHMA KAMATH in an unrelated one. The words from DEFENDANT ELWOOD LIU that DEFENDANT MARIE E. STRATTON used are VERBATIM in two different cases from two different judges – neither grounded in any code language, where one DEFENDANT ELWOOD LIU uses it and DEFENDANT MARIE STRATTON follows suit.

59. DEFENDANT MARIE E. STRATTON cited based on her revengeful, racist and demeaning attitude to Plaintiff RESHMA KAMATH, purely because DEFENDANT MARIE E. STRATTON is biased towards Indians.

60. DEFENDANT MARIE E. STRATTON who has statements about mental health in her bio must check whether her own mental health in promoting White attorneys and individuals who need much help in American society.

61. gathering up support from subordinate justices such as Victor Viramonte and Elizabeth Grimes.

62. DEFENDANT MARIE E. STRATTON and DEFENDANT ASHMANN-GERST cannot stand another woman of color sole practitioner thrive, because their pro-White attitude won't comport with this kind of promotion of women of color without their White boys.

63. DEFENDANT MARIE E. STRATTON and DEFENDANT ASHMANN-GERST are in the cohort of wives, mothers, and grand-mothers, whose sons and grandsons are picking up guns in America and shooting innocent people of

color, and people in general without thinking.

64. It is sad that Plaintiff RESHMA KAMATH has to deal with such small-minded, bigots, such as DEFENDANT MARIE E. STRATTON and DEFENDANT ASHMANN-GERST.

65. DEFENDANT MARIE E. STRATTON and DEFENDANT ASHMANN-GERST know that White men, and men of color will do anything they state; and thus, they wield their power based on their skin color, ethnic and racial background. They rallied in DEFENDANT ELWOOD LIU, BRIAN M. HOFFSTADT, VICTOR VIRAMONTE, and ELIZABETH GRIMES in their racist outcry.

66. It is undisputed DEFENDANT MARIE E. STRATTON and DEFENDANT ASHMANN-GERST are biased towards Indians.

67. DEFENDANT BARBARA A. MEIERS demonstrated her racism for over a year constantly berating PLAINTIFF RESHMA KAMATH – acting extremely abusive and demeaning – causing White attorneys extremely latitude. Even protecting the White attorneys such as Anthony McClaren and White Litigants such as Sandra Wolfe, and Ryan Eric Born.

68. DEFENDANTS YAEL TOBI AND JEFFREY BROWN used the term, "WHITE SUPREMACY" for objective statements of fact related to a judge that PLAINTIFF RESHMA KAMATH uncovered.

69. DEFENDANTS YAEL TOBI AND JEFFREY BROWN's of using words such

1      as "WHITE SUPREMACY" has no litigation privilege.

70. DEFENDANT JEFFREY CZECH brought in his racial bias in his e-mail to Plaintiff RESHMA KAMATH where he cc'ed a bunch of filing clerks. DEFENDANT JEFFREY CZECH's taunt was met with this below picture from Plaintiff RESHMA KAMATH.



71.

72. It is undisputed that DEFENDANT ASHMANN-GERST is racist.

73. It is undisputed that DEFENDANT MARIE E. STRATTON is racist.

74. It is undisputed that DEFENDANT MELISSA REAL is racist.

75. It is undisputed that DEFENDANT ELWOOD LIU is racist.

76. DEFENDANT ASHMANN GERST has *pretextually* used the law and code to promote her PRO-WHITE BIAS, and arbitrarily and capriciously discriminated against INDIANS and tanner/darker-toned attorneys.

77. DEFENDANT ASHMANN GERST has *pretextually* used the law and code to demonstrate COLORISM.

78. DEFENDANT MELISSA REAL took instruction from DEFENDANT ASHMANN GERST in her invidious and systemic discrimination in practice whether and/or not they had the intent to discriminate.

79. DEFENDANT MELISSA REAL took instruction from DEFENDANT ELWOOD LIU in her invidious and systemic discrimination in practice whether and/or not they had the intent to discriminate.

80. DEFENDANT ELWOOD LIU and DEFENDANT ASHMANN GERST have **DEFAMED** Plaintiff RESHMA KAMATH in falsely stating Plaintiff RESHMA KAMATH was making anti-Israel comments to an opposing attorney who is Jewish in ethnic backgrounds. This is personal and professional **SLANDER** against Plaintiff RESHMA KAMATH.

81. DEFENDANT ELWOOD LIU and DEFENDANT ASHMANN GERST have **DEFAMED** Plaintiff RESHMA KAMATH in falsely stating "hezbollah" and "hamas" to Plaintiff RESHMA KAMATH. This is personal and professional **SLANDER** against Plaintiff RESHMA KAMATH.

