**LAW OFFICE OF RESHMA KAMATH**
**Reshma Kamath, Cal. Bar No. 333800**
700 El Camino Real, Suite 120, #1084
Menlo Park, California 94025, United States
Ph.: 650 257 0719, E.: reshmakamath2021@gmail.com
*In Propria Persona*

## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RESHMA KAMATH, | **CASE NO.: 8:23-cv-2193** |
| Plaintiff, | **FIRST-AMENDED COMPLAINT** |
| vs. | **DEMAND FOR JURY TRIAL** |
| JUDITH ASHMANN-GERST, MARIE E. STRATTON, MELISSA REAL, ELWOOD LIU, APPELLATE COURT DIVISION TWO; STATE BAR OF CALIFORNIA, YAEL TOBI, JEFFREY BROWN, COBURN AND THOMPSON LP, JEFFREY CZECH, ALAB NEWS, JUDIOCRACY LLC, EDWARD WEINGAUS, THE SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES; WILLIAM D. STEWART; MICHAEL SCHULTZ; COMMISSION ON JUDICIAL PERFORMANCE; JUDICIAL COUNCIL OF CALIFORNIA; COUNTY OF LOS ANGELES SHERIFF; SAMANTHA LAMM; TOMAS ORTIZ; LISA DE LORME; DANIEL MEDIONI; WILLIAM JUN; and does 1-10, inclusive, | |
| Defendants | |

-1-

## FIRST-AMENDED COMPLAINT

## INTRODUCTION

1.      This afore-stated case that Plaintiff RESHMA KAMATH filed is the typical WHITE MAN'S BURDEN OF CIVILIZING THE SAVAGE.

2.      NOBODY IS ABOVE THE LAW. Not the President of the United States of America; not the ministers and staff; and definitely, not the judicial officers of California courts for their willful misconduct, and, invidious discrimination.

3.      As much as race is a social construct, the LEGISLATURE has codified race in the State Law of California, and the United States of America.

4.      Ultra Vires conduct that is based on racial/ethnic/cultural/religious motivations are not protected under any constitutional absolute immunity, and/or litigation privilege.

5.      PLAINTIFF RESHMA KAMATH, thus, has a right as an attorney to call out the abuses of the courts, as well as the judicial officers.

## PARTIES

6.      PLAINTIFF RESHMA KAMATH is Indian, female, and an immigrant. Based on this, PLAINTIFF is a minority in the legal profession, and in the United States.

7.     PLAINTIFF RESHMA KAMATH graduated Summa Cum Laude in undergraduate school, High Honors in graduate school, and attended Northwestern University for law school.

8.     PLAINTIFF RESHMA KAMATH has won several graduate and international scholarships/awards on various issues ranging from international sustainable development, environment, and thesis.

9.     For this, PLAINTIFF RESHMA KAMATH was awarded for work-purposes to contribute her work in Belgium, Japan, South Korea, Cambodia, and South Africa.

10.    PLAINTIFF RESHMA KAMATH was part of diversity and leadership initiatives locally and globally; and has worked with several diverse individuals as her supervisors, colleagues, and juniors.

11.    Plaintiff RESHMA KAMATH, a natural person, doing business as LAW OFFICE OF RESHMA KAMATH is a lawyer licensed with the STATE BAR OF CALIFORNIA; and is in good standing.

12.    Plaintiff is a sole practitioner with a thriving clientele, as well as in working for other attorneys licensed in California making special appearances. [*hereinafter*, "PLAINTIFF RESHMA KAMATH."]

13.    Plaintiff RESHMA KAMATH complains and alleges the factual incidents against THE **APPELLATE COURT-DEFENDANTS**: I.E., Defendants JUDITH

ASHMANN-GERST; ELWOOD LIU; MARIE E. STRATTON; MELISSA REAL; THE APPELLATE COURT DIVISION TWO; THE STATE BAR OF CALIFORNIA; YAEL TOBI; JEFFREY BROWN; COBURN AND THOMPSON LP; JEFFREY CZECH; AND THE **STATE-COURT DEFENDANTS**: I.E., THE SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES, WILLIAM D. STEWART, MICHAEL SCHULTZ, ROLF M. TREU, JUDICIAL COMMISSION ON PERFORMANCE, JUDICIAL COUNCIL OF CALIFORNIA, SAMANTHA LAMM, TOMAS ORTIZ, LISA DE LORME, DANIEL MEDIONI, WILLIAM JUN, and DOES 1-10, INCLUSIVE.

14.    The group-think and mob-behavior of Defendants JUDITH ASHMANN-GERST; ELWOOD LIU; MARIE E. STRATTON; MELISSA REAL; THE APPELLATE COURT DIVISION TWO; THE STATE BAR OF CALIFORNIA; YAEL TOBI; JEFFREY BROWN; COBURN AND THOMPSON LP; AND JEFFREY CZECH, must be prohibited.

15.    The lower courts' racial bias and prejudice must be curbed, including, but not limited to DEFENDANTS ROLF M. TREU, BARBARA ANN MEIERS, MICHAEL SCHULTZ, WILLIAM D. STEWART.

16.    There are other judges who're racially-biased at the LA Superior Court such as Laura Siegel, Kristin Escalante, and Olivia Rosales, but they're not named defendants, and their conduct does not rise to the afore-stated defendants. Of all the

judges, Judge Laura Siegel at least admitted to her bias and recused herself *sua sponte* from the case upon Plaintiff's request. Only one judge out of the dozen.

17.    No amount of absolute immunity and/or litigation privilege can help conceal and/or hide racial/gender bias, discrimination, and prejudice from Defendants against those such as Plaintiff Reshma Kamath marginalized in the legal profession, and minorities in the United States.

18.    After harassing African-Americans for over two-hundred years; and, Latin-Americans and East-Asian-Americans for over a hundred years, now the time is ripe to take attacks on Indians, and Indian-Americans. It is even more so when Indian women who have to face misogyny in their own culture/ethnic groups have to face that elsewhere with White persons in California courts as well.

19.    If White people get offended by writings such as this complaint, such a writing is an understatement.

20.    The conduct and omissions that White culture has displayed for decades and centuries, as well as the current on-goings of mass-murder/killings of people in the world is a testament to racial abuse.

21.    The term, "White" is a politically-correct term to use for Caucasian and European-American people – not a slur.

22.    None of the defendants and judges should think that Plaintiff is hyper-focused on White people. Plaintiff has plenty more than this to state about Indian

culture, Indian men, extreme misogyny and more that is quite unbearable for western/White people to fathom or comprehend. If there were Indian male judges, and they dared behave like this before Plaintiff, they would have faced a legal wrath greater than this. But for whatever reason, such a thing has not occurred.

23.     Defendant ALAB NEWS is an independent news agency run by an attorney with staff writers who reported "conspiracy" news that Defendant JUDITH has falsely published. This publication is an act of personal and professional defamation.

24.     Defendant JUDICOCRACY LLC owns Defendant ALAB NEWS.

25.     Defendant EDWARD WEINGAUS, Esq. owns Defendant ALAB NEWS.

26.     Defendants SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES; COMMISSION ON JUDICIAL PERFORMANCE; JUDICIAL COUNCIL OF CALIFORNIA; COUNTY OF LOS ANGELES SHERIFF; SAMANTHA LAMM; TOMAS ORTIZ; LISA DE LORME; DANIEL MEDIONI; and WILLIAM JUN are other defendants.

27.     DEFENDANT WILLIAM D. STEWART is the defendant in this matter, and a judicial officer in the Superior Court of California, County of Los Angeles. It is undisputed that DEFENDANT STEWART said, "SHUT UP SHUT YOUR MOUTH" "SHUT UP SHUT YOUR MOUTH" to PLAINTIFF RESHMA

KAMATH. It is undisputed that DEFENDANT STEWART put PLAINTIFF RESHMA KAMATH's life and security in physical danger.

28.    It is undisputed that DEFENDANT STEWART has not had a direct boss, direct supervisor [while he was an attorney, Judge Brazille did not directly supervise DEFENDANT SCHULTZ], and/or professor who was a female woman of color/non-White.

29.    It is undisputed that DEFENDANT WILLIAM D. STEWART is only fluent in English, except what he may have studied in high school as a second language, if any.

30.    DEFENDANT STEWART is demeaning of women of color who're intelligent and driven. DEFENDANT STEWART displays anger and racial animus towards women of color who have any intelligent statements against the way he thinks. DEFENDANT STEWART is a predator towards women of color who're alone without a male overseeing her where he can abuse such women.

31.    Even if DEFENDANT STEWART claims he has several women of color day-in and day-out in his courtroom for name-change, and related purposes, most of those women are not lawyers who're sole-practitioners; they're often in a subservient role to DEFENDANT STEWART; and, show up with a male person.

32.     DEFENDANT MICHAEL SCHULTZ is the defendant in this matter, and a judicial officer in the Superior Court of California, County of Los Angeles. DEFENDANT SCHULTZ was described as "furious" by another lawyer.

33.     DEFENDANT SCHULTZ not only harassed PLAINTIFF RESHMA KAMATH during the auspicious occasion of Navratri, but also harassed another Indian/Hindu family in Cupertino, California wrongly serving them.

34.     DEFENDANT SCHULTZ was, however, extremely protective of DEFENDANT MEDIONI when they had their cultural festivals. DEFENDANT SCHULTZ is racially prejudiced towards Indian and/or Hindu people.

35.     Per information and belief, DEFENDANT SCHULTZ may be Jewish/White/Caucasian; thus, he has prior demonstrated an affinity toward DEFENDANT MEDIONI and against PLAINTIFF KAMATH. It is undisputed that DEFENDANT SCHULTZ has not had a direct boss, direct supervisor [while he was an attorney, Judge Brazille never directly supervised DEFENDANT SCHULTZ], and/or professor who was a female woman of color/non-White. It is undisputed that DEFENDANT SCHULTZ is only fluent in English, except what he may have studied in high school as a second language.

36.     Both DEFENDANTS SCHULTZ and STEWART have subordinate clerks of color; and they think it will protect them from any and all kind of racially-charged conduct, and statements towards PLAINTIFF RESHMA KAMATH.

37.     DEFENDANT SCHULTZ has falsified personal service; made more than one falsified declaration/affidavit(s) as a judicial officer; has sanctioned PLAINTIFF in the amount of $4,000; and held her in civil contempt – all based on the aiding and abetting with DEFENDANTS SHERIFF; WILLIAM JUN; and DANIEL MEDIOINI.

38.     Specifically, both DEFENDANTS SCHULTZ and STEWART believe that they will be absolved of liability, from any and all kind of racially-charged conduct, and statements towards PLAINTIFF RESHMA KAMATH, because each have subordinate clerks of color, an African-American clerk and Latin-American respectively.

39.     After targeting African-American and the majority populous Latin-American groups, DEFENDANTS have now moved on to racially target and attack a newer minority to the United States, i.e., Indians, Indian-Americans, and Hindu-Americans, that racial/ethnic/cultural group that PLAINTIFF RESHMA KAMATH belongs to.

40.     DEFENDANT COMMISSION ON JUDICIAL PERFORMANCE is the defendant in this matter, and allegedly a commission monitoring judicial officers in the state courts, federal courts, and appellate courts in California, including the Superior Court of California, County of Los Angeles. DEFENDANT COMMISSION has failed to properly investigate matters reported them mailing a

one-liner letter stating "inconclusive" without "clear and convincing evidence." DEFENDANT COMMISSION did not provide any evidence that they had conducted any kind of investigation.

41.   DEFENDANT JUDICIAL COUNCIL OF CALIFORNIA is the defendant in this matter, and a body providing forms, documents, and lawyers to support judicial officers in the in the state courts, federal courts, and appellate courts in California, including the Superior Court of California, County of Los Angeles. DEFENDANT COUNCIL has harbored unethical lawyers who make perjured statements under oath.

42.   DEFENDANTS DANIEL MEDIONI is not protected under litigation privilege when his CIVIL PERJURY statements lead to quasi- and/or criminal contempt. DEFENDANT SCHULTZ and DEFENDANT MEDIONI had ex-parte communications together where they each displayed anti-Hindu, anti-Indian sentiments in court.

43.   DEFENDANTS SAMANTHA LAMM, TOMAS ORTIZ, LISA DE LORME are attorneys who have made false statements under oath, and under penalty of perjury. Thus, PLAINTIFF alleges DEFENDANTS LAMM, ORTIZ and DE LORME committed CIVIL PERJURY. DEFENDANTS LAMM, ORTIZ and DE LORME are not protected under litigation privilege when their CIVIL PERJURY statements lead to quasi- and/or criminal contempt.

44.   DEFENDANT WILLIAM JUN was the client of PLAINTIFF until he displayed non-payment, abuse and misogyny towards PLAINTIFF. This occurred over a year – where DEFENDANT JUN would issue NON-SUFFICIENT FUNDS (NSF) checks to PLAINTIFF not once but several times over the course of the year.

45.   DEFENDANT JUN was also verbally abusive over the phone using the "FWORD" constantly during a phone-call that he scheduled past 7 p.m. PT with PLAINTIFF and DEFENDANT JUN's right-hand man, DANIEL KIM. For this, DANIEL KIM apologized to PLAINTIFF – but the addition of the NSF checks for the work performed with the blatant lack of care and disregard of DEFENDANT JUN – shows his defamatory attitude towards PLAINTIFF. DEFENDANT JUN also displays gamesmanship – as he does many a times – with the Court where he did not retain any attorney when PLAINTIFF wanted to substitute out of the matter – and then appears as though innocent in front of the courts.

46.   DEFENDANT COUNTY OF LOS ANGELES SHERIFF has made falsified declaration/affidavit(s) to the court about personal service upon PLAINTIFF. There was no personal service.

47.   PLAINTIFF presently remains unaware of the true names or capacities of Defendants named herein as DOES 1-10, inclusive, and PLAINTIFF will seek

leave of Court to allege their true names and capacities after the same have been ascertained.

48.     DEFENDANTS DOES 1-10, inclusive, are sued under fictitious names. PLAINTIFF is informed and believes, and on that basis alleges, that each of the defendants sued under fictitious names is in some manner responsible for the wrongs and damages alleged below, in so acting was functioning as the agent, servant, partner, and employee of the co-defendants, and in taking the actions mentioned below was acting within the course and scope of his or her authority as such agent, servant, partner, and employee, with the permission and consent of the co-defendants. The named defendants and DOE defendants are sometimes hereafter referred to, collectively and/or individually, as "defendants."

49.     PLAINTIFF remains informed and believes and thereon alleges that each of the Defendants herein, and are in some manner legally responsible for the acts and omissions alleged herein and actually and legally caused and contributed to various injuries and damages alleged herein.

50.     PLAINTIFF remains informed and believes and thereon alleges that at all times herein mentioned, each of the Defendants was the agent, servant, partner, joint venturer, and/or employee of each of the other Defendants, and in doing the things hereinafter alleged, were acting within the course and scope of said agency and/or employment, and with the permission.

