MATTHEW L. GREEN, Bar No. 227904
matthew.green@bbklaw.com
BEST BEST & KRIEGER LLP
655 West Broadway, 15th Floor
San Diego, California 92101
Telephone: (619) 525-1300
Facsimile: (619) 233-6118

Attorneys for Defendants
HON. MARIA E. STRATTON, Presiding
Justice of the California Court of Appeal,
Second Appellate District, Division Eight;
HON. ELWOOD G. LUI, Administrative
Presiding Justice of the California Court of
Appeal, Second Appellate District, Division
Two; HON. JUDITH ASHMANN-GERST,
Associate Justice of the California Court of
Appeal, Second Appellate District, Division
Two; MELISSA REAL, Deputy Clerk of the
California Court of Appeal, Second Appellate
District; CALIFORNIA COURT OF APPEAL,
SECOND APPELLATE DISTRICT; HON.
MICHAEL J. SHULTZ, Judge of the Superior
Court of California, County of Los Angeles;
HON. BARBARA ANN MEIERS, Judge of
the Superior Court of California, County of Los
Angeles; HON. ROLF M. TREU, Judge of the
Superior Court of California, County of Los
Angeles (Ret.); HON. WILLIAM D.
STEWART, Judge of the Superior Court of
California, County of Los Angeles (Ret.);
SUPERIOR COURT OF CALIFORNIA,
COUNTY OF LOS ANGELES; and
JUDICIAL COUNCIL OF CALIFORNIA

## UNITED STATES DISTRICT COURT OF CALIFORNIA

## CENTRAL DISTRICT — WESTERN DIVISION

| | |
|---|---|
| RESHMA KAMATH,<br><br>       Plaintiff,<br><br>   v.<br><br>JUDITH ASHMANN-GERST, et al.,<br><br>       Defendants. | Case No. 8:23-cv-02193-SVW-SSC<br>Judge: Hon. Stephen V. Wilson<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT<br><br>Date: June 3, 2024<br>Time: 1:30 p.m.<br>Courtroom: First Street Courthouse<br>350 W. First Street<br>Courtroom 10A, 10th Floor<br>Los Angeles, CA 90012 |

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
655 WEST BROADWAY, 15TH FLOOR
SAN DIEGO, CALIFORNIA 92101

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ................................................................................. 8

II.     LEGAL STANDARD ......................................................................... 11

III.    ARGUMENT ..................................................................................... 12

    A.    THE ACTION AGAINST THE JUDICIAL DEFENDANTS
        FAILS TO SATISFY RULE 8 ................................................. 12

    B.    THE ACTION AGAINST JUSTICES ASHMANN-GERST,
        LUI, AND STRATTON, JUDGES MEIERS, SHULTZ, TREU,
        AND STEWART, THE SECOND APPELLATE DISTRICT,
        THE SUPERIOR COURT, AND JCC IS FORECLOSED BY
        JUDICIAL IMMUNITY ......................................................... 14

    C.    THE ACTION AGAINST DEPUTY CLERK REAL IS
        BARRED BY QUASI-JUDICIAL IMMUNITY ................................ 16

    D.    THE ACTION AGAINST THE JUDICIAL DEFENDANTS IS
        ALSO PRECLUDED BY THE ELEVENTH AMENDMENT ......... 18

    E.    THE ACTION AGAINST THE JUDICIAL DEFENDANTS
        ALSO RUNS AFOUL OF THE *ROOKER-FELDMAN*
        DOCTRINE .............................................................................. 18

    F.    THE STATE LAW DAMAGES CLAIMS FAIL DUE TO
        KAMATH'S FAILURE TO ALLEGE COMPLIANCE WITH
        CALIFORNIA'S GOVERNMENT CLAIMS ACT .......................... 20

IV.     CONCLUSION ................................................................................... 22

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
655 WEST BROADWAY, 15TH FLOOR
SAN DIEGO, CALIFORNIA 92101

# TABLE OF AUTHORITIES

**Page**

**Federal Cases**

*Ashcroft v. Iqbal*
556 U.S. 662 (2009) ........................................................................ 12

*Ashelman v. Pope*
793 F.2d 1072 (9th Cir. 1986) ...................................................... 14

*Astoria Fed. Sav. & Loan Ass'n v. Solimino*
501 U.S. 104 (1991) ...................................................................... 12

*Balistreri v. Pacifica Police Dept.*
901 F.2d 696 (9th Cir. 1988) ........................................................ 12

*Bell Atl. Corp. v. Twombly*
550 U.S. 544 (2007) ...................................................................... 12

*Bettencourt v. McCabe*
No. 1:17-CV-00646-DAD-SAB, 2017 WL 4180979 (E.D. Cal. Sep. 21, 2017) 17

*In re Castillo*
297 F.3d 940 (9th Cir. 2002) ................................................. 14, 17

*Cooper v. Ramos*
704 F.3d 772 (9th Cir. 2012) ........................................................ 19

*Coulter v. Murrell*
No. 10cv102-IEG(NLS), 2011 WL 13208995, at *1 (S.D. Cal. Mar. 1, 2011), 17

*Duvall v. County of Kitsap*
260 F.3d 1124 (9th Cir. 2001) ................................................. 14, 16

*Fontana Empire Ctr., LLC v. City of Fontana*
307 F.3d 987 (9th Cir. 2002) ........................................................ 19

*Franceschi v. Schwartz*
57 F.3d 828 (9th Cir. 1995) .......................................................... 18

*Greater Los Angeles Council on Deafness, Inc. v. Zolin*
812 F.2d 1103 (9th Cir. 1987) ...................................................... 18

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
655 WEST BROADWAY, 15TH FLOOR
SAN DIEGO, CALIFORNIA 92101

**TABLE OF AUTHORITIES**
(continued)

**Page**

*Hooper v. Brnovich*
 56 F.4th 619 (9th Cir. 2022) ................................................................... 18, 19, 20

