UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RESHMA KAMATH,<br><br>                          Plaintiff,<br><br>        v.<br><br>ELWOOD LUI, et al.,<br><br>                          Defendants. | Case No. 8:23-cv-02193-SVW-SSC<br><br>REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

The Court submits this Report and Recommendation to the Honorable Stephen V. Wilson, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order 05-07 of the United States District Court for the Central District of California.

## REPORT

Plaintiff Reshma Kamath is, as of now, a licensed, practicing attorney in the State of California.  (ECF 15 at 3.)  At least twice she has been personally sanctioned by courts.  In one instance, a panel of the California Court of Appeal forwarded to the State Bar of California a brief filed by Plaintiff on behalf of her client which not only contained a meritless argument but also contained "unfounded, outrageous, offensive, and insulting remarks about the judiciary."  (ECF 18-1 at 9; ECF 18-2 at 7.)  The panel sanctioned Plaintiff $5,000 "for her relentless offensive filings and communications," and had to block

further communications.  (ECF 18-2 at 22–23, 30.)  In a separate matter, the same panel of the California Court of Appeal also sanctioned Plaintiff, finding that she had filed a "patently frivolous" appeal on behalf of a client and for more than two years "persisted in a troubling pattern of behavior in which, from the moment she is given an indication that things may not pan out for her client, she unleashes a flood of unsupported claims of bias in an attempt to disqualify the presiding tribunal and delay any potential adverse rulings."  (ECF 18-2 at 52.)

Plaintiff now directs that flood to the federal court, suing the state justices, judges, and even court staff, involved in the state cases during which she alleges that *she* was aggrieved.  (ECF 15.)  These judicial defendants move to dismiss.  The Court recommends that the motion to dismiss be granted and that this action be dismissed in its entirety with prejudice.

**I**

This is not Plaintiff's first federal suit alleging these claims.  On October 24, 2023, Plaintiff filed suit in this district court in *Kamath v. The Superior Court of California County of Los Angeles*, No. 2:23-cv-08979-JFW-DTB.  That action was assigned originally to United States District Judge John F. Walter and United States Magistrate Judge Maria A. Audero.  *Id.* at ECF 9.  On November 22, 2023, through the regular course of the court's administrative management of case assignments, this action was reassigned to Magistrate Judge David T. Bristow.  *Id.* at ECF 21.  On December 10, 2023, before any action of note had been taken by the court, Plaintiff filed a request for reassignment of her case from Judges Walter and Bristow, who were "both presumedly White, Male Individuals," and to reassign the case to

"other Judges of Color." *Id.* at ECF 24. Plaintiff's reassignment request was referred to District Judge John A. Kronstadt for consideration, as a neutral judicial officer. *Id.* at ECF 25. On December 13, 2023, Judge Kronstadt denied Plaintiff's request, explaining that "Plaintiff's allegations of bias [we]re without any factual basis, and instead, amounted to "conclusory allegations and unsupported speculation." *Id.* at ECF 26. On April 2, 2024, Plaintiff voluntarily dismissed her case. *Id.* at ECF 61, ECF 62.

Meanwhile, on November 22, 2023, even before her reassignment request in the first case, Plaintiff filed this second civil rights complaint pursuant to 42 U.S.C. § 1983, which suit triggered all three factors defining a related case—it arose from the same or closely related events, it involved many of the same causes of actions and types of defendants requiring a determination of similar questions of law and fact, and it would entail duplication of labor if heard by a different judge. (*Compare* ECF 1 *with Kamath*, No. 2:23-cv-08979-JFW-DTB (ECF 23).) Plaintiff did not file a notice of related case, as required by Rule 83-1.3.1 of the Local Civil Rules for the Central District of California (Local Rules or C.D. Cal. L. R.), or identify Case No. 2:23-cv-08979-JFW-DTB as a related case on the civil cover sheet. To the contrary, Plaintiff responded "no" to the question on the cover sheet asking if she had filed a related action and signed the form attesting to that fact. (ECF 2 at 3.)

On April 1, 2024, Plaintiff filed the operative first amended complaint (FAC). (ECF 15.) The FAC names as defendants a variety of state judicial officers and agencies; the State Bar of California; the Los Angeles County Sheriff; private lawyers, law firms, and companies; and

an individual who seemingly was one of Plaintiff's former clients.[1]  (*Id.* at 1, 12–13, 15.)  The FAC alleges federal due process and equal protection violations based on racial and gender discrimination (*id.* at 46, 64), as well as state law claims of violation of California Government Code Section 8315; negligence; negligent hiring; racial discrimination; negligent failure to investigate; failure to prevent harassment, discrimination, and/or retaliation; judicial misconduct; defamation/libel; false light; and a generic claim of "mail fraud" that lacks a specific legal basis (*id.* at 45–49, 69–70, 72, 80, 86–87, 92, 98). Plaintiff seeks declaratory and injunctive relief; actual, general, consequential, exemplary, punitive, treble, and non-economic damages; pre-judgment and post-judgment interest; and attorney's fees and costs.[2]  (*Id.* at 99–100.)

---

[1] The Court notes that the FAC names as defendants in the caption Alab News, Judiocracy LLC, Edward Weingaus, the Commission of Judicial Performance, the Judicial Council of California, and the Los Angeles County Sheriff, but these defendants are not reflected on the docket.  The Court further notes that it appears Plaintiff has misjoined at least some of the defendants and/or causes of action here.  *See* Fed. R. Civ. P. 20(a)(2) (defendants may be joined in one action if: (1) "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences"; and (2) "any question of law or fact common to all defendants will arise in the action").