82. DEFENDANT APPELLATE COURT -SECOND DIVISION has negligently hired DEFENDANTS such as DEFENDANT MELISSA REAL.

83. DEFENDANT APPELLATE COURT -SECOND DIVISION is promoting the personal and professional **DEFAMATION- SLANDER and LIBEL** against

1  Plaintiff RESHMA KAMATH.

84. DEFENDANT APPELLATE COURT -SECOND DIVISION is promoting the **ARBITRARY AND CAPRICIOUS DISCRIMINATION** of its staff against Plaintiff RESHMA KAMATH.

85. DEFENDANT APPELLATE COURT -SECOND DIVISION is demonstrating **NEGLIGENCE** toward Plaintiff RESHMA KAMATH.

86. When Plaintiff RESHMA KAMATH had informed DEFENDANT ELWOOD LIU that Plaintiff was to take legal action against him for his discrimination, the other appellate justices joined in to deny without any basis in code, and/in law any and all filings that Plaintiff RESHMA KAMATH as counsel made.

87. DEFENDANT APPELLATE COURT -SECOND DIVISION is demonstrating **NEGLIGENCE** toward Plaintiff RESHMA KAMATH in that the DEFENDANT APPELLATE COURT has hired non-attorneys, and non-Juris Doctor without any training.

88. DEFENDANT APPELLATE COURT -SECOND DIVISION is demonstrating **NEGLIGENCE** toward Plaintiff RESHMA KAMATH because even the other white, female appellate justices have ensured that a different hearing regarding sexual assault victim was openly held prior to Plaintiff RESHMA KAMATH's appeal oral argument.

89. DEFENDANT APPELLATE COURT -SECOND DIVISION is demonstrating *arbitrary and capricious discrimination*, institutionally because it is promoting

pro-WHITE attorneys to litigate as and how they please to circumvent the law, code and rules; when those White attorneys are pitted against a sole-practitioner, female minority counsel, Plaintiff RESHMA KAMATH.

90. DEFENDANT APPELLATE COURT -SECOND DIVISION is a state actor, and is acting under the color of law.

91. DEFENDANT STATE BAR OF CALIFORNIA is negligent in not taking appropriate action against judicial officers. The JUDICIAL COMMISSION ON PERFORMANCE is not the body take action against judges, because that COMMISSION does not have the enforceability and clout that DEFENDANT STATE BAR has.

92. DEFENDANT STATE BAR OF CALIFORNIA does not have a standing committee on JUDICIAL MISCONDUCT as they have for professional misconduct for attorneys.

## CAUSES OF ACTION

## I.       NEGLIGENCE

93. Plaintiff refers to, re-alleges and incorporates via reference each of the paragraphs above as if set forth fully herein.

94. Defendant Appellate Court – Second Division because they hire filing clerks who are not trained in the law, not attorneys, not Juris Doctors, and are lay-persons, such as notaries.

95. Defendant Appellate Court – Second Division, because they promote racism in

their courts.

96. Defendant Appellate Court – Second Division, because they let these untrained filing clerks dictate what is falsely publicly displayed on the public docket.

97. Defendant Appellate Court – Second Division because such public display is often misleading and falsified.

98. Defendants Elwood, Marie and Judith for negligently working with and hiring staff such as Defendant Melissa who're incompetent, untrained, unsupervised, and racist.

99. Defendants Elwood, Marie and Judith for negligently supervising staff such as Defendant Melissa who're incompetent, untrained, unsupervised, and racist.

100. Plaintiff seeks relief as in the prayer for relief below.

## II. NEGLIGENT HIRING

101. Plaintiff refers to, re-alleges and incorporates via reference each of the paragraphs above as if set forth fully herein.

102. Defendant Appellate Court – Second Division because they hire filing clerks who are not trained in the law, not attorneys, not Juris Doctors, and are lay-persons, such as notaries.

103. Defendant Appellate Court – Second Division, because they promote racism in their courts.

104. Defendant Appellate Court – Second Division, because they let these untrained filing clerks dictate what is falsely publicly displayed on the public

docket.

105.   Defendant Appellate Court – Second Division because such public display

is often misleading and falsified.

106.   Plaintiff seeks relief as in the prayer for relief below.

### III.    42 U.S.C 1983 RACIAL AND GENDER DISCRIMINATION

107.    Plaintiff refers to, re-alleges and incorporates via reference each of the

paragraphs above as if set forth fully herein.

108.   Each Defendant demonstrated racism, because they were acting under color

of state law.

109.   Defendant Appellate Court – Second Division because they institutionally

promoted racism at the highest level.

110.   Defendants Liu using words like "slow and delayed" and then using words

like "unfounded, insulting, and inflammatory."

111.   Defendants Tobi and COBURN for stating "White Supremacy" comment

to Plaintiff Reshma Kamath.

112.   Defendant Czech in his racial taunts.



113.    Defendant Real for her purposely and invidiously rejecting documents that have no basis in the code, law, statute, and/or rule.