51.     ANY AND ALL DEFENDANTS were responsible for the events and damages alleged herein, including on the following bases: (a) defendants committed the acts alleged; (b) at all relevant times, one or more of the defendants was the agent or employee, and/or acted under the control or supervision, of one or more of the remaining cross-defendants and, in committing the acts alleged, acted within the course and scope of such agency and employment and/or is or are otherwise liable for Plaintiff's damages; (c) at all relevant times, there existed a unity of ownership and interest between or among two or more of the defendants such that any individuality and separateness between or among those defendants has ceased, and defendants are the alter egos of one another.

52.     Defendants exercised domination and control over one another to such an extent that any individuality or separateness of defendants does not, and at all times herein.

53.     Defendants exercised domination and control over one another to such an extent that any individuality or separateness of defendants does not, and at all times herein mentioned did not, exist. Adherence to the fiction of the separate existence of defendants would permit abuse of the corporate privilege and would sanction fraud and promote injustice.

54.     All actions of all defendants were taken by employees, supervisors, executives, officers, and directors during employment with all defendants, were

taken on behalf of all defendants, and were engaged in, authorized, ratified, and approved of by all other defendants.

## VENUE & JURISDICTION

55.     This Court has jurisdiction over this action because the matter in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of costs and interest, and that diversity exists because Plaintiff was a resident in the State of Arizona at the time of complaint filing. Complete Federal Diversity Jurisdiction over Defendants is proper.

56.     Venue is proper in this Judicial District, because the events giving rise to the claims made herein occurred in this Judicial District and in Arizona. The predicate acts complained of herein did occur within the territorial boundaries of this court, and the corpus of the complaint centers on state law questions. Thus, jurisdiction is proper in this court.

## FACTUAL ALLEGATIONS

## STATE-COURT DEFENDANTS

## DEFENDANT STEWART

57.     It is undisputed that DEFENDANT STEWART said, "SHUT UP SHUT YOUR MOUTH" "SHUT UP SHUT YOUR MOUTH" to PLAINTIFF RESHMA KAMATH.

58.     DEFENDANT STEWART and his DEFENDANT COUNCIL attorney admit under oath to DEFENDANT STEWART saying," SHUT UP".

59.     DEFENDANT STEWART remains silent, and does not deny saying, "SHUT UP SHUT YOUR MOUTH" to PLAINTIFF RESHMA KAMATH.

60.     DEFENDANT STEWART's omission is acquiescence.

61.     It is undisputed that DEFENDANT STEWART put PLAINTIFF RESHMA KAMATH's life and security in physical danger, because of DEFENDANT STEWART's recalcitrance that PLAINTIFF RESHMA KAMATH must appear in-person from Arizona to Los Angeles to "apologize" to him in-person for a n under five-minute appearance.

62.     It is undisputed that DEFENDANT STEWART put PLAINTIFF RESHMA KAMATH's life and security in physical danger, because PLAINTIFF RESHMA KAMATH had to take an overnight AMTRAK – and because that AMTRAK got canceled at 9 P.M. from Yuma, Arizona, PLAINTFF RESHMA KAMATH had to literally hitchhike from an opportune Uber driver and his friend [complete strangers to PLAINTIFF], all-night sleeping in their SUV backseat and paying them over $1,000 for DEFENDANT STEWART's abuse.

63.     DEFENDANT STEWART's sexually-provocative, pornographic-like words, such as "SHUT YOUR MOUTH" repeatedly toward PLAINTIFF RESHMA KAMATH during a hearing are unacceptable.

64.     DEFENDANT STEWART's Taliban-style judiciousness and his treatment of women of color who're educated and intelligent as lesser, more masculine, and to demean them with such as toward PLAINTIFF RESHMA KAMATH is unacceptable. 36. DEFENDANT STEWART put PLAINTIFF RESHMA KAMATH under duress and discriminatory treatment while demanding an unconditional apology from her.

65.     In the year 2021, DEFENDANT STEWART put PLAINTIFF RESHMA KAMATH's life, safety and security in danger.

66.     Never in any country and in any other professional/academic setting has anyone, whether man and/or woman, made such demeaning statements to PLAINTIFF RESHMA KAMATH.

67.     PLAINTIFF RESHMA KAMATH alleges that DEFENDANT STEWARTS' racial and gender discrimination is not protected under his ministerial duties, does not have absolute immunity, and is purely ultra vires conduct.

68.     DEFENDANT SCHULTZ

69.     In the year 2023, DEFENDANT SCHULTZ was "furious" according to DEFENDANT MEDIONI.

70.     In the year 2023, DEFENDANT SCHULTZ was "furious" and made contemptuous orders, after PLAINTIFF RESHMA KAMATH had properly

substituted out of a matter that the court had accepted, and a stipulation for continuance with an order was filed.

71.    In the year 2023, DEFENDANT SCHULTZ is displaying his abuse towards PLAINTIFF RESHMA KAMATH.

72.    If DEFENDANT SCHULTZ genuinely cared about the case, and/or the client, and/or was truly impartial, then DEFENDANT SCHULTZ would have ordered Billy Jun to appear. [Billy Jun who had issued NSF checks and non-payment in addition to his verbally abusive phone-calls repetitively stating words like "FUCK" months prior late into the night.]

73.    To preserve attorney-client privilege, PLAINTIFF RESHMA KAMATH had properly just filed a substitution of attorney that the court accepted. However, DEFENDANT SCHULTZ is not neutral.

74.    DEFENDANT SCHULTZ struck the form, because DEFENDANT SCHULTZ has that Bro-code towards light-skinned men such as DEFENDANT MEDIONI.

75.    In the year 2023, DEFENDANT SCHULTZ not only harassed PLAINTIFF RESHMA KAMATH during the auspicious occasion of Navratri but also harassed another Indian/Hindu family in Cupertino, California wrongly serving them. PLAINTIFF RESHMA KAMATH states the spouse of that woman called

PLAINTIFF to inform them of a Sheriff/police officer coming to their door to serve DEFENDANT SCHULTZ's documents on that woman.

76.   PLAINTIFF RESHMA KAMATH alleges that DEFENDANT SCHULTZ's racial and gender discrimination is not protected under his ministerial duties, does not have absolute immunity, and is purely ultra vires conduct.

77.   DEFENDANT SCHULTZ and DEFENDANT STEWART are no different than those who lived during colonization, slavery, and/or apartheid who had hired people of color in subordinate roles, and claimed that their work was grounded in the law.

78.   DEFENDANT SCHULTZ and DEFENDANT STEWART each has a person of color in a clerk-type role. Thus, they think that they can be racially abusive to other minority lawyers appearing solo before them in the United States and in the legal profession, because they have some clerks of color in a subservient role.

79.   Neither DEFENDANT SCHULTZ nor DEFENDANT STEWART has ever had a woman of color directly lead them at work, direct them, delegate to them, and/or be in a seniority role to them.

80.   DEFENDANT SCHULTZ and DEFENDANT STEWART have displayed that THOMAS GIRARDI type of conduct and omission. DEFENDANTS SAMANTHA LAMM, TOMAS ORTIZ, LISA DE LORME.

81.     DEFENDANTS SAMANTHA LAMM, TOMAS ORTIZ, LISA DE LORME are attorneys who have made false statements under oath, and under penalty of perjury.

82.     Thus, PLAINTIFF alleges DEFENDANTS LAMM, ORTIZ and DE LORME committed CIVIL PERJURY. DEFENDANTS LAMM, ORTIZ and DE LORME are not protected under litigation privilege when their CIVIL PERJURY statements lead to quasi- and/or criminal contempt.

83.     DEFENDANTS SAMANTHA LAMM, TOMAS ORTIZ, and LISA DE LORME are attorneys who have made false statements under oath, and under penalty of perjury that they believed that PLAINTIFFF had made contemptuous statements rather than the DEFENDANT STEWART.

84.     However, PLAINTIFFF did not.

85.     DEFENDANTS SAMANTHA LAMM, TOMAS ORTIZ, LISA DE LORME only did this to win their case. It is undisputed that DEFENDANTS SAMANTHA LAMM, TOMAS ORTIZ, LISA DE LORME each work with White/Male-owned law firms.

86.     Neither Defendant SCHULTZ NOR STEWART had any woman of color directly lead them at work, direct them, delegate to them, and/or be in a seniority role to them.

**DEFENDANT COUNCIL**

87.    DEFENDANT COUNCIL's attorney misrepresented under oath that DEFENDANT STEWART stated "stop" which the latter did not.

88.    DEFENDANT COUNCIL did not write the "SHUT YOUR MOUTH" COMMENTS in their declaration.

89.    DEFENDANT COUNCIL did not investigate prior to excluding the "SHUT YOUR MOUTH" COMMENTS in their declaration.

90.    DEFENDANT COUNCIL owed a duty to PLAINTIFF and breached that duty to disclose and investigate.

**DEFENDANT COMMISSION**

91.    DEFENDANT COMMISSION failed to conduct/disclose a proper investigation and negligently wrote a one-liner to PLAINTIFF RESHMA KAMATH. DEFENDANT COMMISSION breached its duty to PLAINTIFF RESHMA KAMATH.

92.    DEFENDANT COMMISSION has failed to properly investigate/disclose matters reported them mailing a one-liner letter stating "inconclusive" without "clear and convincing evidence." DEFENDANT COMMISSION did not provide any evidence that they had conducted any kind of investigation.

93.    DEFENDANT COMMISSION only eats tax-payer dollars and provides falsified lip-service. The actual investigation and reports are not conducted, and

never provided to the parties. The public has a right to the reports getting publicly disclosed. A one-liner letter is insufficient and grossly negligent.

**DEFENDANT SUPERIOR COURT OF CALIFORNIA, LOS ANGELES**

94.    DEFENDANT SUPERIOR COURT OF CALIFORNIA, LOS ANGELES failed to conduct/disclose a proper investigation and put PLAINTIFF RESHMA KAMATH's life and profession in danger. DEFENDANT SUPERIOR COURT OF CALIFORNIA, LOS ANGELES AND THE JUDICIAL COMMISSION breached its duty to PLAINTIFF RESHMA KAMATH.

95.    DEFENDANTS COMMISSION, COUNCIL, and SUPERIOR COURT, and LOS ANGELES each treat women of color badly on their premises when they appear as attorneys without any White/Caucasian, and/or Male attorney; and/or, when they're in propria persona.

96.    DEFENDANTS COMMISSION, COUNCIL, and SUPERIOR COURT - LOS ANGELES promote abusive, discriminatory and demeaning mistreatment of women within their premises and in their purview.

97.    During this time where DEFENDANT MICHAEL SCHULTZ was acting abusively with the DEFENDANT COUNTY OF LOS ANGELES SHERIFF and DEFENDANTS MEDIONI AND JUN, DEFENDANTS SCHULTZ and SHERIFF then – after service of above-captioned complaint that the wrong person was served – found PLAINTIFF's parent's address and started harassing them there.

98.    Allegedly, some White guy was knocking on the door of PLAINTIFF's parents' home at different times of the day very loud and using profanity also loud over three weeks during the Hindu cultural festival of DIWALI.

99.    PLAINTIFF's senior citizen parents in their mid-sixties and seventies would think this was some FedEx delivery person – but upon repeated knocks – would venture out from the third-floor. When they would get to the door, there would be no one there. This kind of harassment that DEFENDANTS SCHULTZ, LOS ANGELES COUNTY SHERIFF and WILLIAM JUN caused demonstrates the HEIGHTENED RACIAL MISOGYNY of the LA COURTS.

100.    When PLAINTIFF's senior-citizen parents communicated this conduct to PLAINTIFF, per information and belief, PLAINTIFF believed this was DEFENDANT SCHULTZ's process-service from DEFENDANT COUNTY LOS ANGELES SHERIFF.

101.    Not even one attempt of service was made upon PLAINTIFF's business COMMERCIAL MAIL-RECEIVING AGENCY (CMRA) address as valid effectuation of service.

102.    Nowhere on the entire state court docket was there any mention of such ABUSIVE process-serving and harassment on PLAINTIFF's senior-citizen parents from DEFENDANTS SCHULTZ, DEFENDANT COUNTY LOS ANGELES

SHERIFF, and DEFENDANT JUN in aiding-and-abetting in his lack of making truthful statements and omissions to the Court.

103.   DEFENDANTS SCHULTZ'S, STEWART'S and COUNTY OF LA SHERIFF'S CONDUCT, OMISSION and LACK OF CONDUCT shocks the conscience.

104.   Neither PLAINTIFF nor PLAINTIFF's parents are litigious in nature – although each have undergone some horrible things – criminal in nature - in this country.

105.   DEFENDANT WILLIAM JUN was the client of PLAINTIFF until he displayed non-payment, abuse and misogyny towards PLAINTIFF. This occurred over a year – where DEFENDANT JUN would issue NON-SUFFICIENT FUNDS (NSF) checks to PLAINTIFF not once but several times over the course of the year. DEFENDANT JUN was also verbally abusive over the phone using the "FWORD" constantly during a phone-call that he scheduled past 7 p.m. PT with PLAINTIFF and DEFENDANT JUN's right-hand man, DANIEL KIM. For this, DANIEL KIM apologized to PLAINTIFF – but the addition of the NSF checks for the work performed with the blatant lack of care and disregard of DEFENDANT.

106.   However, PLAINTIFF thinks as an attorney who seeks justice for others – PLAINTIFF cannot be treated as a doormat with misogynists pretending to be God-Men running courts and pretending to be innocent litigants.

107.   Since DEFENDANTS SCHULTZ, STEWART, JUN and related did not think how their CONDUCT, and LACK THEREOF has an impact on a budding, female attorney of color, similarly, now PLAINTIFF has no remorse in ensuing litigation against any of these DEFENDANTS whether they retired, had glorious careers, based on their age.

108.   When the DEFENDANTS have no guilt in defamation and their insolent, angry conduct, then there is no reason for PLAINTIFF to refrain from litigating against them in a court of law with legal mechanisms.

**APPELLATE COURT DEFENDANTS.**

109.   Defendants JUDITH ASHMANN-GERST and MARIE E. STRATTON have taken the lead in civilizing the only person of color counsel, Plaintiff RESHMA KAMATH.

110.   In response to Defendant Judith's comment about an "unintelligible" opening brief, Defendant JUDITH may be lacking melanin making her particularly CRUEL, RUTHLESS, and MALIGNANT displaying White cultural traits. Just because Defendant JUDITH is an idiotic character, does not mean others are "unintelligible".

111.   Defendant JUDITH also defamed Plaintiff RESHMA KAMATH.

112.   Defendant JUDITH stated "conspiracy" as a word attributable to plaintiff RESHMA KAMATH.

113.   Defendant ALABA/JUDIOCRACY repeated that in writing. The libelous publication was personally and professionally defamatory.

114.   Delusion is the least word to describe Defendants JUDITH, ELWOOD, MARIE and other pro-White compatriots on the bench.