*Kamath v. Muelman, et al.*
 N.D. Cal. Case No. 5:23-cv-6494-PCP ........................................................ 10

*Kamath v. Superior Court of California, County of Los Angeles*
 Case No. LA CV23-08979 JFW (DTBx), 2023 WL 9419160, at *1 (C.D. Cal.
 Dec. 13, 2023) ...................................................................................... 10

*Lund v. Cowan*
 5 F.4th 964 (9th Cir. 2021) ..................................................... 14, 16, 18

*Mack v. South Bay Beer Distributors, Inc.*
 798 F.2d 1279, 1282 (9th Cir. 1986) .................................................... 12

*McHenry v. Renne*
 84 F.3d 1172 (9th Cir. 1996) ............................................................. 13

*MGIC Indem. Corp. v. Weisman*
 803 F.2d 500 (9th Cir. 1986) ............................................................ 12

*Mireles v. Waco*
 502 U.S. 9 (1991) ............................................................................ 14

*Moore v. Brewster*
 96 F.3d 1240 (9th Cir. 1996) ............................................................ 17

*Morrison v. Jones*
 607 F.2d 1269 (9th Cir. 1979) .......................................................... 17

*Morrison v. Peterson*
 809 F.3d 1059 (9th Cir. 2015) ......................................................... 19

*Mullis v. United States Bankruptcy Court*
 828 F.2d 1385 (9th Cir. 1987) .................................................... 16, 17

*Munoz v. Superior Court of Los Angeles County*
 91 F.4th 977, 980-81 (9th Cir. 2024) .............................................. 18

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
655 WEST BROADWAY, 15TH FLOOR
SAN DIEGO, CALIFORNIA 92101

**TABLE OF AUTHORITIES**
(continued)

**Page**

*Nevijel v. North Coast Life Ins. Co.*
    651 F.2d 671 (9th Cir. 1981) ............................................................................ 13

*Noel v. Hall*
    341 F.3d 1148 (9th Cir. 2003) .......................................................................... 19

*Quintara Biosciences, Inc. v. Ruifeng Biztech Inc.*
    Case No. C 20-04808 WHA, 2023 WL 7555284 (N.D. Cal. Nov. 13, 2023) ... 10

*Ray, Jr. v. Bruiniers*
    No. C 10–824 SI, 2010 WL 3448320 (N.D. Cal. Sep. 1, 2010) ........................ 16

*Reis v. D'Braunstein*
    No. SA CV 08-0754-AG (ANx), 2008 WL 11342704, at *2 (C.D. Cal. Dec. 15, 2008) ............................................................................................................... 16

*Safe Air for Everyone v. Meyer*
    373 F.3d 1035 (9th Cir. 2004) .......................................................................... 11

*Sidiakina v. Bertoli*
    No. C 10-03157 JSW, 2012 WL 12850130 (N.D. Cal. Sep. 7, 2012) .............. 14

*Simmons v. Sacramento County Superior Court*
    318 F.3d 1156 (9th Cir. 2003) .......................................................................... 18

*Skinner v. Switzer*
    562 U.S. 521 (2011) .......................................................................................... 19

*Stock W., Inc. v. Confederated Tribes*
    873 F.2d 1221 (9th Cir. 1989) .......................................................................... 11

*Stump v. Sparkman*
    435 U.S. 349 (1978) .......................................................................................... 14

*Thinket Ink Info Res., Inc. v. Sun Microsystems, Inc.*
    368 F.3d 1053 (9th Cir. 2004) .......................................................................... 22

*U.S. v. Lockheed-Martin Corp.*
    328 F.3d 374 (7th Cir. 2003) ...................................................................... 12, 13

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
655 WEST BROADWAY, 15TH FLOOR
SAN DIEGO, CALIFORNIA 92101

# TABLE OF AUTHORITIES
(continued)

**Page**

*Weisbuch v. County of Los Angeles*
   119 F.3d 778 (9th Cir. 1997) .................................................................. 12

*White v. Lee*
   227 F.3d 1214 (9th Cir. 2000) ................................................................ 11

*Wolfe v. Strankman*
   392 F.3d 358, 364 (9th Cir. 2004) .......................................................... 18

**State Cases**

*Bates v. Franchise Tax Bd.*
   124 Cal.App.4th 367 (Ct. App. 2004) .................................................... 20

*City of Stockton v. Superior Court*
   42 Cal.4th 730 (Ct. App. 2007) ............................................................. 21

*Czech v. Herrera*
   Case No. B316020, 2023 WL 7968410 (Cal. Ct. App. Nov. 17, 2023) .... 8, 9, 15

*Del Real v. City of Riverside*
   95 Cal.App.4th 761 (Ct. App. 2002) ...................................................... 21

*Howard v. Drapkin*
   222 Cal.App.3d 843 (Ct. App. 1990) ..................................................... 14

*Mazzola v. Feinstein*
   154 Cal.App.3d 305 (Ct. App. 1984) ..................................................... 21

*Regan v. Price*
   131 Cal.App.4th 1491 (Ct. App. 2005) .................................................. 14

*Schwartzman v. South Coast Tax Resolution, Inc.*
   Case Nos. B314770, B320410, 2023 WL 7969843 (Cal. Ct. App. Nov. 17, 2023)
   ........................................................................................................... 8, 9, 10, 15

*Soliz v. Williams*
   74 Cal.App.4th 577 (Ct. App. 1999) ...................................................... 14

*State of California v. Superior Court (Bodde)*
   32 Cal.4th 1234 (Ct. App. 2004) ........................................................... 21

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
655 WEST BROADWAY, 15TH FLOOR
SAN DIEGO, CALIFORNIA 92101

1
2

# TABLE OF AUTHORITIES
(continued)

**Page**

*Wood v. Riverside Gen. Hosp.*
   25 Cal.App.4th 1113 (Ct. App. 1994) .................................................. 21