[2] The Court notes that Plaintiff is not entitled to attorney's fees under 42 U.S.C. § 1988.  (ECF 15 at 100.)  *Pro se* litigants, even if they are attorneys representing themselves, are not entitled to attorney's fees under § 1988.  *Kay v. Ehrler*, 499 U.S. 432, 433–38 (1991) (finding that attorney who represented himself was not entitled to attorney's fees under fee-shifting statute 42 U.S.C. § 1988).

Defendants Maria E. Stratton; Elwood G. Lui; Judith Ashmann-Gerst; Melissa Real; California Court of Appeal, Second Appellate District; Michael J. Shultz; Barbara Ann Meiers; Rolf M. Treu; William D. Stewart; Superior Court of California, County of Los Angeles; and Judicial Council of California (Judicial Defendants)[3] moved to dismiss the FAC on the grounds that it violates Rule 8 of the Federal Rules of Civil Procedure; the Defendants enjoy judicial or quasi-judicial immunity; the claims against the Judicial Defendants are barred by the Eleventh Amendment; the claims against the Judicial Defendants are barred by the *Rooker-Feldman* doctrine; and Plaintiff may not seek damages on her state law claims because she has not established

---

[3] The remaining Defendants—the State Bar of California, Jeffrey Brown, Yael Tobi, Jeffrey Czech, Coburn Thompson LP, Samantha Lamm, Tomas Ortiz, Lisa De Lorme, Daniel Medioni, William Jun, Alab News, Judiocracy LLC, Edward Weingaus, the California Commission on Judicial Performance, and the Los Angeles County Sheriff—have not appeared in this action and it seems that Plaintiff has not served them. Rule 4(m) of the Federal Rules of Civil Procedure provides a 90-day time limit for service of a summons and complaint.  Under Rule 4(m), absent a showing of good cause, "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  Fed. R. Civ. P. 4(m) (the court "must dismiss the action without prejudice" if service is not effected by the deadline); *Quaid v. Granet*, No. 2:23-cv-06850-MRA-JPR, 2024 WL 1743743, at *3 (C.D. Cal. Apr. 23, 2024); *Kulick v. Internal Revenue Servs.*, No. CV 23-9336 FMO (BFMx), 2024 WL 2501889, at *2 (C.D. Cal. Mar. 29, 2024) (same). Because, for the reasons detailed below, this action must be dismissed as to all Defendants, the Court finds it need not further recommended dismissal based on Plaintiff's failure to serve the remaining Defendants.

compliance with California's Government Claims Act.[4]  (ECF 18; ECF 18-1.)  Plaintiff eventually opposed the motion (ECF 28) but only after the initial deadline had passed and an order to show cause was issued.[5]  The Judicial Defendants replied.  (ECF 35.)

## II

*Rule 12(b)(1) Standard*: A jurisdictional attack under Rule 12(b)(1) of the Federal Rules of Civil Procedure may be "facial or factual."  *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir.

---

[4] As detailed below, the Court agrees with Defendants with respect to Rule 8, judicial and quasi-judicial immunity, and the Eleventh Amendment, and thus, does not address Defendants' remaining arguments.  In addition, Judicial Defendants request that the Court take judicial notice of: (1) the state court docket in *Czech v. Herrera*, California Court of Appeal, Second Appellate District, Case No. B316020; (2) the California Court of Appeal's November 17, 2023 opinion in *Czech*; (3) the state court docket in *Schwartzman v. South Coast Tax Resolution, Inc.*, California Court of Appeal, Second Appellate District, Case Nos. B314770, B320410; and (4) the California Court of Appeal's November 17, 2023 opinion in *Schwartzman*.  (ECF 18-2 at 1–3.)  The request is granted.  *See* Fed. R. Evid. 201(b) ("The court may judicially notice a fact that is not subject to reasonable dispute because it (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").

[5] The Court ordered Plaintiff to file her opposition to the motion to dismiss by July 3, 2024 (ECF 22), an order Plaintiff violated (ECF 24 at 1–2).  Then, in its order to show cause why this action should not be dismissed for Plaintiff's failure to prosecute and comply with court orders, the Court allowed Plaintiff the opportunity to file her opposition by July 25, 2024.  (*Id.* at 3.)  Plaintiff filed an opposition by that new date (ECF 28), but after the filing deadline she also filed a supplemental opposition (ECF 30).  The Court declines to consider any belatedly filed supplements or arguments.  *See* C.D. Cal. L. R. 7-12 ("The Court may decline to consider any memorandum or other document not filed within the deadline set by order or local rule.").

2004).  A facial attack "accepts the truth of the plaintiff's allegations but asserts that they 'are insufficient on their face to invoke federal jurisdiction.'" *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (quoting *Safe Air for Everyone*, 373 F.3d at 1039).  A factual attack "contests the truth of the plaintiff's factual allegations, usually by introducing evidence outside the pleadings." *Id.* "In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Safe Air for Everyone*, 373 F.3d at 1039.  The court need not presume the truthfulness of the plaintiff's allegations under a factual attack. *Wood v. City of San Diego*, 678 F.3d 1075, 1083 n.8 (9th Cir. 2011).

*Rule 12(b)(6) Standard*: Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move to dismiss for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim has "facial plausibility" if the plaintiff pleads facts that "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  All well-pleaded facts must be taken as true. *Id.*

"A District Court may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants or where claims against such defendants are integrally related." *Silverton v. Dep't of Treasury*, 644 F.2d 1341, 1345 (9th Cir. 1981); *see also Abagnin v. AMVAC Chem. Corp.*, 545 F.3d 733, 742–43 (9th Cir. 2008) (court may dismiss *sua sponte* claims against defendants who have not

1   been served and who have not yet answered or appeared). "Such a

2   dismissal may be made without notice where the [plaintiff] cannot

3   possibly win relief." *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991

4   (9th Cir. 1987).