114.    Defendants Liu, Stratton and Ashmann-Gerst in using racial biased words, statements, and conduct towards Plaintiff Reshma Kamath.

115.    Defendant Stratton using the same words of Defendant Liu in a completely different case stating, "unfounded, insulting, and inflammatory."

116.    Defendants' racism and misogyny that can hide under litigation privilege and absolute immunity.

117.    Plaintiff seeks relief as in the prayer for relief below.

## IV.    CALIFORNIA GOVERNMENT CODE § 8315

118.    Plaintiff refers to, re-alleges and incorporates via reference each of the paragraphs above as if set forth fully herein.

119.   Plaintiff refers to, re-alleges and incorporates via reference each of the paragraphs above as if set forth fully herein.

120.   Each Defendant demonstrated racism, because they were acting under color of state law.

121.   Defendant Appellate Court – Second Division because they institutionally promoted racism at the highest level.

122.   Defendants Liu using words like "slow and delayed" and then using words like "unfounded, insulting, and inflammatory."

123.   Defendants Tobi and COBURN for stating "White Supremacy" comment to Plaintiff Reshma Kamath.

124.   Defendant Czech in his racial taunts.

125.   Defendant Real for her purposely and invidiously rejecting documents that have no basis in the code, law, statute, and/or rule.

126.   Defendants Liu, Stratton and Ashmann-Gerst in using racial biased words, statements, and conduct towards Plaintiff Reshma Kamath.

127.   Defendant Stratton using the same words of Defendant Liu in a completely different case stating, "unfounded, insulting, and inflammatory."

128.   Defendants' racism and misogyny that can hide under litigation privilege and absolute immunity.

129.   Plaintiff seeks relief as in the prayer for relief below.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully requests that this Court the following prayer for relief for the Defendants to do the following:

i.      For damages over $10.20 million [to be proven at trial];

ii.     For injunctive relief from further slander, libel and defamation;

iii.    For actual, general, special, consequential, and exemplary damages [to be proven at trial];

iv.     For non-economic damages [to be proven at trial];

v.      For punitive damages;

vi.     For treble damages;

vii.    For pre-judgment, and post-judgment interest;

viii.   For reasonable attorneys' fees, and costs of suit pursuant to 42 U.S.C. section 1988;

ix.     For declaratory relief of Plaintiffs' rights, and remedies;

x.      For any and all other interests that the court deem in the interest and spirit of justice.


**DATED:  November 22, 2023**          **RESHMA KAMATH**

*/S/ Reshma Kamath*

RESHMA KAMATH
*In Propria Persona*

# **PROOF OF SERVICE**

F.R.C.P. 5 / C.C.P. § 1013(a)(3), C.C.P. § 1010.6(a)(6) / Cal. R. Ct. R. 2.260

I am employed in the County of San Mateo, California. I am over the age of 18, and not a party to this action. My business address is: 700 El Camino Real Suite 120, #1084, Menlo Park, CA 94025. On November 22, 2023, I served the following document(s), by method(s) indicated below, on the parties in this action: SEE ATTACHED SERVICE LIST.

RESHMA KAMATH'S COMPLAINT FOR DAMAGES:

    I.     NEGLIGENCE
    II.    NEGLIGENT HIRING
    III.   42 U.S.C 1983 RACIAL AND GENDER DISCRIMINATION
    IV.   CALIFORNIA GOVERNMENT CODE § 8315

ELECTRONIC SERVICE

In electronically transmitting courtesy copies of the document (s) listed above to the email-address(es) of the person(s) set forth on the attached service list. To my knowledge, the transmission was reported as complete and without error, as per the electronic service agreement between all parties and their attorneys of record, herein. [NOTICE OF C.C.P. SECTION 1010.6.]

///

I declare under penalty of perjury under the laws of the State of California and the United States of America that the above is true and correct. Executed on November 22, 2023.

*/s/ Reshma Kamath*
Reshma Kamath

COMPLAINT

**SERVICE LIST**

JUDITH ASHMANN-GERST, Judith.ashmanngerst@jud.ca.gov

MARIE E. STRATTON, Marie.Stratton@jud.ca.gov

MELISSA REAL, Melissa.Real@jud.ca.gov

ELWOOD LIU, Elwood.Lui@jud.ca.gov

APPELLATE COURT DIVISION TWO Elwood.Lui@jud.ca.gov

STATE BAR OF CALIFORNIA Marie.Stratton@jud.ca.gov; State Bar on docket

YAEL TOBI, ytobi@thompsoncoburn.com

JEFFREY BROWN, jbrown@thompsoncoburn.com

COBURN AND THOMPSON LP, jbrown@thompsoncoburn.com

JEFFREY CZECH, jeff@czechandhowell.com

COMPLAINT