115.   [STATE-COURT DEFENDANTS]Defendant BARBARA ANN MEIERS has taken a particular PREDATORY approach as White women often do – with the White woman's hatred and scorn in weaving a masterful story against persons of color she meets in her courtroom when Defendant BARBARA sees them alone with a Male or White person. Defendant MEIERS can boast she has Latin-American law clerk supporting her. What she forgets is they're majority in California, and extremely misogynistic. Defendant MEIERS is a vicious predator who likes to attack immigrants of color when she finds them alone or helpless.

116.   Defendant ROLF M. TREU has demonstrated that he can be the KLAN leader when he wants to with his fellow White male attorneys. Defendant TREU has hired an African-American similar to Defendant SCHULTZ. What they forget is during apartheid, colonization and slavery, all the WHITE MASTERS had non-White subservient workers. Defendants TREU and SCHULTZ cannot accept an equal or better woman than them who comes from another culture or an ethnic background that they have rarely or ever interacted with. Having an Indian doctor doesn't count. Mentioning they go to an Indian doctor doesn't count. The test is

how many sole practitioner attorneys as Indian women have appeared before Defendants without a White or Male attorney. Having a spouse or not who is White, or an overseeing attorney who is White or Male matters within the test.

117.   Defendant WILLIAM STEWART repeatedly stating, "SHUT UP, SHUT YOUR MOUTH," "SHUT UP SHUT YOUR MOUTH" in the midst of a substantive argument. The judicial council attorney admitting it and yet no repercussions for DEFENDANT STEWART,

118.   Each Defendant BARBARA, WILLIAM, and ROLF have demonstrated that White cultural trait of "muting" attorneys, engaging in verbal abuse, shutting them up during argument, doing other things like "re-arranging morning schedule" in the middle of the substantive argument, and slyly getting away with it as White people in general often do living lives of laughter, innocence and happiness.

119.   In an educational amended complaint, Plaintiff RESHMA KAMATH will teach these RACIST WHITES what is means to display WHITE RACISM.

120.   WHITE RACISM consists of the following, including but not limited to:

121.   i. WHITE PEOPLE holding NEGATIVE PERCEPTIONS about people of color.

ii. WHITE PEOPLE jumping to NEGATIVE TRAITS about people of color when the latter talk, do, and lack thereof.

iii. WHITE PEOPLE associating NEGATIVE WORDS like "unintelligible" and "conspiracy" as Defendant JUDITH did when women and people of color write intelligible, honest briefings.

iv. WHITE PEOPLE BREAKING THE LAW at will and getting away with it with no repercussions.

v. WHITE PEOPLE, in this case, WHITE JUDGES, not applying the law that is a MUST and SHALL.

vi. WHITE PEOPLE giving special breaks to other WHITE PEOPLE whether in the law of otherwise.

vii. WHITE PEOPLE blindly believing other WHITE PEOPLE, particularly WHITE WOMEN's garbage as if they're telling the God's truth. (Since the motto of the United States is "In God we Trust."

viii. WHITE PEOPLE downplaying and making small the realities of people of color when people of color talk and state the truth.

ix. WHITE PEOPLE thinking people of color are grouped together.

x. WHITE PEOPLE ignoring the truths of people of color.

xi. After two hundred years of slavery, WHITE PEOPLE now thinking that BLM is politically correct thus WHITE PEOPLE demonstrating extra niceties to African-Americans while continuing to demonstrate racial prejudice to other racial groups.

xii. WHITE PEOPLE circumventing the law in favor of other WHITE PEOPLE when WHITE PEOPLE are pitted against people of color.

xiii. now with LATIN-AMERICAN majority in California, WHITE PEOPLE trying to be particularly amenable to LATIN-AMERICANS.

xiv. WHITE PEOPLE's affinity to EAST-ASIAN/EAST-ASIAN AMERICANS.

xv. WHITE PEOPLE thinking when there is JUDGE OF COLOR or ATTORNEY OF COLOR, those persons of color cannot be racially biased or prejudiced against persons of color from other racial/ethnic groups.

xvi. WHITE PEOPLE thinking that they hired JUDGES/ATTORNEYS/STAFF OF COLOR thus, they're not racist.

xvii. WHITE PEOPLE thinking that the JUDGES/ATTORNEYS/STAFF OF COLOR they hired agree with them, therefore, the WHITE PEOPLE are not racist.

xviii. WHITE PEOPLE not realizing that the JUDGES/ATTORNEYS/ STAFF OF COLOR they hired who agree with them or that they get along with them are in reality people who think like WHITE PEOPLE in the superiority of WHITE /LIGHT SKIN.

xiv. WHITE PEOPLE not letting female attorneys of color/immigrants/ women of color talk – often interrupting them, quieting them, muting them, "shutting" them up within seconds of speaking.

xv. WHITE PEOPLE wanting WHITE OR MALE attorneys to be present in a caption to justify a WOMAN OF COLOR's truth.

xvi. WHITE PEOPLE not letting WOMEN OF COLOR thrive without a WHITE OR MALE Attorney present.

xvii. WHITE PEOPLE giving extra concessions to WHITE ATTORNEYS or LITIGANTS when they goof up – very same applies to light-skinned people who're non-WHITE.

xvii. Believing the truths of highly privileged WHITE WOMEN/WHITE WOMAN JUDGES, and then justifying their actions stating it should just be judges not white not female. As if negating the colorist and racist reality of the world that we live in.

xviii. WHITE WOMEN and WHITE WOMEN JUDGES often get men and men of color to believe anything they state – whether a falsified story or a blatant misrepresentation.

xix: When women of color speak in intelligent roles demeaning them as a "child," "young," or some other trait to attack their credibility.

Xx: White people's exuberance that what they think and do is far superior and always right compared to others.

The White culture traits go on and on.

122.    Any and all of these traits of WHITE CULTURE were displayed by the Defendants in this case.

123.   As much this is about people, one cannot negate the cultural traits that each person holds.

124.   Racism is prejudice, discrimination, or antagonism by an individual, community, or institution against a person or people on the basis of their membership in a particular racial or ethnic group, typically one that is a minority or marginalized.

125.   The California and American Bar Association Model Rules of Professional Conduct, Code of Ethics, and conduct for attorneys and judiciary alike prohibit racism and gender discrimination at any and all levels.

126.   The group-think and mob-behavior of Defendants JUDITH ASHMANN-GERST; ELWOOD LIU; MARIE E. STRATTON; MELISSA REAL; THE APPELLATE COURT DIVISION TWO; THE STATE BAR OF CALIFORNIA; YAEL TOBI; JEFFREY BROWN; COBURN AND THOMPSON LP; JEFFREY CZECH; must be prohibited.

127.   No amount of absolute immunity and/or litigation privilege can help conceal and/or hide racial/gender bias, discrimination, and prejudice from Defendants against those such as Plaintiff Reshma Kamath marginalized in the legal profession, and minorities in the United States.

128.   After harassing African-American over two-hundred years; and, Latin-Americans and East-Asian-Americans for over a hundred years, now the time is ripe to take attacks on Indians, and Indian-Americans. It is even more so when Indian women who have to face misogyny in their own culture/ethnic groups have to face that elsewhere with White persons in California courts as well.

129.   Defendant ELWOOD LIU, in his personal capacity as well as an appellate justice, has displayed racial discrimination and misogyny towards Plaintiff RESHMA KAMATH.

130.   Defendant JUDITH ASHMANN-GERST, in her personal capacity as well as an appellate justice, has displayed racial discrimination and misogyny towards Plaintiff RESHMA KAMATH.

131.   Defendant MARIE E. STRATTON, in his personal capacity as well as an appellate justice, has displayed racial discrimination and misogyny towards Plaintiff RESHMA KAMATH.

132.   Defendant MELISSA REAL, in her personal capacity as well as a clerk, has displayed racial discrimination and misogyny towards Plaintiff RESHMA KAMATH.

133.   Defendant JEFFREY CZECH, in his personal capacity as well as a lawyer, has displayed racial discrimination and misogyny towards Plaintiff RESHMA KAMATH.

134. Defendant JEFFREY BROWN, in his personal capacity as well as a lawyer, has displayed racial discrimination and misogyny towards Plaintiff RESHMA KAMATH.

135. Defendant YAEL TOBI, in her personal capacity as well as a lawyer, has displayed racial discrimination and misogyny towards Plaintiff RESHMA KAMATH.

136. Defendant COBURN AND THOMPSON LP has had attorneys who display racial discrimination and misogyny towards Plaintiff RESHMA KAMATH.

137. Each of the above were negligent in their professional as well as personal capacities towards Plaintiff RESHMA KAMATH.

138. Each of the above-stated Defendants, as well as the DEFENDANT APPELLATE COURT, SECOND DIVISION, and STATE BAR OF CALIFORNIA, has demonstrated racism and gender discrimination in their practices, conduct, and lack thereof that is in the absence of clear jurisdiction.

139. The DEFENDANTS have pro-WHITE practices that are invidious with clear intent to discriminate.

140. DEFENDANT APPELLATE COURT, SECOND DIVISION, was negligent in its hiring practices, such as hiring a notary with no legal experience, and/or training, specifically DEFENDANT MELISSA REAL.

141. It is undisputed that DEFENDANT MELISSA REAL, who is a non-attorney, and non-Juris Doctor, provided legal advice, cut-and-paste code, made ex-parte communication unilaterally with PLAINTIFF RESHMA KAMATH.

142. DEFENDANT MELISSA REAL constantly rejected filings from Plaintiff RESHMA KAMATH.

143. DEFENDANT MELISSA REAL's purpose was cheap trickery to wield her abusive authority as a law clerk who has overpowered appellate justices in their decision-making and perceptions of lawyers.

144. It is further undisputed that DEFENDANT MELISSA REAL, who is a non-attorney, and non-Juris Doctor, would purposely and invidiously "reject" filings that were timely and proper based on an arbitrary and capricious basis.

145. For example, DEFENDANT MELISSA REAL caused a timely filing from October 16, 2023 from Plaintiff RESHMA KAMATH not to appear on the public docket.

146. DEFENDANT MELISSA REAL made up an arbitrary and capricious reason – not grounded in code, statute, rule, and/or case law – making up her own reasons why she "rejected" the filing as a filing clerk.

147.  That timely filing on October 16, 2023, from Plaintiff Reshma Kamath was to request thirty minutes (30 minutes) of argument for Appellant/client of Plaintiff Reshma Kamath.

148.  The next day, DEFENDANT MELISSA REAL, accepted the White Attorneys' filing on October 17, 2023.

149.  For example, within four minutes of the 12:49 P.M. PT e-mail from PLAINTIFF RESHMA KAMATH, DEFENDANT MELISSA REAL rejected the timely filing on October 16, 2023. The rejections from DEFENDANT MELISSA REAL came at 12:53 p.m. PT.

150.  Another example of DEFENDANT MELISSA REAL was that she did not enter default for over twenty days for a White attorney. From June 8, 2023 to June 28, 2023, DEFENDANT MELISSA REAL was fully aware that the White Attorney, Yael Tobi, did not file her Respondent's Brief.

151.  There are plenty more examples discoverable that DEFENDANT MELISSA REAL has demonstrated in her racial bias towards Indians.

152.  Whether DEFENDANT MELISSA REAL identifies as  White-American, and/or Latin-American, DEFENDANT MELISSA REAL is clearly biased towards Plaintiff RESHMA KAMATH, because the latter is Indian, and non-White.

153.   It is further undisputed that DEFENDANT MELISSA REAL, who is a non-attorney, and non-Juris Doctor, would circumvent the Code/law and would not send default notices to White/Caucasian attorneys, such as Yael Tobi offering them over twenty days.

154.   Yet, DEFENDANT MELISSA REAL, who is a non-attorney, and non-Juris Doctor, would do exactly the opposite rejecting and making up excuses that the court stated so with PLAINTIFF RESHMA KAMATH.

155.   The rejections and unilateral grant of free weeks to White attorneys to the discrimination of Indian counsel, RESHMA KAMATH shows the arbitrary and capricious racism and gender discrimination toward RESHMA KAMATH.

156.   DEFENDANT ELWOOD LIU has supported DEFENDANT MELISSA REAL in this behavior.

157.   DEFENDANT ELWOOD LIU, as many people of color, and East-Asian ethno-demographic individuals, usually support White/Caucasian attorneys.

158.   DEFENDANT ELWOOD LIU called PLAINTIFF RESHMA KAMATH "dense" to DEFENDANT MELISSA REAL who is a non-attorney, and non-Juris Doctor; and the DEFENDANTS started laughing.

159.   It is undisputed that DEFENDANT ELWOOD LIU, in writing, called Plaintiff RESHMA KAMATH "SLOW" "DELAYED" while Plaintiff

RESHMA KAMATH sought an extension of time in a properly-filed application for extension of time.

160.  The words, in writing, "SLOW" "DELAYED" appear nowhere in  the code/rule section in  the  appellate court  granting/denying an application extension.

161.  DEFENDANT ELWOOD LIU has demonstrated arbitrary and capricious racial and gender discrimination toward  Plaintiff and  counsel  RESHMA KAMATH in him using words towards RESHMA KAMATH as "SLOW" "DELAYED."

162.  DEFENDANT ELWOOD LIU has DEFAMED Plaintiff RESHMA KAMATH in falsely stating RESHMA KAMATH as "SLOW" "DELAYED" in writing. This is personal and professional LIBEL.

163.  DEFENDANT ELWOOD LIU has DEFAMED Plaintiff RESHMA KAMATH that she was taking a "vacation" during an appellate filing when no such thing occurred.

164.  DEFENDANT ELWOOD LIU has DEFAMED Plaintiff RESHMA KAMATH in falsely stating  Plaintiff  RESHMA  KAMATH  taking  a "vacation" during  an  appellate  filing  in  speech.  This is  personal  and professional SLANDER.

165.   DEFENDANT ELWOOD LIU used the words "INSULTING, INFLAMMATORY, UNFOUNDED" not grounded in code and statute to describe objective conduct of Plaintiff RESHMA KAMATH.

166.   DEFENDANT ELWOOD LIU has violated the PRIVACY of Plaintiff RESHMA KAMATH in disclosing Plaintiff's personal information to strangers and causing opposing attorney to place that information on the appellate docket publicly.

167.   DEFENDANT ELWOOD LIU has with clear absence of jurisdiction circumventing the code and law favored WHITE ATTORNEYS, in a discriminatory, arbitrary, and capricious manner against Plaintiff RESHMA KAMATH, who is INDIAN.

168.   DEFENDANT ELWOOD LIU has with clear absence of jurisdiction ultra vires has not name-called WHITE ATTORNEYS when those WHITE ATTORNEYS circumvent the law and code.

169.   DEFENDANT ELWOOD LIU has pretextually used the law and code to promote her PRO-WHITE BIAS, and arbitrarily and capriciously discriminated against INDIANS and tanner/darker-toned attorneys.