**Federal Statutes**

42 U.S.C. § 1983 .......................................................................... 10, 17, 19

**State Statutes**

Cal. Gov. Code § 811.9 ........................................................................ 20

Cal. Gov. Code § 900.3 ........................................................................ 20

Cal. Gov. Code § 905.7 ........................................................................ 20

Cal. Gov. Code § 915 ........................................................................... 20

Cal. Gov. Code § 945.4 ........................................................................ 21

Cal. Gov. Code § 950.2 ........................................................................ 21

**Rules**

Cal. Rules of Ct., Rule 10.201 ............................................................. 20

Fed. R. Civ. P. 8 ....................................................................... 10, 12, 13

Fed. R. Civ. P. 12 ....................................................................... 8, 11, 12

L.R. 41-4 ............................................................................................. 10

L.R. 83-1.2.2 ....................................................................................... 10

**Constitutional Provisions**

Eleventh Amendment ..................................................................... 11, 18

3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
655 WEST BROADWAY, 15TH FLOOR
SAN DIEGO, CALIFORNIA 92101

The Judicial Defendants[1] respectfully submit the following memorandum of points and authorities in support of their motion to dismiss the First Amended Complaint filed by Plaintiff Reshma Kamath ("Kamath") under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

## I.

## **INTRODUCTION**

This action principally arises out of the imposition of sanctions against Kamath, a licensed California attorney, based on her egregious conduct in two appeals heard in the California Court of Appeal, Second Appellate District ("Court of Appeal" or "Second Appellate District"). *See Schwartzman v. South Coast Tax Resolution, Inc.*, Case Nos. B314770, B320410, 2023 WL 7969843, at *7-11 (Cal. Ct. App. Nov. 17, 2023); *Czech v. Herrera*, Case No. B316020, 2023 WL 7968410, at *4-5 (Cal. Ct. App. Nov. 17, 2023). Both opinions and sanctions orders were authored by Justice Ashmann-Gerst with Justice Lui concurring.

In *Schwartzman*, the Court of Appeal observed that "[f]or over two years, Kamath has persisted in a troubling pattern of behavior in which, from the moment she is given an indication that things may not pan out for her client, she unleashes a flood of unsupported claims of bias in an attempt to disqualify the presiding tribunal and delay any potential adverse rulings." 2023 WL 7969843, at *10. To support the imposition of sanctions, the court found that "Kamath's conduct is not becoming of

---

[1]    The Judicial Defendants consist of Defendants (1) the Honorable Maria E. Stratton, Presiding Justice of the California Court of Appeal, Second Appellate District, Division Eight, (2) the Honorable Elwood G. Lui, Administrative Presiding Justice of the California Court of Appeal, Second Appellate District, Division Two, (3) the Honorable Judith Ashmann-Gerst, Associate Justice of the California Court of Appeal, Second Appellate District, Division Two, (4) Melissa Real, Deputy Clerk of the California Court of Appeal, Second Appellate District, (5) the California Court of Appeal, Second Appellate District, (6) the Honorable Michael J. Shultz, Judge of the Superior Court of California, County of Los Angeles, (7) the Honorable Barbara Ann Meiers, Judge of the Superior Court of California, County of Los Angeles, (8) the Honorable Rolf M. Treu, Judge of the Superior Court of California, County of Los Angeles (Ret.), (9) the Honorable William D. Stewart, Judge of the Superior Court of California, County of Los Angeles (Ret.), (10) the Superior Court of California, County of Los Angeles, and (11) the Judicial Council of California.

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
655 WEST BROADWAY, 15TH FLOOR
SAN DIEGO, CALIFORNIA 92101

MEM. OF P.&A. IN SUPP. OF MOT. TO DISMISS FIRST AM. COMPL.
8:23-CV-02193-SVW-SSC

1    an attorney[,]" and that "[b]y turning her client's case into a showcase for her
2    conspiracies of personal persecution, Kamath has done a disservice to [her client]
3    and to the courts." *Id.* at *11.

4        In *Czech*, in response to a motion to dismiss the appeal, "Kamath filed an
5    opposition … that leveled outrageous comments against the judiciary and Presiding
6    Justice Lui, prompting [the Court of Appeal] to notify the State Bar of her behavior."
7    2023 WL 7968410, at *5. "Even after [the court] issued an order notifying the parties
8    that Kamath's opposition was being forwarded to the State Bar, Kamath persisted in
9    raising unfounded and offensive accusations against th[e] court." *Id.* The Court of
10   Appeal accordingly held "Kamath is subjected to monetary sanctions payable to the
11   court for her relentless offensive filings and communications (as well as attempted
12   communications that have now been blocked)." *Id.*

13       Kamath thereafter filed the instant action in an apparent effort to continue her
14   offensive and baseless accusations of bias against the judiciary. The original
15   complaint alleged that Justices Ashmann-Gerst and Lui, along with Justice Stratton
16   and Deputy Clerk Melissa Real, "displayed racial discrimination and misogyny
17   towards [Kamath]." (Dkt. No. 1 ¶¶ 9-12; *see also id.* ¶ 18 [alleging Second Appellate
18   District "has demonstrated racism and gender discrimination in their practices,
19   conduct, and lack thereof …"].) Real is a deputy clerk in the Second Appellate
20   District who handled filings in *Schwartzman* and *Czech*, while Justice Stratton is
21   alleged to have issued a ruling an another matter mirroring language used in the
22   opinions issued in *Schwartzman* and *Czech*.