5       *Pleading Standard for Pro Se Plaintiffs*: Ordinarily, when a

6   plaintiff appears *pro se* in a civil rights case, the Court must construe

7   the pleadings liberally and afford the plaintiff the benefit of any doubt.

8   *See Byrd v. Phoenix Police Dep't*, 885 F.3d 639, 642 (9th Cir. 2018). In

9   giving liberal interpretation to a *pro se* complaint, the Court may not,

10  however, supply essential elements of a claim that were not initially

11  pleaded. *See Litmon v. Harris*, 768 F.3d 1237, 1241 (9th Cir. 2014).

12      Courts are not obligated to apply a liberal pleading standard to

13  *pro se* plaintiffs who are attorneys. *See Huffman v. Lindgren*, 81 F.4th

14  1016, 1020–21 (9th Cir. 2023) (joining the "chorus" of courts that have

15  found licensed attorneys should not be afforded the liberal pleading

16  standard applied to *pro se* litigants); *see also Tracy v. Freshwater*, 623

17  F.3d 90, 102 (2d Cir. 2010) ("[T]he degree of solicitude may be lessened

18  where the [litigant proceeding *pro se*] is experienced in litigation and

19  familiar with the procedural setting presented."). In addition, all *pro se*

20  litigants must comply with the Federal Rules of Civil Procedure and the

21  Local Rules. C.D. Cal. L. R. 83-2.2.3. Failure of a *pro se* litigant to

22  comply with the Federal Rules of Civil Procedure and the Local Rules

23  "may be grounds for dismissal or judgment by default." C.D. Cal. L. R.

24  83-2.2.4.

25

26

27

28

### III

The action requires dismissal for several reasons.

### A

The FAC is subject to dismissal for Plaintiff's failure to comply with Local Rule 83-1.3.1 and for judge-shopping.

### 1

One month before she filed the instant action, Plaintiff filed a related action in this court in *Kamath*, No. 2:23-cv-08979-JFW-DTB. Pursuant to Local Rule 83-1.3.1, Plaintiff was required to submit a Notice of the Related Cases when she filed the instant action. Specifically, Local Rule 83-1.3.1 provides that a party must "promptly file a Notice of Related Cases whenever two or more civil cases filed in this District" arise from "the same or closely related" events, "call for a determination of the same or substantially related or similar questions of law and fact," or, for any other reasons, "would require substantial duplication of labor if heard by different judges." C.D. Cal. L. R. 83-1.3.1. "The Notice of Related Cases must include a brief factual statement that explains how the cases in question are related under the foregoing factors." *Id.* "The Notice must be filed at the time any case (including a notice of removal or bankruptcy appeal) appearing to relate to another is filed, or as soon thereafter as it reasonably should appear that the case relates to another." *Id.* The Local Rule makes clear that if any of the above factors is present, the filing of such a notice is not optional. Moreover, the civil cover sheet filed in every case provides counsel with the language of Local Rule 83-1.3.1, and directly asks whether the case being filed is related to any previous case filed in this Court.

Here, when Plaintiff filed the instant case, she did not identify Case No. 2:23-cv-08979-JFW-DTB as a related case on the civil cover sheet, but rather, responded "no" to the question on the cover sheet asking if she had filed a related action and signed the form attesting to that fact.  (ECF 1-1 at 3.)  Neither did she file a notice of related cases when she filed the FAC in this matter which FAC included many of the same defendants as the previously filed action, leaving no question that the matters were related.

Plaintiff's failure to comply with Local Rule 83-1.3.1 by not filing a notice of the related cases subjects Plaintiff to sanctions and/or dismissal of this action.  *See Graham v. Cable News Network Inc.*, No. CV 22-3887-JFW (PDx), 2022 WL 16956818, at *1–2 (C.D. Cal. Oct. 7, 2022) (denying motion to reopen case after dismissal following plaintiff's failure to respond to court order directing him to show cause why the court should not impose sanctions and/or dismiss action for plaintiff's failure to file a notice of related case as required by Local Rule 83-1.3.1 and for falsely answering the questions on the civil cover sheet), *appeal dismissed as frivolous*, No. 22-56051, 2023 WL 3450660 (9th Cir. Apr. 19, 2023); *see also* C.D. Cal. L. R. 83-2.2.4 (*pro se* litigant's failure to comply with the Local Rules "may be grounds for dismissal").

**2**

Plaintiff filed the instant action on the same day that her related matter, Case No. 2:23-cv-08979-JFW-DTB, was reassigned from Magistrate Judge Maria A. Audero to Magistrate Judge David D. Bristow.  (ECF 1); *Kamath*, No. 2:23-cv-08979-JFW-DTB (ECF 21). While the instant action remained pending, Plaintiff moved in the other case to disqualify Magistrate Judge Bristow and District Judge Walter from the case because they both are white men.  *Kamath*, No. 2:23-cv-

08979-JFW-DTB (ECF 24).  Plaintiff's motion was denied, after which she voluntarily dismissed the action and, instead, proceeded with the instant action.  *Id.* at ECF 26, ECF 61.  The inescapable implication of this procedural history is that Plaintiff was attempting improperly to get her case heard by a judge of her preference.