170.   DEFENDANT ELWOOD LIU has pretextually used the law and code to demonstrate COLORISM.

171. DEFENDANT ASHMANN-GERST has riled up as a White woman – as they usually do – both White men, and men of color, in DEFENDANT ASHMANN GERST's wild accusations of people of color.

172. DEFENDANT ASHMANN GERST, as a White woman, got DEFENDANT ELWOOD-LIU, and another White guy, HOFFSTADT, to rally in on her White mob-mentality with JUDGE MARIE E. STRATTON.

173. DEFENDANT ASHMANN-GERST has used words like "conspiracies" in describing Plaintiff RESHMA KAMATH.

174. DEFENDANT ASHMANN-GERST did not afford Plaintiff RESHMA KAMATH her due process right under the Fifth Amendment of the United States Constitution.

175. DEFENDANT ASHMANN-GERST may boast that she interviewed an African-American judge once, but that does not mean DEFENDANT ASHMANN-GERST is puritanical. Probably did this to look good. Both Defendant ASHMANN-GERST and Defendant STRATTON were highly-privileged coddled by fathers, husbands and other men. Just because they're women, they do not support other women – definitely not women attorneys of color.

176.   DEFENDANT ASHMANN-GERST can be invidiously racist to Indians. DEFENDANT ASHMANN-GERST was racist to PLAINTIFF RESHMA KAMATH.

177.   DEFENDANT ASHMANN-GERST took the same three-person trio of DEFENDANT ELWOOD LIU and associate justice BRIAN M. HOFFSTADT

178.   DEFENDANT MARIE E. STRATTON is racist, because she took language from DEFENDANT ELWOOD LIU not grounded in code, such as "INSULTING, INFLAMMATORY, UNFOUNDED" from a completely different case, and injected her racial bias and prejudice to Plaintiff RESHMA KAMATH in an unrelated one. The words from DEFENDANT ELWOOD LIU that DEFENDANT MARIE E. STRATTON used are VERBATIM in two different cases from two different judges – neither grounded in any code language, where one DEFENDANT ELWOOD LIU uses it and DEFENDANT MARIE STRATTON follows suit.

179.   DEFENDANT MARIE E. STRATTON cited based on her revengeful, racist and demeaning attitude to Plaintiff RESHMA KAMATH, purely because DEFENDANT MARIE E. STRATTON is biased towards Indians.

180.   DEFENDANT MARIE E. STRATTON who has statements about mental health in her bio must check whether her own mental health in promoting White attorneys and individuals who need much help in American society

gathering up support from subordinate justices such as Victor Viramonte and Elizabeth Grimes.

181. DEFENDANT MARIE E. STRATTON and DEFENDANT ASHMANN-GERST both cannot stand another woman of color sole practitioner thrive, because their pro-White attitude won't comport with this kind of promotion of women of color without their White boys.

182. DEFENDANT MARIE E. STRATTON and DEFENDANT ASHMANN-GERST are in the cohort of wives, mothers, and grand-mothers, whose sons and grandsons are picking up guns in America and shooting innocent people of color, and people in general without thinking.

183. It is sad that Plaintiff RESHMA KAMATH has to deal with such small-minded, bigots, such as DEFENDANT MARIE E. STRATTON and DEFENDANT ASHMANN-GERST.

184. DEFENDANT MARIE E. STRATTON and DEFENDANT ASHMANN- GERST know that White men, and men of color will do anything they state; and thus, they wield their power based on their skin color, ethnic and racial background.

185. They rallied in DEFENDANT ELWOOD LIU, BRIAN M. HOFFSTADT, VICTOR VIRAMONTE, and ELIZABETH GRIMES in their racist outcry.

186.   It is undisputed DEFENDANT MARIE E. STRATTON and DEFENDANT ASHMANN-GERST are biased towards Indians.

187.   DEFENDANT BARBARA A. MEIERS demonstrated her racism for over a year constantly berating PLAINTIFF RESHMA KAMATH – acting extremely abusive and demeaning – causing White attorneys extremely latitude. Even protecting the White attorneys such as Anthony McClaren and White Litigants such as Sandra Wolfe, and Ryan Eric Born.

188.   DEFENDANTS YAEL TOBI AND JEFFREY BROWN used the term, "WHITE SUPREMACY" for objective statements of fact related to a judge that PLAINTIFF RESHMA KAMATH uncovered.

189.   DEFENDANTS YAEL TOBI AND JEFFREY BROWN's of using words such as "WHITE SUPREMACY" has no litigation privilege.

190.   DEFENDANT JEFFREY CZECH brought in his racial bias in his e-mail to Plaintiff RESHMA KAMATH where he cc'ed a bunch of filing clerks. DEFENDANT JEFFREY CZECH's taunt was met with this below picture from Plaintiff RESHMA KAMATH.

191.   It is undisputed that DEFENDANT ASHMANN-GERST is racist.

192.   It is undisputed that DEFENDANT MARIE E. STRATTON is racist.

193.   It is undisputed that DEFENDANT MELISSA REAL is racist.

194.   It is undisputed that DEFENDANT ELWOOD LIU is racist.

195. DEFENDANT ASHMANN GERST has pretextually used the law and code to promote her PRO-WHITE BIAS, and arbitrarily and capriciously discriminated against INDIANS and tanner/darker-toned attorneys.

196. DEFENDANT ASHMANN GERST has pretextually used the law and code to demonstrate COLORISM.

197. DEFENDANT MELISSA REAL took instruction from DEFENDANT ASHMANN GERST in her invidious and systemic discrimination in practice whether and/or not they had the intent to discriminate.

198. DEFENDANT MELISSA REAL took instruction from DEFENDANT ELWOOD LIU in her invidious and systemic discrimination in practice whether and/or not they had the intent to discriminate.

199. DEFENDANT ELWOOD LIU and DEFENDANT ASHMANN GERST have DEFAMED Plaintiff RESHMA KAMATH in falsely stating Plaintiff RESHMA KAMATH was making anti-Israel comments to an opposing attorney who is Jewish in ethnic backgrounds. This is personal and professional SLANDER against Plaintiff RESHMA KAMATH.

200. DEFENDANT ELWOOD LIU and DEFENDANT ASHMANN GERST have DEFAMED Plaintiff RESHMA KAMATH in falsely stating "hezbollah" and "hamas" to Plaintiff RESHMA KAMATH. This is personal and professional SLANDER against Plaintiff RESHMA KAMATH.

201.   DEFENDANT APPELLATE COURT -SECOND DIVISION has

negligently hired DEFENDANTS such as DEFENDANT MELISSA REAL.

202.   DEFENDANT APPELLATE COURT -SECOND DIVISION is promoting

the personal and professional DEFAMATION- SLANDER and LIBEL against

Plaintiff RESHMA KAMATH.

203.   DEFENDANT APPELLATE COURT -SECOND DIVISION is promoting

the ARBITRARY AND CAPRICIOUS DISCRIMINATION of its staff

against Plaintiff RESHMA KAMATH.

204.   DEFENDANT APPELLATE COURT -SECOND DIVISION is

demonstrating NEGLIGENCE toward Plaintiff RESHMA KAMATH.

205.   When Plaintiff RESHMA KAMATH had informed DEFENDANT

ELWOOD LIU that Plaintiff was to take legal action against him for his

discrimination, the other appellate justices joined in to deny without any basis

in code, and/in law any and all filings that Plaintiff RESHMA KAMATH as

counsel made.

206.   DEFENDANT APPELLATE COURT -SECOND DIVISION is

demonstrating NEGLIGENCE toward Plaintiff RESHMA KAMATH in  that

the DEFENDANT APPELLATE COURT has hired non-attorneys, and non-

Juris Doctor without any training.

207. DEFENDANT APPELLATE COURT -SECOND DIVISION is demonstrating NEGLIGENCE toward Plaintiff RESHMA KAMATH because even the other white, female appellate justices have ensured that a different hearing regarding sexual assault victim was openly held prior to Plaintiff RESHMA KAMATH's appeal oral argument.

208. 89.DEFENDANT APPELLATE COURT -SECOND DIVISION is demonstrating arbitrary and capricious discrimination, institutionally because it is promoting pro-WHITE attorneys to litigate as and how they please to circumvent the law, code and rules; when those White attorneys are pitted against a sole- practitioner, female minority counsel, Plaintiff RESHMA KAMATH.

209. DEFENDANT APPELLATE COURT -SECOND DIVISION is a state actor, and is acting under the color of law.

210. DEFENDANT STATE BAR OF CALIFORNIA is negligent in not taking appropriate action against judicial officers. The JUDICIAL COMMISSION ON PERFORMANCE is not the body take action against judges, because that COMMISSION does not have the enforceability and clout that DEFENDANT STATE BAR has.

211.   DEFENDANT STATE BAR OF CALIFORNIA does not have a standing committee on JUDICIAL MISCONDUCT as they have for professional misconduct for attorneys.

## CAUSES OF ACTION

## I. NEGLIGENCE

212.   Plaintiff refers to, re-alleges and incorporates via reference each of the paragraphs above as if set forth fully herein.

213.   Defendant Appellate Court – Second Division because they hire filing clerks who are not trained in the law, not attorneys, not Juris Doctors, and are laypersons, such as notaries.

214.   Defendant Appellate Court – Second Division, because they promote racism in their courts.

215.   Defendant Appellate Court – Second Division, because they let these untrained filing clerks dictate what is falsely publicly displayed on the public docket.

216.   Defendant Appellate Court – Second Division because such public display is often misleading and falsified.

217.   Defendants Elwood, Marie and Judith for negligently working with and hiring staff such as Defendant Melissa who're incompetent, untrained, unsupervised, and racist.

218.  Defendants Elwood, Marie and Judith for negligently supervising staff such as Defendant Melissa who're incompetent, untrained, unsupervised, and racist.

219.  Plaintiff seeks relief as in the prayer for relief below.

## II.    NEGLIGENT HIRING

220.  Plaintiff refers to, re-alleges and incorporates via reference each of the paragraphs above as if set forth fully herein.

221.  Defendant Appellate Court – Second Division because they hire filing clerks who are not trained in the law, not attorneys, not Juris Doctors, and are lay-persons, such as notaries.

222.  Defendant Appellate Court – Second Division, because they promote racism in their courts.

223.  Defendant Appellate Court – Second Division, because they let these untrained filing clerks dictate what is falsely publicly displayed on the public docket.

224.  Defendant Appellate Court – Second Division because such public display is often misleading and falsified.

225.  Plaintiff seeks relief as in the prayer for relief below.

## III.    42 U.S.C 1983 RACIAL AND GENDER DISCRIMINATION

226.  Plaintiff refers to, re-alleges and incorporates via reference each of the paragraphs above as if set forth fully herein.

227.   Each Defendant demonstrated racism, because they were acting under color of state law.

228.   Defendant Appellate Court – Second Division because they institutionally promoted racism at the highest level.

229.   Defendants Liu using words like "slow and delayed" and then using words like "unfounded, insulting, and inflammatory."

230.   Defendants Tobi and COBURN for stating "White Supremacy" comment to Plaintiff Reshma Kamath.

231.   Defendant Czech in his racial taunts.

232.   Defendant Real for her purposely and invidiously rejecting documents that have no basis in the code, law, statute, and/or rule.

233.   Defendants Liu, Stratton and Ashmann-Gerst in using racial biased words, statements, and conduct towards Plaintiff Reshma Kamath.

234.   Defendant Stratton using the same words of Defendant Liu in a completely different case stating, "unfounded, insulting, and inflammatory."

235.   Defendants' racism and misogyny that can hide under litigation privilege and absolute immunity.

236.   Plaintiff seeks relief as in the prayer for relief below.

## IV.   CALIFORNIA GOVERNMENT CODE § 8315

237. Plaintiff refers to, re-alleges and incorporates via reference each of the paragraphs above as if set forth fully herein.

238. Plaintiff refers to, re-alleges and incorporates via reference each of the paragraphs above as if set forth fully herein.

239. Each Defendant demonstrated racism, because they were acting under color of state law.

240. Defendant Appellate Court – Second Division because they institutionally promoted racism at the highest level.

241. Defendants Liu using words like "slow and delayed" and then using words like "unfounded, insulting, and inflammatory."

242. Defendants Tobi and COBURN for stating "White Supremacy" comment to Plaintiff Reshma Kamath.

243. Defendant Czech in his racial taunts.

244. Defendant Real for her purposely and invidiously rejecting documents that have no basis in the code, law, statute, and/or rule.

245. Defendants Liu, Stratton and Ashmann-Gerst in using racial biased words, statements, and conduct towards Plaintiff Reshma Kamath.

246. Defendant Stratton using the same words of Defendant Liu in a completely different case stating, "unfounded, insulting, and inflammatory."

247.   Defendants' racism and misogyny that can hide under litigation privilege and absolute immunity.

248.   Plaintiff seeks relief as in the prayer for relief below.

## V.   NEGLIGENCE -FAILURE TO INVESTIGATE [DEFENDANTS COMMISSION, COUNCIL, SUPERIOR COURT – LOS ANGELES; SCHULTZ; LA COUNTY SHERIFF; AND DOES 1-10 INCLUSIVE]

249.   PLAINTIFF RESHMA KAMATH hereby pleads, complains, alleges and incorporates via reference each and every allegation stated in the preceding paragraphs as if set forth fully herein.

250.   DEFENDANT COMMISSION'S GROSS NEGLIGENCE

251.   PLAINTIFF RESHMA KAMATH claims that DEFENDANTS acted unreasonably, that is, without proper cause, by failing to conduct a proper investigation of PLAINTIFF RESHMA KAMATH's claim/complaint.

252.   To establish this claim, PLAINTIFF RESHMA KAMATH is able to prove all of the following:

253.   That PLAINTIFF RESHMA KAMATH suffered a loss covered;

254.   That PLAINTIFF RESHMA KAMATH properly presented a claim/complaint to DEFENDANT COMMISSION to be compensated for the loss;

255.  That DEFENDANT COMMISSION had a duty to PLAINTIFF RESHMA

KAMATH, and that DEFENDANT COMMISSION breached that duty in that

DEFENDANT COMMISSION;

256.  That DEFENDANT COMMISSION, failed to conduct a full, fair, prompt,

and thorough investigation of all of the bases of PLAINTIFF RESHMA

KAMATH's claim/complaint;

257.  DEFENDANT COMMISSION breached that duty, because DEFENDANT

COMMISSION failed to conduct a full, fair, prompt, and thorough

investigation of all of the bases of PLAINTIFF RESHMA KAMATH's

claim/complaint;

258.  DEFENDANT COMMISSION has failed to properly investigate matters

reported them mailing a one-liner letter stating "inconclusive" without "clear

and convincing evidence."