23       Kamath has since filed a First Amended Complaint ("FAC") totaling 100
24   pages and containing 500 paragraphs. (Dkt. No. 15.) The FAC makes the same
25   outrageous accusations against Justices Ashmann-Gerst, Lui, and Stratton, Deputy
26   Clerk Real, and the Second Appellate District. (*Id.* ¶¶ 129-132, 138.) The FAC also
27   adds new, baseless allegations of bias and racism against Judge Meiers, (*id.* ¶¶ 15,
28   115), who presided over proceedings in the trial court in *Schwartzman* and about

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
655 WEST BROADWAY, 15TH FLOOR
SAN DIEGO, CALIFORNIA 92101

MEM. OF P.&A. IN SUPP. OF MOT. TO
DISMISS FIRST AM. COMPL.
8:23-CV-02193-SVW-SSC

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
655 WEST BROADWAY, 15TH FLOOR
SAN DIEGO, CALIFORNIA 92101

whom Kamath made numerous "disturbing" and "negative comments." 2023 WL 7969843 at *2. The FAC also names as defendants other judges of the Superior Court of California, County of Los Angeles ("Superior Court"), namely Judge Shultz and retired Judges Treu and Stewart, the Superior Court itself, and the Judicial Council of California ("JCC").[2] (*Id.* ¶¶ 15, 27-38, 41, 57-80, 87-90, 94-96, 116-118.) The FAC asserts 42 U.S.C. Section 1983 claims against the Judicial Defendants for alleged racial and gender discrimination, (Dkt. No. 15 ¶¶ 226-236, 338-366), and various state law claims, including negligence, negligent hiring, and defamation. (*Id.* ¶¶ 212-225, 237-339, 367-495.) The FAC seeks damages in excess of $100 million and injunctive and declaratory relief concerning the past actions of the Judicial Defendants. (*Id.* Prayer for Relief ¶¶ 1-3.)[3]

The instant action is subject to dismissal on multiple grounds. First, the FAC does not comply with Federal Rule of Civil Procedure 8 because it fails to contain a short and plain statement of Kamath's claims. Second, with the exception of Deputy Clerk Real, the action against the Judicial Defendants is foreclosed by judicial immunity, which prohibits claims against judicial officers arising out of judicial acts

---

[2]    Such claims were previously raised in a separate action filed by Kamath in this District in October 2023. In that action, Kamath unsuccessfully moved to disqualify District Judge John F. Walter and Magistrate Judge David T. Bristow on the basis that "both are 'presumably White, Male Individuals' and, as a result, are likely to be biased in reviewing the race-and gender-based claims [Kamath] asserts in th[e] action." *Kamath v. Superior Court of California, County of Los Angeles*, Case No. LA CV23-08979 JFW (DTBx), 2023 WL 9419160, at *1 (C.D. Cal. Dec. 13, 2023) (Kronstadt, J.). The court appropriately denied Kamath's motion, reasoning that "[a] suggestion that a judge cannot administer the law fairly because of the judge's racial and ethnic heritage is extremely serious and should not be made without a factual foundation going well beyond the judge's membership in a particular racial or ethnic group." 2023 WL 9419160, at *2. In what can only be characterized as judge-shopping, Kamath dismissed the action without prejudice and added the claims raised therein to her FAC. (*See* L.R. 41-4, 83-1.2.2.)

[3]    Kamath's practice of suing judges is not limited to state court judges or this District. In an action in the Northern District of California, District Judge William Alsup held Kamath in civil contempt for failure to comply with orders directing her to pay sanctions. *Quintara Biosciences, Inc. v. Ruifeng Biztech Inc.*, Case No. C 20-04808 WHA, 2023 WL 7555284, at *2 (N.D. Cal. Nov. 13, 2023). Kamath responded by filing an action against Judge Alsup and his clerk asserting similar claims of discrimination as those alleged in this action. *See Kamath v. Muelman, et al.*, N.D. Cal. Case No. 5:23-cv-6494-PCP.

within their jurisdiction. Third, the action against Deputy Clerk Real is barred by quasi-judicial immunity, which prohibits claims against court clerks for tasks that are an integral part of the judicial process. Fourth, Kamath's claims are precluded by the Eleventh Amendment, which precludes suits for damages, injunctive relief, and declaratory relief against the JCC, California courts, and state court judges and employees sued in their official capacities. Fifth, the action is prohibited by the *Rooker-Feldman* doctrine, which prevents federal courts from hearing de facto appeals of state court decisions. Finally, the state law damages claims are unavailing because the FAC fails to allege compliance with California's Government Claims Act, under which Kamath was required to present a government claim. The Court should therefore dismiss the action against the Judicial Defendants without leave to amend.

## II.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) allows a defendant to move to dismiss a complaint for lack of jurisdiction over the subject matter. Because federal courts are courts of limited jurisdiction, "a federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989). A party who brings a Rule 12(b)(1) challenge may do so by referring to the face of the pleadings or by presenting extrinsic evidence. *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). In the former, "the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is a challenge to the sufficiency of the pleadings set forth in the complaint. A dismissal is proper under Rule 12(b)(6) where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory."

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
655 WEST BROADWAY, 15TH FLOOR
SAN DIEGO, CALIFORNIA 92101

*Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988). A Rule 12(b)(6) motion for failure to state a claim may also challenge defenses disclosed on the face of the complaint or which are apparent from matters subject to judicial notice. *Weisbuch v. County of Los Angeles*, 119 F.3d 778, 783 n.1 (9th Cir. 1997); *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986); *Mack v. South Bay Beer Distributors, Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986), *overruled on other grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104 (1991).

Courts evaluate whether a complaint states a cognizable legal theory or sufficient facts in light of Federal Rule of Civil Procedure 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). Each allegation in a complaint also must be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Rule 8 nevertheless requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted); *U.S. v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003) (recognizing parties must "make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud"). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679.