"[A] district court has the inherent power sua sponte to dismiss an action for judge-shopping" because "[j]udge-shopping clearly constitutes 'conduct which abuses the judicial process.'"  *Hernandez v. City of El Monte*, 138 F.3d 393, 398–99 (9th Cir. 1998).  In deciding whether to impose the sanction of dismissal on the basis of judge-shopping, courts must consider the following factors, with a particular emphasis on the fifth factor: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."  *Id.* (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

Here, the factors weigh in favor of imposing a sanction of dismissal with prejudice for Plaintiff's impermissible judge-shopping. The first and second factors weigh in favor of dismissal.  Plaintiff's actions have impeded the expeditious resolution of her claims and the Court's ability to manage its docket.  Plaintiff has needlessly wasted court resources by seeking to disqualify the judges assigned to her first action, and then, when her effort failed, pursuing this new action that was assigned to new judges who had to start the review process again. The third factor is neutral.  Although repetitive litigation inherently prejudices defendants, here, it does not appear that Plaintiff served any of the defendants in the first action, and thus, presumably, they did not

expend any resources in responding to the action.  The fourth factor also weighs in favor of dismissal.  Plaintiff's tactics of filing an action and then voluntarily dismissing after she failed to force the reassignment of the case to judges she found preferable does not promote the resolution of her case on the merits.  Finally, as to the fifth factor, the Court has carefully considered less drastic sanctions but finds, given the totality of the circumstances, this factor weighs in favor of dismissal.  Plaintiff has flagrantly violated Local Rule 83-1.3.1 to facilitate her judge-shopping and has expended valuable court resources on a complaint that, despite multiple amendments across two federal court actions, egregiously violates Rule 8 of the Federal Rules of Civil Procedure and seeks relief largely from immune defendants, as explained in greater detail below. In addition, during her prosecution of this action, it appears that Plaintiff has failed timely to serve more than half of the named defendants, has failed to comply with court-ordered filing deadlines, and has submitted multiple irrelevant and inappropriate filings.  For all of these reasons, dismissal with prejudice is an appropriate sanction. *See Garcia v. Gonzalez*, No. CV 20-09099 AB (JCx), 2023 WL 121970, at *2–3 (C.D. Cal. Jan. 5, 2023) (characterizing plaintiff's failure to file notice of related case after re-filing nearly identical lawsuit following adverse ruling in previously filed case as "blatant judge-shopping in bald violation of the Local Rules" and considering sanction of dismissal with prejudice); *Ekpete v. Pelosi*, No. CV 21-9791-MCS (KK), 2022 WL 198926, at *7 (C.D. Cal. Jan. 14, 2022) (recommending dismissal of complaint with prejudice for judge-shopping), *report and*

*recommendation adopted*, No. CV 21-9791-MCS (KK), 2022 WL 179874
(C.D. Cal. Jan. 20, 2022).[6]

## B

The FAC must be dismissed because it does not comply with Rule
8 of the Federal Rules of Civil Procedure.

Rule 8(a) provides that "[a] pleading that states a claim for relief
must contain . . . a short and plain statement of the claim showing that
the pleader is entitled to relief." Fed. R. Civ. 8(a)(2). Rule 8(d) provides
that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ.
P. 8(d)(1). As the Ninth Circuit explained in *McHenry v. Renne,* if a
plaintiff fails to set forth clearly allegations sufficient to provide
defendants with fair notice of what plaintiff's claims are and what relief
is being sought, the complaint fails to comply with Rule 8 and is subject
to dismissal. *See* 84 F.3d 1172, 1177–79 (9th Cir. 1996); *Nevijel v.
Northcoast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981). "The
propriety of dismissal for failure to comply with Rule 8 does not depend
on whether the complaint is wholly without merit." *McHenry*, 84 F.3d
at 1179.

The FAC violates Rule 8. It is 100 pages and contains 500
paragraphs.[7] In addition to the shear length of the FAC, it is difficult to

---

[6] To the extent that a dismissal with prejudice on this basis would
require the Court to first give notice to Plaintiff and provide her an
opportunity to be heard, *see Garcia*, 2023 WL 121970, at *2–3 (advising
litigant of failure to comply with Local Rules and allowing time to show
cause why sanction of dismissal should not be imposed), this Report and
Recommendation shall act as such notice and Plaintiff may present her
opposition to such a dismissal in responsive objections.

[7] The factual allegations in the FAC are generally unfocused and
confusing. They describe a perceived pattern of racial and gender

follow, digresses into bizarre tales, and generally fails to state with any specificity what acts by each defendant underly Plaintiff's discrete claims and how they amount to violations of the federal constitution and/or state law.  *See Jacob v. Trump*, No. 21-cv-00261-JD, 2021 WL 121189, \*1 (N.D. Cal. Jan. 13, 2021) (stating that "[t]he massive length of the complaint exponentially compounds its lack of clarity and readability"); *see also United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003) ("Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud.  Federal judges have better things to do, and the substantial subsidy of litigation (court costs do not begin to cover the expense of the judiciary) should be targeted on those litigants who take the preliminary steps to assemble a comprehensible claim.").

As was the case with the complaint at issue in *McHenry*, the FAC here "is argumentative, prolix, replete with redundancy, . . . largely irrelevant[, and] consists largely of immaterial background information."  84 F.3d at 1177.  "Prolix, confusing complaints such as the one[] [P]laintiff[] filed in this case impose unfair burdens on

---

discrimination by the collective defendants.  (ECF 15 at 14–45.)  On a motion to dismiss, all well-pleaded factual allegations are taken as true and are construed in the light most favorable to the plaintiff as the non-moving party.  *Keates v. Koile*, 883 F.3d 1228, 1234 (9th Cir. 2018); *see also Capp v. County of San Diego*, 940 F.3d 1046, 1052 (9th Cir. 2019).  Because the Court finds it difficult to discern the exact factual history underlying the FAC, the Court does not provide a summary of the factual allegations.  Moreover, because the Court finds that the factual allegations are not well-pleaded, as explained herein, they are not entitled to a presumption of truth.  *Iqbal*, 556 U.S. at 679 ("[P]leadings that . . . are no more than conclusions[ ] are not entitled to the assumption of truth.").