259.  DEFENDANT COMMISSION did not provide any evidence that they had

conducted any kind of investigation;

260.  DEFENDANT COMMISSION did not disclose how it came to the

conclusion in the one-liner letter stating "inconclusive" without "clear and

convincing evidence." DEFENDANT COMMISSION did not provide any

evidence that they had conducted any kind of investigation;

261.   DEFENDANT COMMISSION failed to disclose what kind of investigation, if any, that they allege they had conducted;

262.   That as a result of DEFENDANT COMMISSION's failure and breach, PLAINTIFF RESHMA KAMATH was harmed; and,

263.   That DEFENDANT COMMISSION's failure to properly investigate the claim/complaint was a substantial factor in causing PLAINTIFF RESHMA KAMATH's harm;

264.   That DEFENDANT COMMISSION's failure to properly investigate the claim/complaint was an actual and/or proximate cause in causing PLAINTIFF RESHMA KAMATH's harm.

265.   That DEFENDANT COMMISSION's failure to properly investigate the claim/complaint was an actual and/or proximate cause in causing PLAINTIFF RESHMA KAMATH's harm that was monetary, non-monetary, and/or punitive.

266.   That DEFENDANT COMMISSION's failure to properly investigate the claim/complaint was an actual and/or proximate cause in causing PLAINTIFF RESHMA KAMATH's harm that included but not limited to physical danger, reputational monetary loss, and/or reputational non-monetary loss.

267.  When investigating PLAINTIFF RESHMA KAMATH's claim, DEFENDANT COMMISSION had a duty to diligently search for and consider evidence that supported and/or negated of the complaint/claim causing the loss.

268.  DEFENDANT SUPERIOR COURT- LOS ANGELES' GROSS NEGLIGENCE

269.  PLAINTIFF RESHMA KAMATH claims that DEFENDANTS acted unreasonably, that is, without proper cause, by failing to conduct a proper investigation of PLAINTIFF RESHMA KAMATH's claim/complaint.

270.  To establish this claim, PLAINTIFF RESHMA KAMATH is able to prove all of the following:

271.  That PLAINTIFF RESHMA KAMATH was discriminated against and suffered a loss;

272.  That PLAINTIFF RESHMA KAMATH properly presented a claim/complaint to DEFENDANT SUPERIOR COURT- LOS ANGELES to be investigated;

273.  That DEFENDANT COMMISSION had a duty to PLAINTIFF RESHMA KAMATH, and that DEFENDANT SUPERIOR COURT- LOS ANGELES breached that duty in that DEFENDANT SUPERIOR COURT- LOS ANGELES:

274.   That DEFENDANT SUPERIOR COURT- LOS ANGELES, failed to conduct a full, fair, prompt, and thorough investigation of any and all of the bases of PLAINTIFF RESHMA KAMATH's claim/complaint;

275.   DEFENDANT SUPERIOR COURT- LOS ANGELES breached that duty, because DEFENDANT SUPERIOR COURT- LOS ANGELES failed to conduct a full, fair, prompt, and thorough investigation of any and all of the bases of PLAINTIFF RESHMA KAMATH's claim/complaint;

276.   DEFENDANT SUPERIOR COURT- LOS ANGELES has failed to properly investigate matters reported them mailing a one-liner letter stating "inconclusive" without "clear and convincing evidence."

277.   DEFENDANT SUPERIOR COURT- LOS ANGELES did not provide any evidence that they had conducted any kind of investigation; 104. DEFENDANT SUPERIOR COURT- LOS ANGELES did not disclose how it came to the conclusion in the one-liner letter stating "inconclusive" without "clear and convincing evidence." DEFENDANT COMMISSION did not provide any evidence that they had conducted any kind of investigation;

278.   DEFENDANT SUPERIOR COURT- LOS ANGELES failed to disclose what kind of investigation, if any, that they allege they had conducted;

279.   That as a result of DEFENDANT SUPERIOR COURT- LOS ANGELES' failure and breach, PLAINTIFF RESHMA KAMATH was harmed; and,

280. That DEFENDANT SUPERIOR COURT- LOS ANGELES' failure to properly investigate the claim/complaint was a substantial factor in causing PLAINTIFF RESHMA KAMATH's harm;

281. That DEFENDANT SUPERIOR COURT- LOS ANGELES' failure to properly investigate the claim/complaint was an actual and/or proximate cause in causing PLAINTIFF RESHMA KAMATH's harm.

282. That DEFENDANT SUPERIOR COURT- LOS ANGELES' failure to properly investigate the claim/complaint was an actual and/or proximate cause in causing PLAINTIFF RESHMA KAMATH's harm that was monetary, nonmonetary, and/or punitive.

283. That DEFENDANT SUPERIOR COURT- LOS ANGELES' failure to properly investigate the claim/complaint was an actual and/or proximate cause in causing PLAINTIFF RESHMA KAMATH's harm that included but not limited to physical danger, reputational monetary loss, and/or reputational non-monetary loss.

284. DEFENDANTS have demonstrated anti-Hindu, anti-Indian sentiments in their conduct, statements, actions, delegations, and lack thereof/omissions. This goes into the actions of those DEFENDANTS supervise and oversee. DEFENDANTS maybe agents of their principals, and such actions/omissions impute to those principals.

285.   DEFENDANTS SCHULTZ improperly personally served a different Indian-American/Hindu-American family/woman who has the same name as PLAINTIFF RESHMA KAMATH.

286.   Thereafter, PLAINTIFF RESHMA KAMATH was contacted by that other Indian-American/Hindu-American woman's spouse who has the same name as PLAINTIFF RESHMA KAMATH.

287.   DEFENDANT SCHULTZ has tarnished PLAINTIFF RESHMA KAMATH's reputation personally and professionally.

288.   DEFENDANT SCHULTZ has not even proven his improper order of contempt.

289.   The process-server/Sheriff was working under the direct supervision and instruction of DEFENDANT SCHULTZ and DEFENDANT SUPERIOR COURT – LOS ANGELES.

290.   When investigating PLAINTIFF RESHMA KAMATH's claim, DEFENDANT SUPERIOR COURT- LOS ANGELES had a duty to diligently search for and consider evidence that supported and/or negated of the complaint/claim causing the loss.

291.   DEFENDANT COUNCIL'S GROSS NEGLIGENCE

292.   PLAINTIFF RESHMA KAMATH claims that DEFENDANT COUNCIL acted unreasonably, that is, without proper cause, by failing to

conduct a proper investigation of PLAINTIFF RESHMA KAMATH's claim/complaint.

293. To establish this claim, PLAINTIFF RESHMA KAMATH is able to prove all of the following:

294. That PLAINTIFF RESHMA KAMATH was discriminated against and suffered a loss;

295. That PLAINTIFF RESHMA KAMATH properly presented a claim/complaint to DEFENDANT COUNCIL to be investigated;

296. That DEFENDANT COUNCIL had a duty to PLAINTIFF RESHMA KAMATH, and that DEFENDANT COMMISSION breached that duty in that DEFENDANT COUNCIL;

297. That DEFENDANT COUNCIL, failed to conduct a full, fair, prompt, and thorough investigation of any and all of the bases of PLAINTIFF RESHMA KAMATH's claim/complaint;

298. DEFENDANT COUNCIL breached that duty, because DEFENDANT COMMISSION failed to conduct a full, fair, prompt, and thorough investigation of any and all of the bases of PLAINTIFF RESHMA KAMATH's claim/complaint;

299.   DEFENDANT COUNCIL has failed to properly investigate matters reported them mailing a one-liner letter stating "inconclusive" without "clear and convincing evidence."

300.   DEFENDANT COUNCIL did not provide any evidence that they had conducted any kind of investigation;

301.   DEFENDANT COUNCIL did not disclose how it came to the conclusion in the one-liner letter stating "inconclusive" without "clear and convincing evidence."

302.   DEFENDANT COUNCIL did not provide any evidence that they had conducted any kind of investigation;

303.   DEFENDANT COUNCIL failed to disclose what kind of investigation, if any, that they allege they had conducted;

304.   That as a result of DEFENDANT COUNCIL's failure and breach, PLAINTIFF RESHMA KAMATH was harmed; and,

305.   That DEFENDANT COMMISSION's failure to properly investigate the claim/complaint was a substantial factor in causing PLAINTIFF RESHMA KAMATH's harm;

306.   That DEFENDANT COUNCIL's failure to properly investigate the claim/complaint was an actual and/or proximate cause in causing PLAINTIFF RESHMA KAMATH's harm.

307. That DEFENDANT COUNCIL's failure to properly investigate the claim/complaint was an actual and/or proximate cause in causing PLAINTIFF RESHMA KAMATH's harm that was monetary, non-monetary, and/or punitive.

308. That DEFENDANT COUNCIL's failure to properly investigate the claim/complaint was an actual and/or proximate cause in causing PLAINTIFF RESHMA KAMATH's harm that included but not limited to physical danger, reputational monetary loss, and/or reputational non-monetary loss.

309. When investigating PLAINTIFF RESHMA KAMATH's claim, DEFENDANT COUNCIL's had a duty to diligently search for and consider evidence that supported and/or negated of the complaint/claim causing the loss.

310. PLAINTIFF RESHMA KAMATH states there is no absolute immunity, against DEFENDANT COUNCIL and/or no litigation privilege against DEFENDANT COUNCIL when the matters goes into perceived quasi-criminal, and /or perceived contemptuous conduct.

311. Each DEFENDANTS' conduct is an extreme departure from what a reasonably careful person would do in the same situation to prevent harm to oneself or to others.

312.   DEFENDANTS LAMM, ORTIZ, AND DELORME are equally responsible, and are in actual/direct/proximate causation to the behavior, and lack thereof of DEFENDANT STEWART.

313.   In this case, and related, DEFENDANT JUN has not only made NSF checks over the course of one year of PLAINTIFF's work, but also falsified in omission facts to DEFENDANTS SCHULTZ in that DEFENDANT JUN failed to retain an attorney – when PLAINTIFF informed him of PLAINTIFF's intention to substitute out of the matter; and DEFENDANT JUN's failure to appear in court as the in pro per litigant he was on behalf of his company.

314.   DEFENDANTS JUN and MEDIONI are equally responsible, and are in actual/direct/proximate causation to the behavior, and lack thereof of DEFENDANT SCHULTZ.

315.   PLAINTIFF RESHMA KAMATH claims damages as stated in the prayer for relief. SECOND CAUSE OF ACTION II. NEGLIGENT HIRING, SUPERVISION AND RETENTION [DEFENDANT SUPERIOR COURT LOS ANGELES, SCHULTZ; LA COUNTY SHERIFF; AND DOES 1-10 INCLUSIVE].

316.   PLAINTIFF RESHMA KAMATH hereby pleads, complains, alleges and incorporates via reference each and every allegation stated in the preceding paragraphs as if set forth fully herein.

317.  PLAINTIFF RESHMA KAMATH states that DEFENDANT SUPERIOR COURT LOS ANGELES hires, supervises and/or retains negligent incompetent staff in its administration, civil appeals unit, and/or as court clerks.

318.  PLAINTIFF RESHMA KAMATH states that DEFENDANT SUPERIOR COURT LOS ANGELES negligently hires, supervises and/or retains court clerks who're non-lawyers, non-college graduates, non-Juris Doctor degree holders, non-licensed, and/or under-trained, performing legal roles where legal advice is provided.

319.  PLAINTIFF RESHMA KAMATH states that DEFENDANT SUPERIOR COURT LOS ANGELES knows and should have known that it had negligently hired, supervised and/or retained incompetent court clerks who're non-lawyers, non-college graduates, non-Juris Doctor degree holders, non-licensed, and/or under-trained, performing legal roles where legal advice is provided.

320.  As a result of DEFENDANT SUPERIOR COURT LOS ANGELES' hiring, supervision and/or retention of incompetent court clerks who're non-lawyers, noncollege graduates, non-Juris Doctor degree holders, non-licensed, and/or undertrained, PLAINTIFF RESHMA KAMATH states that she has suffered a loss.

321.   As a result of DEFENDANT SUPERIOR COURT LOS ANGELES' hiring, supervision, and/or retention, PLAINTIFF RESHMA KAMATH purports that she has suffered a monetary, non-monetary, and/or punitive loss.

322.   PLAINTIFF RESHMA KAMATH alleges that - DEFENDANT SUPERIOR COURT LOS ANGELES' negligent hiring, supervision, and/or retention of incompetent court clerks who're non-lawyers, non-college graduates, non-Juris Doctor degree holders, non-licensed, and/or under-trained, performing legal roles where legal advice is provided - is a substantial factor, and actual, and/or proximate cause of PLAINTIFF's harm.

323.   Such negligent hiring, supervision, and/or retention has caused, and/or is causing a particular risk to PLAINTIFF.

324.   When investigating PLAINTIFF RESHMA KAMATH's claim, DEFENDANT COMMISSION had a duty to diligently search for and consider evidence that supported and/or negated the complaint/claim causing the loss.

325.   DEFENDANTS have demonstrated anti-Hindu, anti-Indian sentiments in their conduct, statements, actions, delegations, and lack thereof/omissions. This goes into the actions of those DEFENDANTS supervise and oversee. DEFENDANTS maybe agents of their principals, and such actions/omissions impute to those principals.

326. DEFENDANTS SCHULTZ improperly personally served a different Indian-American/Hindu-American family/woman who has the same name as PLAINTIFF RESHMA KAMATH.

327. Thereafter, PLAINTIFF RESHMA KAMATH was contacted by that other Indian-American/Hindu-American woman's spouse who has the same name as PLAINTIFF RESHMA KAMATH.

328. DEFENDANT SCHULTZ has tarnished PLAINTIFF RESHMA KAMATH's reputation personally and professionally.

329. DEFENDANT SCHULTZ has not even proven his improper order of contempt.

330. The incompetent process-server/Sheriff was working under the direct supervision and instruction of DEFENDANT SCHULTZ and DEFENDANT SUPERIOR COURT – LOS ANGELES.

331. DEFENDANT SCHULTZ and DEFENDANT SUPERIOR COURT – LOS ANGELES knew and/or should have known that the address was incorrect; and that the incompetent process-server/Sheriff had an incorrect address and wrong person.

332. Such actions [and omissions in finding PLAINTIFF RESHMA KAMATH's correct address] of improper service/incorrect person/incorrect address caused harm and a particular risk to PLAINTIFF RESHMA KAMATH.

333.  PLAINTIFF RESHMA KAMATH states there is no absolute immunity for DEFENDANT SUPERIOR COURT LOS ANGELES and/or no litigation privilege DEFENDANT SUPERIOR COURT LOS ANGELES when the matters goes into/leads/causes perceived quasi-criminal, and /or perceived contemptuous conduct.

334.  DEFENDANTS LAMM, ORTIZ, AND DELORME are equally responsible, and are in actual/direct/proximate causation to the behavior, and lack thereof of DEFENDANT STEWART.

335.  In this case, and related, DEFENDANT JUN has not only made NSF checks over the course of one year of PLAINTIFF's work, but also falsified in omission facts to DEFENDANTS SCHULTZ in that DEFENDANT JUN failed to retain an attorney – when PLAINTIFF informed him of PLAINTIFF's intention to substitute out of the matter; and DEFENDANT JUN's failure to appear in court as the in pro per litigant he was on behalf of his company.