### III.

### ARGUMENT

### A.    THE ACTION AGAINST THE JUDICIAL DEFENDANTS FAILS TO SATISFY RULE 8

In order to satisfy Rule 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Each allegation in a complaint must also be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Rule 8 "requires parties to make their pleadings straightforward, so

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
655 WEST BROADWAY, 15TH FLOOR
SAN DIEGO, CALIFORNIA 92101

that judges and adverse parties need not try to fish a gold coin from a bucket of mud." *U.S. v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003).

The United States Court of Appeals for the Ninth Circuit has affirmed dismissal on Rule 8 grounds where the complaint is "argumentative, prolix, replete with redundancy, and largely irrelevant," *McHenry v. Renne*, 84 F.3d 1172, 1177, 1180 (9th Cir. 1996), and where the complaint is "verbose, confusing and conclusory," *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981). The rationale for such dismissals has been explained as follows:

> Prolix, confusing complaints … impose unfair burdens on litigants and judges. As a practical matter, the judge and opposing counsel, in order to perform their responsibilities, cannot use [the] complaint … and must prepare outlines to determine who is being sued for what. Defendants are then put at risk that their outline differs from the judge's, that plaintiffs will surprise them with something new at trial which they reasonably did not understand to be in the case at all, and that res judicata effects of settlement or judgment will be different from what they reasonably expected.
>
> The judge wastes half a day in chambers preparing the 'short and plain statement' which Rule 8 obligated plaintiffs to submit. He then must manage the litigation without knowing what claims are made against whom. This leads to discovery disputes and lengthy trials, prejudicing litigants in other case[s] who follow the rules, as well as defendants in the case in which the prolix pleading is filed. *McHenry*, 84 F.3d at 1179-80.

The FAC contains anything but "a short and plain statement" of each claim, or "simple, concise, and direct" allegations. *See* Fed. R. Civ. P. 8(a)(2), (d)(1). Rather, as noted above, the FAC spans 100 pages and contains 500 paragraphs. (Dkt. No. 15.) The averments in the FAC are also argumentative, confusing, and almost entirely conclusory. While the FAC alleges widespread racism and bias involving the Judicial Defendants spanning multiple lawsuits and courts, it is impossible to determine from the FAC the manner in which each defendant participated in this alleged conspiracy against Kamath. Indeed, the Judicial Defendants are lumped together with multiple other defendants and are alleged to have participated in Kamath's conspiracies in an entirely conclusory manner. Such allegations fail to satisfy Rule 8.

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
655 WEST BROADWAY, 15TH FLOOR
SAN DIEGO, CALIFORNIA 92101

MEM. OF P.&A. IN SUPP. OF MOT. TO DISMISS FIRST AM. COMPL. 8:23-CV-02193-SVW-SSC

**B.   THE ACTION AGAINST JUSTICES ASHMANN-GERST, LUI, AND STRATTON, JUDGES MEIERS, SHULTZ, TREU, AND STEWART, THE SECOND APPELLATE DISTRICT, THE SUPERIOR COURT, AND JCC IS FORECLOSED BY JUDICIAL IMMUNITY**

It is well-settled that judges are granted absolute immunity from civil liability for their judicial actions. *Lund v. Cowan*, 5 F.4th 964, 970 (9th Cir. 2021); *Duvall v. County of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001); *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc); *Regan v. Price,* 131 Cal.App.4th 1491, 1495 (Ct. App. 2005); *Soliz* v. *Williams*, 74 Cal.App.4th 577, 585-586  (Ct. App. 1999); *Howard v. Drapkin*, 222 Cal.App.3d 843, 851 (Ct. App. 1990). "This absolute immunity insulates judges from charges of erroneous acts or irregular action, even when it is alleged that such action was driven by malicious or corrupt motives, [citation], or when the exercise of judicial authority is 'flawed by the commission of grave procedural errors.'" *In re Castillo*, 297 F.3d 940, 947 (9th Cir. 2002) (quoting *Stump v. Sparkman*, 435 U.S. 349, 359 (1978)). "Judicial immunity applies however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." *Ashelman*, 793 F.2d at 1075 (internal quotation marks omitted). "Disagreement with the action taken by [a] judge," even one resulting in "tragic consequences," "does not justify depriving that judge of his immunity." *Stump*, 435 U.S. at 363 (applying judicial immunity to judge who approved petition for sterilization even if approval was in error).

Judicial immunity is only overcome if the actions were "nonjudicial actions, i.e., actions not taken in the judge's judicial capacity" or were "actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (superseded by statute on other grounds). Regarding the former, "[a]n act is considered 'judicial' when it is a function normally performed by a judge and the parties dealt with the judge in his judicial capacity." *Sidiakina v. Bertoli*, No. C 10-03157 JSW, 2012 WL 12850130, at *5 (N.D. Cal. Sep. 7, 2012) (citing *Stump*, 435 U.S. at 362).

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
655 WEST BROADWAY, 15TH FLOOR
SAN DIEGO, CALIFORNIA 92101

Here, the claims against the Judicial Defendants (except Deputy Clerk Real who enjoys quasi-judicial immunity as set forth *infra*) unequivocally arise from judicial acts. Starting with Justices Ashmann-Gerst and Lui, the FAC complains about comments they made with regard to Kamath and her conduct in the Court of Appeal. The FAC alleges they "used words like 'conspiracies' in describing [Kamath][,]" referred to Kamath's comments about Justice Lui and the judiciary as "insulting," "inflammatory," and "unfounded," described conduct of Kamath as "slow" and "delayed," "called [Kamath] 'dense,'" and incorrectly stated Kamath was on vacation when a filing was due. (Dkt. No. 15 ¶¶ 158, 159, 163, 165, 173); *see also Schwartzman*, 2023 WL 7969843, at *11 (referring to Kamath's "conspiracies of personal persecution[]"); *Czech*, 2023 WL 7968410, at *4 (labeling Kamath's remarks about the judiciary and Justice Lui as "unfounded, outrageous, offensive, and insulting" and "inflammatory"); *Id.* at *5 (describing Kamath's misconduct as including "unreasonably delay[ing] in sharing the appellate record in violation of [the California Rules of Court]"). The FAC further avers that Justice Stratton used the words "insulting," "inflammatory," and "unfounded" to describe Kamath's comments in a ruling in another appeal. (*Id.* ¶ 178.)