litigants and judges.  As a practical matter, the judge and opposing counsel, in order to perform their responsibilities, cannot use a complaint such as the one [P]laintiff[] filed, and must prepare outlines to determine who is being sued for what." *Id.* at 1179.  To thoroughly analyze such a complaint, a judge must "t[ake] a great deal of time away from more deserving litigants waiting in line." *Id.* at 1180.  Not only should such a complaint be dismissed pursuant to Rule 8, in aggravated circumstances, it may be dismissed with prejudice, particularly where, as here, the complaint is filed by an attorney, has previously been amended, and the amended complaint suffers from the same deficiencies as the original.  *Nevijel*, 651 F.2d at 674 (affirming dismissal of amended complaint that was "equally as verbose, confusing and conclusory as the initial complaint"); *Corcoran v. Yorty*, 347 F.2d 222, 223 (9th Cir. 1965) (affirming dismissal of second complaint that was "so verbose, confused and redundant that its true substance, if any, [was] well disguised").  The Court notes that not only has Plaintiff amended the complaint in this action, she also filed both an original complaint and an amended complaint in the related matter she filed in this Court.  *Kamath*, No. 2:23-cv-08979-JFW-DTB (ECF 1; ECF 23).  Yet, Plaintiff still has failed to bring her pleading into compliance with Rule 8.  At this stage, Plaintiff's failure to meet the pleading standard warrants dismissal with prejudice.

## C

The FAC may be dismissed for Plaintiff's failure to comply with Rule 10 of the Federal Rules of Civil Procedure.

Although Rolf M. Treu and Barbara Ann Meiers are identified as defendants in the body of the FAC (ECF 15 at 4, 25, 69, 72, 80, 86, 91, 98–99), Plaintiff does not name them in the caption (*id.* at 1).  Under

Rule 10, "[t]he title of the complaint must name all the parties . . . ." Fed. R. Civ. P. 10(a).  This includes an amended complaint.  *See McKinney v. County of Imperial*, No. CV 18-7198 JAK (FFM), 2019 WL 2194065, at *2 (C.D. Cal. Mar. 22, 2019) ("Under Federal Rule of Civil Procedure 10, the caption of a complaint, including an amended complaint, must name all parties."), *report and recommendation adopted*, No. CV 18-7198 JAK (FFM), 2019 WL 2192111 (C.D. Cal. May 21, 2019); *cf. Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) (recognizing that an amended pleading supersedes the original and affirming dismissal of action for failure to comply with court order after district court struck amended complaint for failing to name all defendants in caption and ordered plaintiff to file an amended pleading).  A complaint that does not comply with Rule 10 is subject to dismissal.  *See* C.D. Cal. L. R. 83-2.2.4 (*pro se* litigant's failure to comply with the Federal Rules of Civil Procedure "may be grounds for dismissal").

## D

The Judicial Defendants, Defendant Los Angeles County Sheriff, and the Defendants that are state agencies are immune from this action.

## 1

Plaintiff's claims against the Judicial Defendants and Defendant Sheriff are barred by judicial and quasi-judicial immunity.  These Defendants must be dismissed with prejudice.[8]

---

[8] Courts have addressed issues of judicial and quasi-judicial immunity under both 12(b)(1) or 12(b)(6).  *See, e.g.*, *Adams v. Comm. on Jud. Conduct & Disability*, 165 F. Supp. 3d 911, 917, 921–25 (N.D. Cal. 2016) (addressing judicial and quasi-judicial immunity under 12(b)(1)

Federal law provides both state and federal judges broad immunity from civil liability for their judicial acts. *See In re Castillo*, 297 F.3d 940, 947 (9th Cir. 2002), *as amended* (Sept. 6, 2002) (quoting *Burns v. Reed*, 500 U.S. 478, 499 (1991) (courts have "long recognized judicial immunity, a sweeping form of immunity for acts performed by judges that relate to the judicial process" (cleaned up)); *see also Lund v. Cowan*, 5 F.4th 964, 970–71 (9th Cir. 2021); *Moore v. Brewster*, 96 F.3d 1240, 1243–44 (9th Cir. 1996), *superseded by statute on other grounds*. "A judge will not be deprived of immunity because the action [she or] he took was in error, was done maliciously, or was in excess of [her or] his authority; rather, [she or] he will be subject to liability only when [she or] he has acted in the 'clear absence of all jurisdiction.'" *Mullis v. U.S. Bankr. Ct. for Dist. of Nev.*, 828 F.2d 1385, 1388 (9th Cir. 1987) (quoting *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978)). In fact, allegations that judicial decisions were "conditioned upon a conspiracy or bribery," including allegations that a judge entered into a conspiracy "to predetermine the outcome of a judicial proceeding, while clearly improper, nevertheless does not pierce the immunity extended to judges." *Ashelman v. Pope*, 793 F.2d 1072, 1078 (9th Cir. 1986) (*en banc*). Judicial immunity applies so long as "the judge's ultimate acts are judicial actions taken within the court's subject matter jurisdiction." *Id.*

"Judges are absolutely immune from civil liability for damages for their judicial acts." *Mullis*, 828 F.2d at 1388. Moreover, injunctive

standard); *Mahoney v. Holder*, 62 F. Supp. 3d 1215, 1219–21 (W.D. Wash. 2014) (addressing quasi-judicial immunity on motion to dismiss under 12(b)(6), *aff'd sub nom. Mahoney v. Sessions*, 871 F.3d 873 (9th Cir. 2017).