336.  DEFENDANTS JUN and MEDIONI are equally responsible, and are in actual/direct/proximate causation to the behavior, and lack thereof of DEFENDANT SCHULTZ.

337.  PLAINTIFF RESHMA KAMATH claims damages as stated in the prayer for relief.

## VI.      42 U.S.C 1983 VIOLATION DUE PROCESS & EQUAL PROTECTION CLAUSES [DEFENDANTS WILLIAM STEWART, MICHAEL SCHULTZ, COUNCIL, COMMISSION, SUPERIOR COURT – LOS ANGELES, SAMANTHA LAMM, TOMAS ORTIZ, LISA DE LORME, DANIEL MEDIONI, WILLIAM JUN, AND COUNTY OF LOS ANGELES SHERIFF; AND DOES 1-10 INCLUSIVE].

338.  PLAINTIFF RESHMA KAMATH hereby pleads, complains, alleges and incorporates via reference each and every allegation stated in the preceding paragraphs as if set forth fully herein.

339.  Based on from DEFENDANTS' discrimination, PLAINTIFF RESHMA KAMATH was treated differently than similarly-situated lawyers; such as those in her protected class of women lawyers; and/or, those in her protected class of sole-female practitioners; and/or, those in her protected class of sole-female practitioners of Indian/Indian-American/Hindu-American lawyers.

340.  Based on the DEFENDANTS' discrimination of PLAINTIFF'S ethnicity, race, gender, age, perceived culture, perceived religion, and/or immigration status, PLAINTIFF RESHMA KAMATH is a victim of de facto and de jure discrimination from DEFENDANTS based on ethnicity, race, gender, age, perceived culture, perceived religion, and/or immigration status.

341.   Based on the DEFENDANTS' discrimination of PLAINTIFF'S ethnicity, race, gender, age, perceived culture, perceived religion, and/or immigration status, DEFENDANTS have demonstrated intent-based discrimination against PLAINTIFF RESHMA KAMATH.

342.   Based on the DEFENDANTS' discrimination of PLAINTIFF'S ethnicity, race, gender, age, perceived culture, perceived religion, and/or immigration status, DEFENDANTS have demonstrated conduct-based discrimination against PLAINTIFF RESHMA KAMATH.

343.   Based on the DEFENDANTS' discrimination of PLAINTIFF'S ethnicity, race, gender, age, perceived culture, perceived religion, and/or immigration status, DEFENDANTS have demonstrated discrimination against PLAINTIFF RESHMA KAMATH that may be unintentional, but its effect is discriminatory.

344.   Based on the DEFENDANTS' discrimination of PLAINTIFF's ethnicity, race, gender, age, defendants' perceived culture, defendants' perceived religion, and/or immigration status, DEFENDANTS have demonstrated discrimination against PLAINTIFF RESHMA KAMATH in violation of the due process, and/or equal protection clauses of the Fourteenth Amendment of the United States under 42 U.S.C. section 1983.

345.   DEFENDANTS SCHULTZ and STEWART failed to provide due process - notice and an opportunity to be heard - to PLAINTFF when they each cited

RESHMA KAMATH with DEFENDANTS SCHULTZ and STEWART's perception of contemptuous conduct.

346.  DEFENDANTS have demonstrated anti-Hindu, anti-Indian sentiments in their conduct, statements, actions, delegations, and lack thereof/omissions. This goes into the actions of those DEFENDANTS supervise and oversee. DEFENDANTS maybe agents of their principals, and such actions/omissions impute to those principals.

347.  DEFENDANTS SCHULTZ improperly personally served a different Indian-American/Hindu-American family/woman who has the same name as PLAINTIFF RESHMA KAMATH.

348.  Thereafter, PLAINTIFF RESHMA KAMATH was contacted by that other Indian-American/Hindu-American woman's spouse who has the same name as PLAINTIFF RESHMA KAMATH.

349.  DEFENDANT SCHULTZ has tarnished PLAINTIFF RESHMA KAMATH's reputation personally and professionally.

350.  DEFENDANT SCHULTZ has not even proven his improper order of contempt.

351.  The process-server/Sheriff was working under the direct supervision and instruction of DEFENDANT SCHULTZ and DEFENDANT SUPERIOR COURT – LOS ANGELES.

352.   DEFENDANTS SCHULTZ improperly personally served a different Indian-American/Hindu-American family/woman who has the same name as PLAINTIFF RESHMA KAMATH.

353.   Thereafter, PLAINTIFF RESHMA KAMATH was contacted by that other Indian-American/Hindu-American woman's spouse who has the same name as PLAINTIFF RESHMA KAMATH.

354.   DEFENDANT SCHULTZ has tarnished PLAINTIFF RESHMA KAMATH's reputation personally and professionally.

355.   DEFENDANT SCHULTZ has not even proven his improper order of contempt.

356.   The incompetent process-server/Sheriff was working under the direct supervision and instruction of DEFENDANT SCHULTZ and DEFENDANT SUPERIOR COURT – LOS ANGELES.

357.   DEFENDANT SCHULTZ and DEFENDANT SUPERIOR COURT – LOS ANGELES knew and/or should have known that the address was incorrect; and that the incompetent process-server/Sheriff had an incorrect address and wrong person.

358.   Such actions [and omissions in finding PLAINTIFF RESHMA KAMATH's correct address] of improper service/incorrect person/incorrect

address caused harm and a particular risk to PLAINTIFF RESHMA KAMATH.

359. DEFENDANT JUN has not only made NSF checks over the course of one year of PLAINTIFF's work, but also falsified in omission facts to DEFENDANTS SCHULTZ in that DEFENDANT JUN failed to retain an attorney – when PLAINTIFF informed him of PLAINTIFF's intention to substitute out of the matter; and DEFENDANT JUN's failure to appear in court as the in pro per litigant he was on behalf of his company.

360. DEFENDANT SCHULTZ after service of the complaint and summons – then with actual knowledge that DEFENDANT COUNTY OF LOS ANGELES SHERIFF had not made personal service upon PLAINTIFF – went onto further rely on the falsified declaration/affidavit(s), sanction PLAINTIFF in the amount of $4,000; and hold PLAINTIFF in civil contempt. This is racial prejudice and discrimination to say the least.

361. PLAINTIFF RESHMA KAMATH states there is no absolute immunity for ultra vires conduct, and/or no litigation privilege when the matters goes into/leads/causes defendants' perceived quasi-criminal, and/or perceived contemptuous conduct.

362. PLAINTIFF RESHMA KAMATH requests damages as stated in the prayer for relief against all defendants.

363.   DEFENDANTS LAMM, ORTIZ, AND DELORME are equally responsible, and are in actual/direct/proximate causation to the behavior, and lack thereof of DEFENDANT STEWART.

364.   In this case, and related, DEFENDANT JUN has not only made NSF checks over the course of one year of PLAINTIFF's work, but also falsified in omission facts to DEFENDANTS SCHULTZ in that DEFENDANT JUN failed to retain an attorney – when PLAINTIFF informed him of PLAINTIFF's intention to substitute out of the matter; and DEFENDANT JUN's failure to appear in court as the in pro per litigant he was on behalf of his company.

365.   DEFENDANTS JUN and MEDIONI are equally responsible, and are in actual/direct/proximate causation to the behavior, and lack thereof of DEFENDANT SCHULTZ.

366.   PLAINTIFF RESHMA KAMATH requests damages in the amount of $40 million ($40,000,000) against DEFENDANTS SCHULTZ, JUN, MEDIONI, and LA COUNTY SHERIFF, individually, jointly, and collectively.

**VI.    FAILURE TO PREVENT HARASSMENT, DISCRIMINATION, AND/OR RETALIATION [DEFENDANTS COMMISSION, COUNCIL, SUPERIOR COURT – LOS ANGELES; STEWART; SCHULTZ; LA COUNTY SHERIFF; TREU, ASHMANN-**

**GERST, ELWOOD LUI, STRATTON, JUN AND DOES 1-10**

**INCLUSIVE].**

367.  PLAINTIFF RESHMA KAMATH hereby pleads, complains, alleges and incorporates via reference each and every allegation stated in the preceding paragraphs as if set forth fully herein.

368.  PLAINTIFF RESHMA KAMATH claims that DEFENDANT SUPERIOR COURT, LOS ANGELES failed to take all reasonable steps to prevent harassment/discrimination/retaliation based on described protected status— e.g., race, gender, and/or age.

369.  To establish this claim, PLAINTIFF RESHMA KAMATH is able to prove all of the following:

370.  That PLAINTIFF RESHMA KAMATH had appeared virtually and/or in person at the premises of DEFENDANT SUPERIOR COURT, LOS ANGELES;

371.  That PLAINTIFF RESHMA KAMATH was subjected to harassment/discrimination/retaliation in the course of PLAINTIFF RESHMA KAMATH's work as a lawyer prosecuting /defending a case for her clients;

372.  That DEFENDANT SUPERIOR COURT, LOS ANGELES failed to take all reasonable steps to prevent the harassment/discrimination/retaliation;

373.  That PLAINTIFF RESHMA KAMATH was harmed;

374.  That PLAINTIFF RESHMA KAMATH was harmed because of her race and gender in causing her physical danger, deteriorating her safety and security, and without any basis causing her to face trauma/stress for falsely deeming her advocacy over a remote audio appearance as quasi-criminal conduct; and,

375.  That DEFENDANT SUPERIOR COURT, LOS ANGELES' failure to take all reasonable steps to prevent harassment/discrimination/retaliation was a substantial factor in causing PLAINTIFF RESHMA KAMATH's harm.

376.  PLAINTIFF RESHMA KAMATH states there is no absolute immunity for ultra vires conduct, and/or no litigation privilege when the matters goes into/leads/causes defendants' perceived quasi-criminal, and /or perceived contemptuous conduct.

377.  DEFENDANTS LAMM, ORTIZ, AND DELORME are equally responsible, and are in actual/direct/proximate causation to the behavior, and lack thereof of DEFENDANT STEWART.

378.  In this case, and related, DEFENDANT JUN has not only made NSF checks over the course of one year of PLAINTIFF's work, but also falsified in omission facts to DEFENDANTS SCHULTZ in that DEFENDANT JUN failed to retain an attorney – when PLAINTIFF informed him of PLAINTIFF's

intention to substitute out of the matter; and DEFENDANT JUN's failure to appear in court as the in pro per litigant he was on behalf of his company.

379.  DEFENDANTS JUN and MEDIONI are equally responsible, and are in actual/direct/proximate causation to the behavior, and lack thereof of DEFENDANT SCHULTZ.

380.  PLAINTIFF RESHMA KAMATH requests damages as stated in the prayer for relief.

381.  PLAINTIFF RESHMA KAMATH requests damages in the amount of $40 million ($40,000,000) against DEFENDANTS SCHULTZ, JUN, MEDIONI, and LA COUNTY SHERIFF, individually, jointly, and collectively.

## VIII. JUDICIAL WILFUL MISCONDUCT [AGAINST DEFENDANTS STEWART, SCHULTZ, TREU, ASHMANN GERST, STRATTON, LUI, AND DOES 1-10, INCLUSIVE]

382.  PLAINTIFF RESHMA KAMATH hereby pleads, complains, alleges and incorporates via reference each and every allegation stated in the preceding paragraphs as if set forth fully herein.

383.  In Dodds v. Commission on Judicial Performance, 12 Cal.4th 163, 48 Cal.Rptr.2d 106, 906 P.2d 1260 (1995), the court held that to commit willful misconduct in office, a judge must engage in conduct that is unjudicial and committed in bad faith while acting in a judicial capacity.

384.   A finding of willful misconduct in office requires that the misconduct occur while the judge is acting in a judicial capacity. A judge is acting in a judicial capacity while performing one of the functions, whether adjudicative or administrative in nature, that are associated with the position of a judge or when the judge uses or attempts to use the authority of the judicial office for an improper purpose. (Dodds v. Commission on Judicial Performance, supra, 12 Cal.4th at p. 172; see Kennick v. Commission on Judicial Performance, 50 Cal.3d at p. 319. 210.

385.   In summary, a judge who commits legal error which, in addition, clearly and convincingly reflects bad faith (Broadman v. Commission on Judicial Performance, supra, 18 Cal.4th 1079, 1091-1092), bias (Kennick v. Commission on Judicial Performance (1990) 50 Cal.3d 297, 327-331 [267 Cal.Rptr. 293, 787 P.2d 591, 87 A.L.R.4th 679]), abuse of authority (Spruance v. Commission on Judicial Qualifications (1975) 13 Cal.3d 778, 786-795 [119 Cal.Rptr. 841, 532 P.2d 1209]), disregard for fundamental rights (Kloepfer v. Commission on Judicial Performance, 49 Cal.3d 826, 849-854), intentional disregard of the law (Cannon v. Commission on Judicial Qualifications, 14 Cal.3d 678, 695-698), or any purpose other than the faithful discharge of judicial duty (Ryan v. Commission on Judicial Performance (1988) 45 Cal.3d 518, 545-546 [247 Cal.Rptr. 378, 754 P.2d 724, 76 A.L.R.4th 951]), is subject

to investigation. See generally, Shaman et al., Judicial Conduct and Ethics, § 2.02, pp. 32-37. 211.

386.  The court must independently review the findings of the Commission to ensure that there is clear and convincing evidence to sustain the charge to a reasonable certainty. (Gonzalez v. Commission on Judicial Performance (1983) 33 Cal.3d 359, 365 [ 188 Cal.Rptr. 880, 657 P.2d 372]; Geiler v. Commission on Judicial Qualifications (1973) 10 Cal.3d 270, 275 [ 110 Cal.Rptr. 201, 515 P.2d 1].)

387.  In doing so, the court must give special weight to the factual determinations of the masters, who are best able to evaluate the truthfulness of the witnesses appearing before them. (Gubler v. Commission on Judicial Performance (1984) 37 Cal.3d 27, 34 [ 207 Cal. Rptr. 171, 688 P.2d 551]; Wenger, 29 Cal.3d at p. 623.) At the same time, the court must accord great weight to the legal conclusions of the Commission. Wenger, 29 Cal.3d at p. 623.

388.  DEFENDANT SCHULTZ'S WILFUL MISCONDUCT

389.      DEFENDANT SCHULTZ made false statement(s) including but not limited to the court clerk(s), the strangers to the action, the opposing attorney, the administration of the DEFENDANT SUPERIOR COURT, the process server, such as:

390.  a. That PLAINTIFF RESHMA KAMATH lives in Cupertino, CA;

b. That PLAINTIFF RESHMA KAMATH has a husband and a child;

c. That PLAINTIFF RESHMA KAMATH was personally served with DEFENDANT's order;

d. That PLAINTIFF RESHMA KAMATH did not appear for a hearing when PLAINTIFF RESHMA KAMATH was properly substituted out of the matter;

e. That PLAINTIFF RESHMA KAMATH did not obtain client consent;

f. That PLAINTIFF RESHMA KAMATH committed forgery of client's signature;

g. That PLAINTIFF RESHMA KAMATH had committed any contemptuous conduct;

h. That PLAINTIFF RESHMA KAMATH had committed a crime; and/or,

i. That PLAINTIFF RESHMA KAMATH is somehow superior and special because of her caste.