As to Judge Meiers, who presided over *Schwartzman* in the trial court, the FAC alleges "[she] demonstrated her racism for over a year constantly berating [Kamath] – acting extremely abusive and demeaning – [and] causing White attorneys extreme[] latitude." (*Id.* ¶ 187); *see also Schwartzman*, 2023 WL 7969843 at *3 (detailing in-court exchange between Judge Meiers and Kamath). The FAC further avers that Judge Stewart told Kamath in another matter, "Shut up[,] shut your mouth," and ordered Kamath to appear in-person to apologize to the court. (*Id.* ¶¶ 57, 61.) Regarding Judge Shultz, the FAC alleges "he was 'furious' and made contemptuous orders[]" with regard to Kamath in another action, including striking a substitution of attorney form filed by Kamath. (*Id.* ¶¶ 70, 74.) Finally, in yet another unspecified action, the FAC avers Judge Treu ignored the alleged untimeliness of an anti-SLAPP

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
655 WEST BROADWAY, 15TH FLOOR
SAN DIEGO, CALIFORNIA 92101

MEM. OF P.&A. IN SUPP. OF MOT. TO DISMISS FIRST AM. COMPL. 8:23-CV-02193-SVW-SSC

motion and "rule[d] on the [motion] in favor of all-White cross-defendants …." (*Id.* ¶¶ 414, 447, 465, 493.)

It is well-settled that court orders and decisions are ordinary judicial functions protected by judicial immunity. *Duvall*, 260 F.3d at 1133 ("Ruling on a motion is a normal judicial function[.]"); *Ray, Jr. v. Bruiniers*, No. C 10–824 SI (pr), 2010 WL 3448320, at *1 (N.D. Cal. Sep. 1, 2010) ("Deciding an appeal and writing an opinion announcing the decision are judicial acts squarely within the jurisdiction of a state appellate judge."). The Ninth Circuit has also expressly held that "[a judge's] in-court statement easily falls within the purview of a judicial act." *Lund*, 5 F.4th at 972. Indeed, "judicial immunity shields even incorrect or inappropriate statements if they were made during the performance of a judge's official duties." *Id.*

Based on the foregoing, Justices Ashmann-Gerst, Lui, and Stratton, and Judges Meiers, Stewart, Shultz, and Treu, are absolutely immune from liability in this action. Insofar as the claims against the Superior Court, Second Appellate District, and JCC are based on the judicial acts of the individual justices and judges, such immunity also forecloses Kamath's claims against those entities. *Id.* (affirming dismissal of claim against superior court based on judicial immunity of superior court judge); *Reis v. D'Braunstein*, No. SA CV 08-0754-AG (ANx), 2008 WL 11342704, at *2 (C.D. Cal. Dec. 15, 2008) (holding "the broad doctrine of judicial immunity" covers the Superior Court of California for actions taken by its judges). Kamath's claims against the Judicial Defendants (except Deputy Clerk Real) are therefore barred by judicial immunity and should be dismissed.

## C.   THE ACTION AGAINST DEPUTY CLERK REAL IS BARRED BY QUASI-JUDICIAL IMMUNITY

"Court clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process." *Mullis v. United States Bankruptcy Court*, 828 F.2d 1385, 1390 (9th Cir. 1987) (applying quasi-judicial immunity where clerks accepted and filed incomplete

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
655 WEST BROADWAY, 15TH FLOOR
SAN DIEGO, CALIFORNIA 92101

bankruptcy petition and later refused to accept amended petition); *see also Moore v. Brewster*, 96 F.3d 1240, 1244 (9th Cir. 1996) (superseded by statute on other grounds) (applying immunity where clerk deceived plaintiff regarding the status of supersedeas bond and improperly conducted hearings to assess costs against plaintiff); *Morrison v. Jones*, 607 F.2d 1269, 1273 (9th Cir. 1979) (applying quasi-judicial immunity where clerk failed to provide notice of court order). The Ninth Circuit has also "extended absolute quasi-judicial immunity ... to court clerks and other non-judicial officers for purely administrative acts – acts which taken out of context would appear ministerial, but when viewed in context are actually a part of the judicial function." *Castillo*, 297 F.3d at 952 (applying absolute quasi-judicial immunity a failure to provide notice of a hearing and mismanagement of a court's docket because such actions are a part of the judicial function).

Here, the FAC complains about Deputy Clerk Real rejecting filings from Kamath while accepting filings from "White Attorneys," failing to include Kamath's filings on the register of actions, delaying the entry of a default "for a White attorney[,]" providing legal advice, citing statutory codes, and communicating ex parte with Kamath. (Dkt. No. 15 ¶¶ 141-142, 144-150, 153-155; *see also* Request for Judicial Notice ("RJN"), Ex. A at 4 [10/17/23 Entry]; RJN, Ex. C at 4 [6/27/23 Entry].) The management of the Court of Appeal's docket and processing court filings are indisputably an integral part of the judicial process. *Castillo*, 297 F.3d at 951; *Mullis*, 828 F.2d at 1390; *see also Bettencourt v. McCabe*, No. 1:17-CV-00646-DAD-SAB, 2017 WL 4180979, at *5 (E.D. Cal. Sep. 21, 2017) (court clerks' determination of "what documents should be filed and what documents should be returned to the filer because of deficiencies … [is] integral part[] of the judicial process that involve[s] the exercise of discretionary judgment"); *Coulter v. Murrell*, No. 10cv102-IEG(NLS), 2011 WL 13208995, at *1 (S.D. Cal. Mar. 1, 2011), *aff'd*, 463 Fed. Appx. 610 (9th Cir. 2011) (quasi-judicial immunity barred Section 1983 claim alleging denial of right to access to courts because "[t]he processing of

Best Best & Krieger LLP
Attorneys at Law
655 West Broadway, 15th Floor
San Diego, California 92101

documents submitted to the Clerk for filing is an integral part of the judicial process"). The action against Deputy Clerk Real is therefore barred by the doctrine of quasi-judicial immunity.