relief is not available under § 1983 against state judicial officers for actions taken in their judicial capacities.  *Moore v. Urquhart*, 899 F.3d 1094, 1104 (9th Cir. 2018) ("Section 1983 . . . provides judicial officers immunity from injunctive relief even when the common law would not.").  Declaratory relief also is foreclosed.  *Craig v. Villicana*, 676 F. App'x 716, 716 (9th Cir. 2017) (unpublished) (affirming district court's dismissal of complaint against state judge based on judicial immunity where plaintiff sought, in part, declaratory relief); *Rote v. Comm. on Jud. Conduct & Disability of Jud. Conf. of U.S.*, 577 F. Supp. 3d 1106, 1126 (D. Or. 2021) ("Judges[, including state judges,] are absolutely immune from liability for damages, declaratory relief, and generally for injunctive relief sought as a result of judicial acts performed in their judicial capacity."), *aff'd*, No. 22-35261, 2023 WL 6875413 (9th Cir. Oct. 18, 2023).

"Absolute judicial immunity is not reserved solely for judges, but extends to nonjudicial officers for 'all claims relating to the exercise of judicial functions.'" *In re Castillo*, 297 F.3d at 947 (quoting *Burns v. Reed*, 500 U.S. 478, 499 (1991) (Scalia, J., concurring in part and dissenting in part)).  Specifically, "[c]ourt clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process." *Mullis*, 828 F.2d at 1390.  Accordingly, absolute quasi-judicial immunity applies to Plaintiff's claims against Defendant Melissa Real, a deputy court clerk, for actions she took in her role as clerk.  *See Moore*, 899 F.3d at 1104 ("The judicial branch encompasses officials other than those with the title 'judge,' such as court clerks.").

Similarly, because Plaintiff names Defendant Los Angeles County Sheriff based on the duties of the Sheriff's Department to serve process

of court documents, Defendant Sheriff also enjoys quasi-judicial immunity.  "[P]ersons who faithfully execute valid court orders are absolutely immune from liability for damages in civil rights actions challenging conduct authorized by the order." *Coverdell v. Dep't of Soc. & Health Servs.*, 834 F.2d 758, 764 (9th Cir. 1987); *Munoz v. Kolender*, 208 F. Supp. 2d 1125, 1153 (S.D. Cal. 2002) ("an executing law enforcement official is protected by absolute quasi-judicial immunity from suit in 42 U.S.C. § 1983 actions when acting in furtherance of official duties and relying on a facially valid court order, oral or written" (citing *Roland v. Phillips*, 19 F.3d 552, 557 (11th Cir. 1994)).  Here, Plaintiff specifically alleges that she names Defendant Sheriff in his capacity as a process server and that he "was working under the direct supervision and instruction of DEFENDANT SCHULTZ and DEFENDANT SUPERIOR COURT – LOS ANGELES."  (ECF 15 at 55.) Because the FAC is largely incomprehensible, the Court is unable to determine under what type of order from the superior court Defendant Sheriff was allegedly operating.  Certainly, however, Plaintiff has not alleged any facts that would establish the order at issue was facially invalid.  Accordingly, Defendant Sheriff enjoys quasi-judicial immunity. *See Duenas v. Freitas*, No. C 13-0836 SBA, 2013 WL 3298249, at *5 (N.D. Cal. June 28, 2013) ("Plaintiffs allege only that service of the eviction notice was improper ostensibly because the foreclosure of the property and resulting unlawful detainer judgment were improper. Because the sole allegations against the Sheriff Defendants relate to its mandatory duty to enforce the Superior Court's Writ of Possession, they are entitled to absolute immunity from Plaintiffs' claims."); *see also Mansor v. Flores*, No. 5:23-CV-00486-MWF (MAA), 2023 WL 8870587, at *4 (C.D. Cal. Aug. 9, 2023) (collecting cases), *report and*

19

1  *recommendation adopted*, No. EDCV 23-486-MWF (MAA), 2023 WL

2  8870571 (C.D. Cal. Nov. 7, 2023).

3      Lastly, Defendant the California Commission on Judicial

4  Performance also enjoys immunity.  "These defendants have quasi-

5  judicial immunity because plaintiff[] complain[s] of acts performed that

6  had a 'sufficiently close nexus to the adjudicative process.'" *California*

7  *Coal. for Fams. & Child. v. San Diego Cnty. Bar Ass'n*, 657 F. App'x

8  675, 678–79 (9th Cir. 2016) (unpublished) (quoting *Burton v. Infinity*

9  *Capital Mgmt.*, 753 F.3d 954, 960 (9th Cir. 2014)) ("Additionally, we

10  affirm the district court's dismissal with prejudice of plaintiffs' claims

11  against the Commission on Judicial Performance and its

12  representatives acting in their official capacity.").

13  **2**

14      The FAC must be dismissed with prejudice as to the Judicial

15  Defendants, as well as Defendants California Commission on Judicial

16  Performance and State Bar of California, based on Eleventh

17  Amendment immunity.[9]

18      "The Eleventh Amendment prohibits federal courts from hearing

19  suits brought against an unconsenting state. . . .  Though its language

20  might suggest otherwise, the Eleventh Amendment has long been

21  construed to extend to suits brought against a state by its own citizens,

22  as well as by citizens of other states." *Brooks v. Sulphur Springs Valley*

23  *Elec. Coop.*, 951 F.2d 1050, 1053 (9th Cir. 1991) (internal citations

24  omitted).  In addition to barring suits where the state, itself, is named

25  as a defendant, the Eleventh Amendment bars suits against state

26  _____

27      [9] "A sovereign immunity defense is 'quasi jurisdictional' in nature

and may be raised in either a Rule 12(b)(1) or 12(b)(6) motion." *Sato v.*

28  *Orange Cnty. Dep't of Educ.*, 861 F.3d 923, 927 n.2 (9th Cir. 2017).