391.   None of the afore-stated statements are true.

392.   DEFENDANT SCHULTZ after service of the complaint and summons in above-captioned matter– then with actual knowledge that DEFENDANT COUNTY OF LOS ANGELES SHERIFF had not made personal service upon PLAINTIFF – went onto further rely on the falsified declaration/affidavit(s),

sanctioned PLAINTIFF in the amount of $4,000; and hold PLAINTIFF in civil contempt. This is racial prejudice and discrimination to say the least. 215. PLAINTIFF RESHMA KAMATH requests damages as stated in the prayer for relief.

393. PLAINTIFF RESHMA KAMATH requests damages in the amount of $40 million ($40,000,000) against DEFENDANTS SCHULTZ, JUN, MEDIONI, and LA COUNTY SHERIFF, individually, jointly, and collectively.

394. DEFENDANT STEWART'S WILFUL MISCONDUCT

395. In the year 2021, it is undisputed that DEFENDANT STEWART said, "SHUT UP SHUT YOUR MOUTH" "SHUT UP SHUT YOUR MOUTH" to PLAINTIFF RESHMA KAMATH.

396. DEFENDANT STEWART and his DEFENDANT COUNCIL attorney admit under oath to DEFENDANT STEWART saying," SHUT UP".

397. DEFENDANT STEWART remains silent, and does not deny saying, "SHUT UP SHUT YOUR MOUTH" to PLAINTIFF RESHMA KAMATH.

398. DEFENDANT STEWART's omission is acquiescence.

399. In the year 2021, it is undisputed that DEFENDANT STEWART put PLAINTIFF RESHMA KAMATH's life and security in physical danger, because of DEFENDANT STEWART's recalcitrance that PLAINTIFF

RESHMA KAMATH must appear in-person from Arizona to Los Angeles to "apologize" to him in-person.

400.  In the year 2021, it is undisputed that DEFENDANT STEWART put PLAINTIFF RESHMA KAMATH's life and security in physical danger, because PLAINTIFF RESHMA KAMATH had to take an overnight AMTRAK – and because that AMTRAK got canceled at 9 P.M. from Yuma, Arizona, PLAINTFF RESHMA KAMATH had to literally hitchhike from an opportune Uber driver and his friend [complete strangers to PLAINTIFF], all-night sleeping in their SUV backseat and paying them over $600.

401.  DEFENDANT STEWART's sexually-provocative, pornographic-like words, such as "SHUT YOUR MOUTH" repeatedly toward PLAINTIFF RESHMA KAMATH are unacceptable. DEFENDANT STEWART lack of denial under oath of "SHUT YOUR MOUTH"; and the DEFENDANT COUNCIL's attorney's admission under oath that DEFENDANT STEWART's "SHUT UP" was made toward PLAINTIFF RESHMA KAMATH.

402.  DEFENDANT STEWART's Taliban-style judiciousness and his treatment of women of color who're educated and intelligent when they appear as sole practitioners, depict that of the White, Male Homogenous culture prevalent in the United States, i.e., as lesser, more masculine, more

greedy, angrier with rage, more young/youthful [dumb], egotistical/hubris, and to demean them as DEFENDANT STEWART did toward PLAINTIFF RESHMA KAMATH is unacceptable.

403.  DEFENDANT STEWART is part of that White Male Homogenous culture that even people/judges of color have given into.

404.  DEFENDANT STEWART put PLAINTIFF RESHMA KAMATH under duress of an arrest warrant and discriminatory treatment, while demanding only an in-person appearance from Yuma Arizona to Burbank, California; and then an unconditional apology from her.

405.  In the year 2021, DEFENDANT STEWART put PLAINTIFF RESHMA KAMATH's life, safety and security in danger.

406.  Never in any country and in any other professional/academic setting has anyone, whether man and/or woman, made such demeaning statements to PLAINTIFF RESHMA KAMATH.

407.  PLAINTIFF RESHMA KAMATH alleges that DEFENDANT STEWART's racial and gender discrimination is not protected under his ministerial duties, does not have absolute immunity, and is purely ultra vires conduct.

408.  PLAINTIFF RESHMA KAMATH requests damages as stated in the prayer for relief.

409.   Neither are these guys father-figures, and/or like any kind of grandfather/parental figures. They're abusive men sitting on the bench abusing intelligent women in power.

410.   PLAINTIFF RESHMA KAMATH states there is no absolute immunity for ultra vires conduct of racism/gender discrimination, and/or no litigation privilege when the matter goes into/leads/causes DEFENDANTS' perceived quasi-criminal, and /or perceived contemptuous conduct.

411.   DEFENDANTS LAMM, ORTIZ, AND DELORME are equally responsible, and are in actual/direct/proximate causation to the behavior, and lack thereof of DEFENDANT STEWART.

412.   In this case, and related, DEFENDANT JUN has not only made NSF checks over the course of one year of PLAINTIFF's work, but also falsified in omission facts to DEFENDANTS SCHULTZ in that DEFENDANT JUN failed to retain an attorney – when PLAINTIFF informed him of PLAINTIFF's intention to substitute out of the matter; and DEFENDANT JUN's failure to appear in court as the in pro per litigant he was on behalf of his company.

413.   DEFENDANTS JUN and MEDIONI are equally responsible, and are in actual/direct/proximate causation to the behavior, and lack thereof of DEFENDANT SCHULTZ.

414. DEFENDANT TREU had an obvious late-filed anti-slapp before him after sixty days. Yet, Defendant TREU chose to ignore that and rule on the anti-SLAPP in favor of all-White cross-defendants in a state-court case. DEFENDANT TREU also muted Plait substantive argument. Displaying the White traits during substantive argument. Displaying the White traits of Defendant MEIERS and the abominable behavior of Defendant STEWART. This is not decorum maintaining behavior. This is racism.

415. Defendants ASHMANN GERST, LUI used the word, "CONPIRACY" defamatorily and freely attributable to Plaintiff RESHMA KAMATH causing Defendants ALAB news, and JUDIOCRACY LLC to republish this falsification.

416. PLAINTIFF RESHMA KAMATH requests damages as stated in the prayer for relief.

**IX. DEFAMATION PER SE – LIBEL [DEFENDANTS WILLIAM STEWART, MICHAEL SCHULTZ, SAMANTHA LAMM, TOMAS ORTIZ, LISA DE LORME, DANIEL MEDIONI; LA COUNTY SHERIFF; ALAB NEWS, JUDIOCRACY LLC, JUDITH ASHMANN-GERST, MARIE STRATTON, ELWOOD LUI, AND DOES 1-10 INCLUSIVE].**

417.   PLAINTIFF RESHMA KAMATH hereby pleads, complains, alleges and incorporates via reference each and every allegation stated in the preceding paragraphs as if set forth fully herein.

418.   DEFENDANT SCHULTZ harmed PLAINTIFF RESHMA KAMATH in making one or more of the false statement(s) including but not limited to the court clerk(s), the strangers to the action, the opposing attorney, the administration of the DEFENDANT SUPERIOR COURT, the process server, such as:

a. That PLAINTIFF RESHMA KAMATH lives in Cupertino, CA;

b. That PLAINTIFF RESHMA KAMATH has a husband and a child;

c. That PLAINTIFF RESHMA KAMATH was personally served with DEFENDANT's order;

d. That PLAINTIFF RESHMA KAMATH did not appear for a hearing when PLAINTIFF RESHMA KAMATH was properly substituted out of the matter that the court had accepted;

e. That PLAINTIFF RESHMA KAMATH did not obtain client consent;

f. That PLAINTIFF RESHMA KAMATH committed forgery of client's signature;

g. That PLAINTIFF RESHMA KAMATH had committed any contemptuous conduct;

h. That PLAINTIFF RESHMA KAMATH had committed a crime; and/or,

i. That PLAINTIFF RESHMA KAMATH is somehow superior and special because of her caste.

419. None of the afore-stated statements about PLAINTIFF RESHMA KAMATH were true. Other than this, DEFENDANT SCHULTZ made comments that should we have our hearings in Hindi now, and that there are now foreign attorneys.

420. To establish this claim, PLAINTIFF RESHMA KAMATH is able to prove all of the below statements:

421. 1. That DEFENDANT SCHULTZ made one and/or more of the statement(s) to persons other than PLAINTIFF RESHMA KAMATH;

422. 2. That this person/these people reasonably understood that the statement(s) was/were about PLAINTIFF RESHMA KAMATH;

423. 3. That this person/these people reasonably understood the statement(s) to mean that afore-stated false statements were for defamation per se;

424. 4. That DEFENDANT SCHULTZ failed to use reasonable care to determine the truth or falsity of the statement(s).

## DEFENDANT STEWART's DEFAMATION PER SE ABOUT RESHMA KAMATH

425.   To establish this claim, PLAINTIFF RESHMA KAMATH is able to prove all of the below statements:

426.   1. That DEFENDANT STEWART made one and/or more of the statement(s)to persons other than PLAINTIFF RESHMA KAMATH;

427.   2. That this person/these people reasonably understood that the statement(s) was/were about PLAINTIFF RESHMA KAMATH;

428.   3. That this person/these people reasonably understood the statement(s) to mean that afore-stated false statements were for defamation per se;

429.   4. That DEFENDANT STEWART failed to use reasonable care to determine the truth or falsity of the statement(s);

430.   5. That PLAINTIFF RESHMA KAMATH suffered harm as a result to business and profession including money spent; and,

431.   6. That statements were substantial factor in causing PLAINTIFF's harm to business/profession/occupation; harm to reputation; expenses; shame; mortification; and/or hurt feelings.

432.   DEFENDANTS LAMM, ORTIZ, and DE LORME'S DEFAMATION PER SE ABOUT RESHMA KAMATH.

433.   To establish this claim, PLAINTIFF RESHMA KAMATH is able to prove all of the below statements:

434.  1. That DEFENDANTS LAMM, ORTIZ, and DE LORME made one and/or more of the statement(s) to persons other than PLAINTIFF RESHMA KAMATH;

435.  2. That this person/these people reasonably understood that the statement(s) was/were about PLAINTIFF RESHMA KAMATH;

436.  3. That this person/these people reasonably understood the statement(s) to mean that afore-stated false statements were for defamation per quod;

437.  4. That DEFENDANTS LAMM, ORTIZ, and DE LORME failed to use reasonable care to determine the truth or falsity of the statement(s);

438.  5. That PLAINTIFF RESHMA KAMATH suffered harm as a result to business and profession including money spent; and,

439.  6. That statements were substantial factor in causing PLAINTIFF's harm to business/profession/occupation; harm to reputation; expenses; shame; mortification; and/or hurt feelings.

440.  PLAINTIFF RESHMA KAMATH states there is no absolute immunity for ultra vires conduct, and/or no litigation privilege when the matters goes into/leads/causes defendants' perceived quasi-criminal, and /or perceived contemptuous conduct.

441.  Defamation that is racially/ethnically motivated no matter how reasonably related to litigation and in anticipation of litigation is condemned under the law.

442.  In this case, and related, DEFENDANT JUN has not only made NSF checks over the course of one year of PLAINTIFF's work, but also falsified in omission facts to DEFENDANTS SCHULTZ in that DEFENDANT JUN failed to retain an attorney – when PLAINTIFF informed him of PLAINTIFF's intention to substitute out of the matter; and DEFENDANT JUN's failure to appear in court as the in pro per litigant he was on behalf of his company.

443.  DEFENDANT JUN's OMMISSION, and LACK OF making TRUTHFUL STATEMENTS about PLAINTIFF to the court is DEFAMATION.

444.  DEFENDANTS LAMM, ORTIZ, AND DELORME are equally responsible, and are in actual/direct/proximate causation to the behavior, and lack thereof of DEFENDANT STEWART.

445.  In this case, and related, DEFENDANT JUN has not only made NSF checks over the course of one year of PLAINTIFF's work, but also falsified in omission facts to DEFENDANTS SCHULTZ in that DEFENDANT JUN failed to retain an attorney – when PLAINTIFF informed him of PLAINTIFF's intention to substitute out of the matter; and DEFENDANT JUN's failure to appear in court as the in pro per litigant he was on behalf of his company.

446.     DEFENDANTS JUN and MEDIONI are equally responsible, and are in actual/direct/proximate causation to the behavior, and lack thereof of DEFENDANT SCHULTZ.

447.  DEFENDANT TREU had an obvious late-filed anti-slapp before him after sixty days. Yet, Defendant TREU chose to ignore that and rule on the anti-SLAPP in favor of all-White cross-defendants in a state-court case. DEFENDANT TREU also muted Plait substantive argument. Displaying the White traits during substantive argument. Displaying the White traits of Defendant MEIERS and the abominable behavior of Defendant STEWART. This is not decorum maintaining behavior. This is racism.

448.  Defendants ASHMANN GERST, LUI used the word, "CONPIRACY" defamatorily and freely attributable to Plaintiff RESHMA KAMATH causing Defendants ALAB news, and JUDIOCRACY LLC to republish this falsification.

449.  PLAINTIFF RESHMA KAMATH requests damages as stated in the prayer for relief.

## X. DEFAMATION PER QUOD – LIBEL [DEFENDANTS WILLIAM STEWART; MICHAEL SCHULTZ, SAMANTHA LAMM; TOMAS ORTIZ; LISA DE LORME; DANIEL MEDIONI; SCHULTZ; LA

## COUNTY SHERIFF; JUN; ALAB NEWS, JUDIOCRACY, ASHMANN GERST, LUI, STRATTON, AND DOES 1-10 INCLUSIVE]

450.   PLAINTIFF RESHMA KAMATH hereby pleads, complains, alleges and incorporates via reference each and every allegation stated in the preceding paragraphs as if set forth fully herein. DEFENDANT SCHULTZ'S DEFAMATION PER QUOD ABOUT RESHMA KAMATH.

451.   DEFENDANT SCHULTZ harmed PLAINTIFF RESHMA KAMATH in making one or more of the false statement(s) including but not limited to the court clerk(s), the strangers to the action, the opposing attorney, the administration of the DEFENDANT SUPERIOR COURT, the process server, such as: a. That PLAINTIFF RESHMA KAMATH lives in Cupertino, CA; b. That PLAINTIFF RESHMA KAMATH has a husband and a child; c. That PLAINTIFF RESHMA KAMATH was personally served with DEFENDANT's order; d. That PLAINTIFF RESHMA KAMATH did not appear for a hearing when PLAINTIFF RESHMA KAMATH was properly substituted out of the matter; e. That PLAINTIFF RESHMA KAMATH did not obtain client consent; f. That PLAINTIFF RESHMA KAMATH committed forgery of client's signature; g. That PLAINTIFF RESHMA KAMATH had committed any contemptuous conduct; and/or, h. That PLAINTIFF RESHMA KAMATH had committed a crime.