### D. THE ACTION AGAINST THE JUDICIAL DEFENDANTS IS ALSO PRECLUDED BY THE ELEVENTH AMENDMENT

The Eleventh Amendment bars suits for damages, injunctive relief, and declaratory relief against "a state, an 'arm of the state,' its instrumentalities, or its agencies." *Franceschi v. Schwartz*, 57 F.3d 828, 831 (9th Cir. 1995); *Greater Los Angeles Council on Deafness, Inc. v. Zolin*, 812 F.2d 1103, 1110 (9th Cir. 1987). Not only are the JCC and California courts deemed state agencies for purposes of the Eleventh Amendment, *Wolfe v. Strankman*, 392 F.3d 358, 364 (9th Cir. 2004) (overruled on other grounds by *Munoz v. Superior Court of Los Angeles County*, 91 F.4th 977, 980-81 (9th Cir. 2024)); *Simmons v. Sacramento County Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003); *Zolin*, 812 F.2d at 1110, but the Eleventh Amendment also extends to claims against state court judges and employees in their official capacities, as they are considered arms of the state, *Lund*, 5 F.4th at 969; *Simmons*, 318 F.3d at 1161.

Here, the FAC seeks damages, injunctive relief, and declaratory relief concerning the lawfulness of past actions taken by the individual Judicial Defendants in their official capacities (i.e., Justices Ashmann-Gerst, Lui, and Stratton, and Judges Meiers, Stewart, Shultz, and Treu), and requests identical relief against the entity Judicial Defendants (i.e., the Superior Court, Second Appellate District, and JCC) based on the same or related conduct. Such claims are unequivocally precluded by the Eleventh Amendment.

### E. THE ACTION AGAINST THE JUDICIAL DEFENDANTS ALSO RUNS AFOUL OF THE *ROOKER-FELDMAN* DOCTRINE

"Under the *Rooker-Feldman* doctrine, 'a state-court decision is not reviewable by lower federal courts.'" *Hooper v. Brnovich*, 56 F.4th 619, 624 (9th Cir. 2022)

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
655 WEST BROADWAY, 15TH FLOOR
SAN DIEGO, CALIFORNIA 92101

MEM. OF P.&A. IN SUPP. OF MOT. TO DISMISS FIRST AM. COMPL. 8:23-CV-02193-SVW-SSC

(quoting *Skinner v. Switzer*, 562 U.S. 521, 532 (2011)). In *Hooper*, the plaintiff had unsuccessfully moved in state court for an order permitting him to conduct DNA and fingerprint analysis on a crime scene. 56 F.4th at 621. The plaintiff thereafter filed a lawsuit under 42 U.S.C. § 1983 in federal court seeking a "declaratory judgment that the [state] statutes providing for forensic testing of DNA and other evidence are unconstitutional as applied to him as well as an injunction ordering defendants to permit him to conduct the forensic testing." *Id.* at 621-22. The Ninth Circuit held that the federal district court "lacked subject matter jurisdiction under the *Rooker-Feldman* doctrine because th[e] action amounted to an improper appeal of the state courts' judgment." *Ibid.*

The Ninth Circuit observed that *Rooker-Feldman* bars lower federal courts from exercising subject matter jurisdiction over an action brought as a direct appeal as well as a "'de facto equivalent' of such appeal." *Id.* at 624 (quoting *Morrison v. Peterson*, 809 F.3d 1059, 1069-70 (9th Cir. 2015)). "To determine whether an action functions as a de facto appeal, [a court should] 'pay close attention to the *relief* sought by the federal-court plaintiff.'" *Ibid.* (quoting *Cooper v. Ramos*, 704 F.3d 772, 777-78 (9th Cir. 2012)) (emphasis in original). A court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine when the federal court plaintiff "complains of a legal wrong allegedly committed by the state court, and seeks relief from the judgment of that court." *Noel v. Hall*, 341 F.3d 1148, 1163 (9th Cir. 2003).

Where a plaintiff files a claim in federal court alleging an erroneous ruling by a state court, "the jurisdictional inquiry hinges on whether the constitutional claims presented to the district court 'are *inextricably intertwined* with the state court's [ruling].'" *Hooper*, 56 F.4th at 624 (quoting *Cooper*, 704 F.3d at 778)) (emphasis in original). "Claims are inextricably intertwined if 'the relief requested in the federal action would effectively reverse the state court decision or void its ruling.'" *Id.* at 624-25 (quoting *Fontana Empire Ctr., LLC v. City of Fontana*, 307 F.3d 987, 992 (9th Cir. 2002)).

Best Best & Krieger LLP
Attorneys at Law
655 West Broadway, 15th Floor
San Diego, California 92101

1   Because the plaintiff in *Hooper* sought an order from the federal district court

2   stating that he was entitled to the DNA testing, the Ninth Circuit found that his

3   requested relief "would effectively reverse the state courts' decision that he is not

4   entitled to the test." *Hooper*, 56 F.4th at 625. It was a "pure horizontal appeal of the

5   state court's decision," and essentially amounted to an argument that "the state courts

6   decided his case incorrectly." *Id.*

7   Similar to *Hooper*, the Judicial Defendants are alleged to have committed errors

8   in multiple state court actions. These errors include, but are not limited to, using

9   language to which Kamath takes exception, issuing adverse rulings against Kamath,

10   and rejecting court filings. (Dkt. No. 15 ¶¶ 57, 61, 70, 74, 141-142, 144-150, 153-

11   155, 158, 159, 163, 165, 173, 178, 187, 414, 447, 465, 493.) The FAC also seeks

12   relief from these purportedly erroneous acts by asking for damages and injunctive

13   and declaratory relief against the Judicial Defendants. (*Id.* Prayer for Relief ¶¶ 1-3.)