20

agencies, such as the California Court of Appeal, the Los Angeles County Superior Court, California Commission on Judicial Performance, Judicial Council of California, and State Bar of California. *See P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993); *see also Kohn v. State Bar of Cal.*, 87 F.4th 1021, 1037 (9th Cir. 2023) ("We see no reason to disturb our nearly forty-year-old determination that the California State Bar is an arm of the state and entitled to [Eleventh Amendment] immunity in federal court."), *cert. denied*, 144 S. Ct. 1465 (2024); *Wolfe v. Strankman*, 392 F.3d 358, 364 (9th Cir. 2004) ("Given the role of the [California] Judicial Council, it is clearly a state agency [for purposes of § 1983 liability]."), *overruled on other grounds by Munoz v. Superior Ct. of Los Angeles Cnty.*, 91 F.4th 977 (9th Cir. 2024); *Ricotta v. State of California*, 4 F. Supp. 2d 961, 976 (S.D. Cal. 1998) ("[A] suit against a state agency, in this case the Commission on Judicial Performance is considered to be a suit against the state and is also barred by the Eleventh Amendment."); *Pemstein v. California*, No. SACV 11-0016-JAK (MAN), 2012 WL 1144615, at *3 n.1 (C.D. Cal. Mar. 7, 2012) ("The California Courts of Appeal and Superior Courts are branches of the State of California . . . and are state agencies subject to Eleventh Amendment immunity."), *report and recommendation adopted*, No. SACV 11-00016-JAK (MAN), 2012 WL 1144612 (C.D. Cal. Apr. 3, 2012).  The Eleventh Amendment also bars actions against state judges for actions taken in their judicial capacity. *Munoz*, 91 F.4th at 981 ("state court judges cannot be sued in federal

court in their judicial capacity under the Eleventh Amendment," even for injunctive relief).[10]

## E

Defendants Jeffrey Brown, Yael Tobi, Jeffrey Czech, Coburn Thompson LP, Samantha Lamm, Tomas Ortiz, Lisa De Lorme, Daniel Medioni, William Jun, Alab News, Judiocracy LLC, and Edward Weingaus (Private Party Defendants)[11] are private individuals and organizations that are not subject to § 1983 liability.  These Private Party Defendants must be dismissed.

Generally, private parties are not acting under color of state law. *See Price v. Hawaii*, 939 F.2d 702, 707–08 (9th Cir. 1991).  "[P]rivate parties may act under color of state law when the state significantly involves itself in the private parties' actions and decisionmaking at issue," *Rawson v. Recovery Innovations, Inc.*, 975 F.3d 742, 753 (9th Cir. 2020), *cert. denied*, 142 S. Ct. 69 (2021), or when a "sufficiently close 'nexus'" makes private action "treat[able] as that of the [government entity] itself," *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982).

To the extent Plaintiff alleges federal violations against these defendants, she appears to allege that the Private Party Defendants conspired with state officials to deprive her of her rights.  (ECF 15 at 4,

---

[10] Although, under the doctrine of *Ex Parte Young*, the Eleventh Amendment would not bar claims for prospective equitable relief against state officials in their official capacity, *see Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 269 (1997), the Defendants that are state agencies cannot be named in an individual capacity and "[t]he *Ex Parte Young* exception 'does not normally permit federal courts to issue injunctions against state-court judges.'" *Munoz*, 91 F.4th at 980 (quoting *Whole Woman's Health v. Jackson*, 595 U.S. 30, 39 (2021)).

[11] As noted above, these Defendants have not been served timely.

6, 8–10, 13–14.)  In such cases of collusion, a private party is deemed to have acted under color of state law.  *See Tower v. Glover*, 467 U.S. 914, 920 (1984).  However, where a plaintiff alleges a private party conspired with state officers, the complaint must contain more than conclusory allegations.  *See Simmons v. Sacramento Cnty. Superior Ct.*, 318 F.3d 1156, 1161 (9th Cir. 2003) (conclusory allegations insufficient to consider a private party a state actor for purposes of § 1983).  "A mere allegation of conspiracy without factual specificity is insufficient." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988).  At best, Plaintiff's allegations of a conspiracy are conclusory, confusing, and untenable.  These are insufficient to support a finding that the Private Party Defendants acted under color of state law for purposes of § 1983 liability.

## F

Plaintiff's state law claims must be dismissed against all Defendants.

## 1

To the extent Plaintiff relies on pendent jurisdiction as the basis for presenting her state law claims in this federal court, her claims must be dismissed.  A federal district court "may exercise pendent jurisdiction over a claim arising under state law when: (1) the complaint asserts a valid claim arising under federal law; (2) the complaint asserts a claim arising under state law which shares 'a common nucleus of operative facts' with the federal claim; and (3) the state law claim is such that a plaintiff 'would ordinarily be expected to try them all in a single judicial proceeding.'"  *Grid Sys. Corp. v. Tex. Instruments Inc.*, 771 F. Supp. 1033, 1043 (N.D. Cal. 1991) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966)).

Here, considering the recommendation that all of Plaintiff's federal claims be dismissed, the Court should not exercise pendent jurisdiction over Plaintiff's state law claims against any Defendant. *Gini v. Las Vegas Metro. Police Dep't*, 40 F.3d 1041, 1046 (9th Cir. 1994) ("When . . . the court dismisses the federal claim leaving only state claims for resolution, the court should decline jurisdiction over the state claims and dismiss them without prejudice." (quoting *Les Shockley Racing v. Nat'l Hot Rod Ass'n*, 884 F.2d 504, 509 (9th Cir. 1989) (alterations in original))).