452.  None of the afore-stated statements about PLAINTIFF RESHMA

KAMATH were true. Other than this, DEFENDANT SCHULTZ made

comments that should we have our hearings in Hindi now, and that there are

now foreign attorneys.

453.  To establish this claim, PLAINTIFF RESHMA KAMATH is able to prove

all of the below statements: 1. That DEFENDANT SCHULTZ made one

and/or more of the statement(s) to persons other than PLAINTIFF RESHMA

KAMATH; 2. That this person/these people reasonably understood that the

statement(s) was/were about PLAINTIFF RESHMA KAMATH; 3. That this

person/these people reasonably understood the statement(s) to mean that afore-

stated false statements were for defamation per se; 4. That DEFENDANT

SCHULTZ failed to use reasonable care to determine the truth or falsity of the

statement(s); 5. That PLAINTIFF RESHMA KAMATH suffered harm as a

result to business and profession including money spent; and, 6. That

statements were substantial factor in causing PLAINTIFF's harm to

business/profession/occupation; harm to reputation; expenses; shame;

mortification; and/or hurt feelings.

454.  DEFENDANT STEWART'S DEFAMATION PER QUOD ABOUT

RESHMA KAMATH

455.   To establish this claim, PLAINTIFF RESHMA KAMATH is able to prove all of the below statements: 1. That DEFENDANT STEWART made one and/or more of the statement(s) to persons other than PLAINTIFF RESHMA KAMATH; 2. That this person/these people reasonably understood that the statement(s) was/were about PLAINTIFF RESHMA KAMATH; 3. That this person/these people reasonably understood the statement(s) to mean that afore-stated false statements were for defamation per se; 4. That DEFENDANT STEWART failed to use reasonable care to determine the truth or falsity of the statement(s); 5. That PLAINTIFF RESHMA KAMATH suffered harm as a result to business and profession including money spent; and, 6. That statements were substantial factor in causing PLAINTIFF's harm to business/profession/occupation; harm to reputation; expenses; shame; mortification; and/or hurt feelings.

456.   DEFENDANTS LAMM, ORTIZ, and DE LORME'S DEFAMATION PER QUOD ABOUT RESHMA KAMATH

457.   To establish this claim, PLAINTIFF RESHMA KAMATH is able to prove all of the below statements: 1. That DEFENDANTS LAMM, ORTIZ, and DE LORME made one and/or more of the statement(s) to persons other than PLAINTIFF RESHMA KAMATH; 2. That this person/these people reasonably understood that the statement(s) was/were about PLAINTIFF

RESHMA KAMATH; 3. That this person/these people reasonably understood the statement(s) to mean that afore-stated false statements were for defamation per quod; 4. That DEFENDANTS LAMM, ORTIZ, and DE LORME failed to use reasonable care to determine the truth or falsity of the statement(s); 5. That PLAINTIFF RESHMA KAMATH suffered harm as a result to business and profession including money spent; and, 6. That statements were substantial factor in causing PLAINTIFF's harm to business/profession/occupation; harm to reputation; expenses; shame; mortification; and/or hurt feelings.

458.  PLAINTIFF RESHMA KAMATH states there is no absolute immunity for ultra vires conduct, and/or no litigation privilege when the matters goes into/leads/causes defendants' perceived quasi-criminal, and /or perceived contemptuous conduct.

459.  Defamation that is racially/ethnically motivated no matter how reasonably related to litigation and in anticipation of litigation is condemned under the law.

460.  In this case, and related, DEFENDANT JUN has not only made NSF checks over the course of one year of PLAINTIFF's work, but also falsified in omission facts to DEFENDANTS SCHULTZ in that DEFENDANT JUN failed to retain an attorney – when PLAINTIFF informed him of PLAINTIFF's

intention to substitute out of the matter; and DEFENDANT JUN's failure to appear in court as the in pro per litigant he was on behalf of his company.

461.   DEFENDANT JUN's OMMISSION, and LACK OF making TRUTHFUL STATEMENTS about PLAINTIFF to the court is DEFAMATION.

462.   DEFENDANTS LAMM, ORTIZ, AND DELORME are equally responsible, and are in actual/direct/proximate causation to the behavior, and lack thereof of DEFENDANT STEWART.

463.   In this case, and related, DEFENDANT JUN has not only made NSF checks over the course of one year of PLAINTIFF's work, but also falsified in omission facts to DEFENDANTS SCHULTZ in that DEFENDANT JUN failed to retain an attorney – when PLAINTIFF informed him of PLAINTIFF's intention to substitute out of the matter; and DEFENDANT JUN's failure to appear in court as the in pro per litigant he was on behalf of his company.

464.   DEFENDANTS JUN and MEDIONI are equally responsible, and are in actual/direct/proximate causation to the behavior, and lack thereof of DEFENDANT SCHULTZ.

465.   DEFENDANT TREU had an obvious late-filed anti-slapp before him after sixty days. Yet, Defendant TREU chose to ignore that and rule on the anti-SLAPP in favor of all-White cross-defendants in a state-court case. DEFENDANT TREU also muted Plait substantive argument. Displaying the

White traits during substantive argument. Displaying the White traits of Defendant MEIERS and the abominable behavior of Defendant STEWART. This is not decorum maintaining behavior. This is racism.

466. Defendants ASHMANN GERST, LUI used the word, "CONPIRACY" defamatorily and freely attributable to Plaintiff RESHMA KAMATH causing Defendants ALAB news, and JUDIOCRACY LLC to republish this falsification.

467. PLAINTIFF RESHMA KAMATH requests damages as stated in the prayer for relief.

## XI.  FALSE LIGHT [DEFENDANTS WILLIAM STEWART; MICHAEL SCHULTZ, SAMANTHA LAMM; TOMAS ORTIZ; LISA DE LORME; DANIEL MEDIONI; SCHULTZ; ASHMANN-GERST; MARIE STRATTON; ELWOOD LUI; ALAB NEWS; JUDIOCRACY LLC; LA COUNTY SHERIFF; JUN; AND DOES 1-10 INCLUSIVE]

468. PLAINTIFF RESHMA KAMATH hereby pleads, complains, alleges and incorporates via reference each and every allegation stated in the preceding paragraphs as if set forth fully herein.

469. PLAINTIFF RESHMA KAMATH claims that DEFENDANT SCHULTZ portrayed PLAINTIFF in a false light.

470.   PLAINTIFF RESHMA KAMATH states there is no absolute immunity, and/or no litigation privilege for lawyers when the matters goes into/causes/leads to quasi-criminal, and /or contemptuous conduct. DEFENDANT DANIEL MEDIONI'S DEPICTION OF RESHMA KAMATH IN FALSE LIGHT

471.   DEFENDANT DANIEL MEDIONI is not protected under litigation privilege when his CIVIL PERJURY statements led to quasi- and/or criminal contempt.

472.   DEFENDANT SCHULTZ and DEFENDANT MEDIONI had ex-parte communications together where they each displayed anti-Hindu, anti-Indian sentiments in court. DEFENDANTS SAMANTHA LAMM, TOMAS ORTIZ, LISA DE LORME'S DEPICTION OF RESHMA KAMATH IN FALSE LIGHT.

473.   DEFENDANTS SAMANTHA LAMM, TOMAS ORTIZ, LISA DE LORME each are not protected under litigation privilege when their CIVIL PERJURIOUS statements led to quasi- and/or criminal contempt.

474.   DEFENDANTS SAMANTHA LAMM, TOMAS ORTIZ, LISA DE LORME each are attorneys who have made false statements under oath, and under penalty of perjury.

475. PLAINTIFF alleges DEFENDANTS LAMM, ORTIZ and DE LORME each committed CIVIL PERJURY.

476. PLAINTIFF alleges DEFENDANTS LAMM, ORTIZ and DE LORME each committed CIVIL PERJURY that had variations of false and made-up statements in each of their declarations that PLAINTIFF stated "SHUT UP" when she had not.

477. PLAINTIFF alleges DEFENDANT LAMM made racially-charged statements/comments in a pleading comparing PLAINTIFF RESHMA KAMATH to an African individual.

478. PLAINTIFF alleges DEFENDANT LAMM's law firm, RUTAN & TUCKER promoted the filing of the racially-charged statements/comments in a pleading comparing PLAINTIFF RESHMA KAMATH to an African individual.

479. PLAINTIFF alleges that DEFENDANTS LAMM, ORTIZ and DE LORME's law firms knew of the racially-charged statements/comments in a pleading comparing PLAINTIFF RESHMA KAMATH to an African individual; and promoted such a filing.

480. To establish this prima facie claim, PLAINTIFF RESHMA KAMATH is able to prove all of the following: 1. That DEFENDANTS LAMM, ORTIZ and DE LORME publicly disclosed information or material that showed

PLAINTIFF RESHMA KAMATH in a false light; 2. That the false light created by the disclosure would be highly offensive to a reasonable person in PLAINTIFF RESHMA KAMATH'S position; 3. That there is clear and convincing evidence that DEFENDANTS LAMM, ORTIZ and DE LORME knew the disclosure would create a false impression about PLAINTIFF RESHMA KAMATH or acted with reckless disregard for the truth;] AND/OR, 3. DEFENDANTS LAMM, ORTIZ and DE LORME was negligent in determining the truth of the information or whether a false impression would be created by its disclosure;] 4. That PLAINTIFF RESHMA KAMATH was harmed; AND/OR, That PLAINTIFF RESHMA KAMATH sustained harm to plaintiff's property, business, profession, or occupation [including money spent as a result of the statement(s)]; AND/OR, 5. That DEFENDANTS LAMM, ORTIZ and DE LORME's conduct was a substantial factor in causing PLAINTIFF RESHMA KAMATH's harm.

481.   PLAINTIFF RESHMA KAMATH states there is no absolute immunity for ultra vires conduct, and/or no litigation privilege when the matters goes into/leads/causes defendants' perceived quasi-criminal, and /or perceived contemptuous conduct.

482.  False Light that is racially/ethnically motivated no matter how reasonably related to litigation and in anticipation of litigation is condemned under the law.

CAL-CRIM PERJURY/PERJURY BY FALSE AFFIDAVIT

483.  Perjury is only a criminal remedy, California Penal Code §118 PC is a felony offense punishable by up to four years in jail, a fine up to $10,000, and/or, jail time, up to four years.

484.  PLAINTIFF RESHMA KAMATH will bring a criminal case of perjury against the stated Defendants shortly.

485.  The elements of perjury are: a willful statement, under oath, of any material matter which the witness knows to be false. All elements of the charge of perjury must be determined by the jury, including materiality.

486.  DEFENDANT DANIEL MEDIONI'S PERJURIOUS STATEMENTS

487.  DEFENDANT DANIEL MEDIONI is not protected under litigation privilege when his CIVIL PERJURY statements led to quasi- and/or criminal contempt. DEFENDANT SCHULTZ and DEFENDANT MEDIONI had ex-parte communications together where they each displayed anti-Hindu, anti-Indian sentiments in court. DEFENDANTS SAMANTHA LAMM, TOMAS ORTIZ, LISA DE LORME'S PERJURIOUS STATEMENTS.

488.   In this case, and related, DEFENDANT JUN has not only made NSF checks over the course of one year of PLAINTIFF's work, but also falsified in omission facts to DEFENDANTS SCHULTZ in that DEFENDANT JUN failed to retain an attorney – when PLAINTIFF informed him of PLAINTIFF's intention to substitute out of the matter; and DEFENDANT JUN's failure to appear in court as the in pro per litigant he was on behalf of his company.

489.   DEFENDANT JUN's OMMISSION, and LACK OF making TRUTHFUL STATEMENTS about PLAINTIFF to the court is DEFAMATION.

490.   DEFENDANTS LAMM, ORTIZ, AND DELORME are equally responsible, and are in actual/direct/proximate causation to the behavior, and lack thereof of DEFENDANT STEWART.

491.   In this case, and related, DEFENDANT JUN has not only made NSF checks over the course of one year of PLAINTIFF's work, but also falsified in omission facts to DEFENDANTS SCHULTZ in that DEFENDANT JUN failed to retain an attorney – when PLAINTIFF informed him of PLAINTIFF's intention to substitute out of the matter; and DEFENDANT JUN's failure to appear in court as the in pro per litigant he was on behalf of his company.

492.   DEFENDANTS JUN and MEDIONI are equally responsible, and are in actual/direct/proximate causation to the behavior, and lack thereof of DEFENDANT SCHULTZ.

493.  DEFENDANT TREU had an obvious late-filed anti-slapp before him after sixty days. Yet, Defendant TREU chose to ignore that and rule on the anti-SLAPP in favor of all-White cross-defendants in a state-court case. DEFENDANT TREU also muted Plait substantive argument. Displaying the White traits during substantive argument. Displaying the White traits of Defendant MEIERS and the abominable behavior of Defendant STEWART. This is not decorum maintaining behavior. This is racism.

494.  Defendants ASHMANN GERST, LUI used the word, "CONPIRACY" defamatorily and freely attributable to Plaintiff RESHMA KAMATH causing Defendants ALAB news, and JUDIOCRACY LLC to republish this falsification.

495.    PLAINTIFF RESHMA KAMATH requests damages as stated in the prayer for relief.

## XII. MAIL FRAUD

496.    PLAINTIFF repleads the allegations in preceding paragraphs.

497.    DEFENDANTS CZECH AND CZECH APC with BRADLEY ARNOLD have engaged in mail-fraud.

498.    They falsified a mailing and a signature in state court of a client before JUDGE ROSALES.

499.    This fraud will be particularly pled in the next iteration.

500.   PLAINTIFF RESHMA KAMATH requests damages as stated in the prayer for relief.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully requests that this Court the following prayer for relief for the Defendants to do the following:

I.       That the HONORABLE COURT award INJUNCTIVE RELIEF immediately in any and all temporary and permanent injunctive relief against DEFENDANTS SCHULTZ, TREU and ALAB NEWS;

II. That the HONORABLE COURT award DECLARATORY RELIEF in the rights and remedies of PLAINTIFF RESHMA KAMATH;

III. That the HONORABLE COURT award damages in the amount of $100.50 million in damages for EACH AND EVERY CAUSE OF ACTION individually, jointly and severally against each DEFENDANT [according to proof at trial];

IV. For injunctive relief from further slander, libel and defamation;

V. For actual, general, special, consequential, and exemplary damages [to be proven at trial];

VI.     For non-economic damages [to be proven at trial];

VII.    For punitive damages and treble damages;

IX.     For pre-judgment, and post-judgment interest;

X.    For reasonable attorneys' fees, and costs of suit pursuant to 42 U.S.C. section 1988;

XI.    For declaratory relief of Plaintiffs' rights, and remedies;

XII.    For any and all other interests that the court deem in the interest and spirit of justice.

**DATED: April 01, 2024**                    **RESHMA KAMATH**

*/S/ Reshma Kamath*

*In Propria Persona*