14   Because Kamath is complaining of allegedly erroneous conduct that occurred

15   in state court, and she seeks relief therefrom, the instant action is a forbidden de facto

16   appeal under *Rooker-Feldman*. This action also runs afoul of *Rooker-Feldman*

17   because the granting of the requested relief would undercut the rulings rendered by

18   the Judicial Defendants in state court. Kamath's action is therefore barred by the

19   *Rooker-Feldman* doctrine.

20   **F.   THE STATE LAW DAMAGES CLAIMS FAIL DUE TO
21   KAMATH'S FAILURE TO ALLEGE COMPLIANCE WITH
     CALIFORNIA'S GOVERNMENT CLAIMS ACT**

22   Finally, California's Government Claims Act mandates the filing of a claim as

23   a condition precedent to bringing a suit for "money or damages" against a judicial

24   branch defendant. Cal. Gov. Code §§ 811.9, 900.3, 905.7, 915(c)(1); 945.4; Cal.

25   Rules of Ct., rule 10.201. "A suit for 'money or damages' includes all actions where

26   the plaintiff is seeking monetary relief, regardless of whether the action is founded in

27   'tort, contract or some other theory.'" *Bates v. Franchise Tax Bd.*, 124 Cal.App.4th

28   367, 383 (Ct. App. 2004).

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
655 WEST BROADWAY, 15TH FLOOR
SAN DIEGO, CALIFORNIA 92101

MEM. OF P.&A. IN SUPP. OF MOT. TO
DISMISS FIRST AM. COMPL.
8:23-CV-02193-SVW-SSC

1   "The timely filing of a claim is an essential element of a cause of action against

2   a public entity …." *Wood v. Riverside Gen. Hosp.*, 25 Cal.App.4th 1113, 1119 (Ct.

3   App. 1994); *see also State of California v. Superior Court (Bodde)*, 32 Cal.4th 1234,

4   1240 (Ct. App. 2004); *Del Real v. City of Riverside*, 95 Cal.App.4th 761, 767-68 (Ct.

5   App. 2002). The "'failure to timely present a claim for money or damages to a public

6   entity bars a plaintiff from filing a lawsuit against that entity.'" *City of Stockton v.*

7   *Superior Court*, 42 Cal.4th 730, 738 (Ct. App. 2007) (quoting *Bodde*, 32 Cal.4th at

8   1239); Cal. Gov. Code § 945.4.

9        The failure to present a government claim to a judicial branch defendant also

10  bars suit against any judicial branch employee who allegedly caused the injury. Cal.

11  Gov. Code § 950.2; *Mazzola v. Feinstein*, 154 Cal.App.3d 305, 310 (Ct. App. 1984)

12  ("It is settled that the filing of a timely claim against the employing public entity is a

13  condition precedent to a tort action against either the public entity or the employee.").

14       As noted above, the FAC prays for damages in excess of $100 million. (Dkt.

15  No. 15, Prayer for Relief ¶ 1.) Absent from the FAC, however, is any allegation that

16  Kamath presented a government claim. Given presentation of a government claim is

17  "an essential element of a cause of action against a public entity …[,]" *Wood*, 25

18  Cal.App.4th at 1119, the state law damages claims against the Judicial Defendants

19  fail as a matter of law.

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
655 WEST BROADWAY, 15TH FLOOR
SAN DIEGO, CALIFORNIA 92101

25508.00153\42196463.1

MEM. OF P.&A. IN SUPP. OF MOT. TO
DISMISS FIRST AM. COMPL.
8:23-CV-02193-SVW-SSC

## IV.

## __CONCLUSION__

For all of the foregoing reasons, the Court should grant the Judicial Defendants' motion to dismiss. Because the deficiencies in the FAC are fatal and cannot be cured by further amendment, the action against them should be dismissed without leave to amend. *Thinket Ink Info Res., Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004) (denial of leave to amend proper where amendment would be futile).

Dated: May 1, 2024

BEST BEST & KRIEGER LLP

By: /s/  Matthew L. Green

MATTHEW L. GREEN
Attorneys for Defendants
HON. MARIA E. STRATTON, Presiding Justice of the California Court of Appeal, Second Appellate District, Division Eight; HON. ELWOOD G. LUI, Administrative Presiding Justice of the California Court of Appeal, Second Appellate District, Division Two; HON. JUDITH ASHMANN-GERST, Associate Justice of the California Court of Appeal, Second Appellate District, Division Two; MELISSA REAL, Deputy Clerk of the California Court of Appeal, Second Appellate District; CALIFORNIA COURT OF APPEAL, SECOND APPELLATE DISTRICT; HON. MICHAEL J. SHULTZ, Judge of the Superior Court of California, County of Los Angeles; HON. BARBARA ANN MEIERS, Judge of the Superior Court of California, County of Los Angeles; HON. ROLF M. TREU, Judge of the Superior Court of California, County of Los Angeles (Ret.); HON. WILLIAM D. STEWART, Judge of the Superior Court of California, County of Los Angeles (Ret.); SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES; and JUDICIAL COUNCIL OF CALIFORNIA

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
655 WEST BROADWAY, 15TH FLOOR
SAN DIEGO, CALIFORNIA 92101

25508.00153\42196463.1

- 22 -

MEM. OF P.&A. IN SUPP. OF MOT. TO DISMISS FIRST AM. COMPL.
8:23-CV-02193-SVW-SSC