**2**

To the extent Plaintiff relies on diversity jurisdiction as the basis for presenting her state law claims (ECF 15 at 14), her claims still must be dismissed.  Plaintiff states that she is a "resident" of Arizona.  (*Id.*) "But the diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency."  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).  "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state."  *Id.*  Importantly, on the civil cover sheet, Plaintiff did not select diversity as a basis for jurisdiction of this action and, although she lists Mohave, AZ as her county of residence, she does not identify her state of citizenship.  (ECF 2 at 1.)  In addition, Plaintiff has provided to the Court only an address in Menlo Park, CA.  (*Id.*; ECF 1 at 1; ECF 15 at 1.)  "Since the party asserting diversity jurisdiction bears the burden of proof, . . . [Plaintiff]'s failure to specify [her] state citizenship [i]s fatal to [her] assertion of diversity jurisdiction."  *Kanter*, 265 F.3d at 857–58 (internal citation omitted).  Although Plaintiff may be able to cure this deficiency, because this action must be dismissed against all

1   Defendants for the reasons stated herein, leave to amend to cure any

2   deficiency regarding diversity jurisdiction is not warranted.

3                                    **G**

4          In fact, no leave to amend is warranted in this action.  Generally,

5   courts should "freely give leave [to amend] when justice so requires."

6   Fed. R. Civ. P. 15(a)(2).  In considering whether leave to amend should

7   be granted, courts consider "bad faith, undue delay, prejudice to the

8   opposing party, futility of the amendment, and whether the party has

9   previously amended his pleadings."  *Waldrip v. Hall*, 548 F.3d 729, 732

10  (9th Cir. 2008) (quoting *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir.

11  1995)).  "Futility of amendment can, by itself, justify the denial of a

12  motion for leave to amend."  *Bonin*, 59 F.3d at 845; *see also Scott v.*

13  *Baldwin*, 225 F.3d 1020, 1023 n.7 (9th Cir. 2000).

14         For the reasons outlined above, this action should be dismissed

15  with prejudice for Plaintiff's bad-faith failure to comply with Local Rule

16  83-1.3.1 and her engagement in judge-shopping.  These issues cannot be

17  cured through amendment.  Moreover, despite a previous complaint

18  amendment in this action and her previously filed related action,

19  Plaintiff still has been unable to comply with Rule 8's pleading

20  standard.  At this stage, Plaintiff, a practicing attorney, is not entitled

21  to an additional opportunity to amend.  Moreover, all the Defendants

22  that Plaintiff has served must be dismissed with prejudice based on

23  judicial, quasi-judicial, and Eleventh Amendment immunity.  This

24  deficiency cannot be cured by amendment.  Finally, although Plaintiff

25  might be able to amend sufficiently her complaint with respect to the

26  issues of state action on the part of the Private Party Defendants and

27  diversity jurisdiction over her state law claims, leave to amend is not

28  warranted here given the totality of Plaintiff's conduct in prosecuting

                                    25

her actions in this Court, including her blatant violations of the Local Rules and judge-shopping.  Importantly, amendment would potentially save her complaint only with respect to the Private Party Defendants, but Plaintiff has not shown that she has so much as served these Defendants despite nine months having passed since she filed the original complaint and four months since she filed the FAC.[12]

---

[12] Because the Court recommends that this entire action be dismissed with prejudice for the reasons discussed herein, it does not address Defendants' argument that Plaintiff has not pleaded compliance with the California Government Claims Act (CGCA) (ECF 18-1 at 20–21), as dismissal on this basis would warrant dismissal only as to Plaintiff's state law claims against state-actor defendants and, even then, would result in dismissal with leave to amend to allow Plaintiff to correct the pleading deficiency.  When a plaintiff brings a pendent state law claim seeking damages against a California entity, or an employee acting within the scope of employment, relief cannot be granted unless the plaintiff first gives the state an opportunity to pay the claim using the claims-presentation requirement of the CGCA (Cal. Gov't Code § 810 et seq.).  *See* Cal. Gov't Code § 945.4 ("[N]o suit for money or damages may be brought against a public entity . . . until a written claim therefor has been presented to the public entity and has been acted upon by the board, or has been deemed to have been rejected by the board . . . ."); Cal. Gov't Code § 950.2 (Law Revision Comm'n Comment to 1965 Amend.) ("[t]his amendment makes it clear that suit against a public employee or former employee is barred when a suit against the entity is barred" by the presentation requirement); *Mabe v. San Bernardino Cnty., Dept. of Pub. Soc. Serv.*, 237 F.3d 1101, 1111 (9th Cir. 2001) (California Tort Claims Act requires "the timely presentation of a written claim and the rejection of the claim in whole or in part" as a condition precedent to filing suit (internal quotation omitted)).  "Where compliance with the [CGCA] is required, the plaintiff must allege compliance or circumstances excusing compliance, or the complaint is subject to general demurrer." *Mangold v. Cal. Pub. Util. Comm'n*, 67 F.3d 1470, 1477 (9th Cir. 1995) (internal quotation omitted).  Here, as the moving Defendants rightly contend, Plaintiff has not pleaded compliance with the CGCA.

# RECOMMENDATION

For the reasons above, IT IS RECOMMENDED that the District Judge issue an Order: (1) accepting and adopting this Report and Recommendation; (2) granting Judicial Defendants' motion to dismiss; and (3) directing that Judgment be entered dismissing this action with prejudice.

DATED: September 5, 2024

_____

HONORABLE STEPHANIE S. CHRISTENSEN
UNITED STATES MAGISTRATE JUDGE